IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ) ) ) Plaintiff, ) ) v. ) ) BOLLINGER SHIPYARDS, LLC ) ) Defendant. ) ) ) | CIVIL ACTION NO. 1:25cv288 TBM-RPM <br><br> <u>COMPLAINT</u> <br> <u>JURY TRIAL DEMAND</u> |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 against Defendant Bollinger Shipyards, LLC. This action is brought to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Keely Senseney ("Charging Party"). As alleged with greater particularity in Paragraphs 11-63 below, the United States Equal Employment Opportunity Commission alleges that Defendant unlawfully excluded Charging Party from work on the basis of her disability.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §

1

12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1), (3).

4. At all relevant times, Defendant has been doing business in the State of Mississippi and the City of Pascagoula and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §§ 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On July 9, 2025, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On July 30, 2025, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

11. Since at least April 2024, Defendant has engaged in unlawful employment practices in Pascagoula, Mississippi, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. §§ 12112(a).

12. Charging Party is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

13. Charging Party has an impairment, opioid dependency, that substantially limits major life activities.

14. Charging Party has a record of an impairment, opioid dependency, that substantially limits major life activities.

15. Defendant regarded Charging Party as having a disability by placing her on involuntary indefinite unpaid leave because of an actual or perceived impairment.

16. To treat her opioid dependency, Charging Party takes a medication.

17. Charging Party's use of her medication to treat her opioid dependency is prescribed and legal.

18. Without her medication, Charging Party would suffer fatigue, body aches, chills, nausea, and cravings.

19. On or around February 21, 2024, Charging Party began to work for Defendant as a shipfitter.

20. Charging Party performed her duties in a safe and competent manner throughout her work for Defendant.

21. Charging Party is able to perform the essential function of the job of shipfitter with or without an accommodation.

22. On or around March 7, 2024, Charging Party disclosed her prescribed, legal use of a medication to treat her opioid dependency to Defendant.

23. After Charging Party's disclosure, Defendant placed Charging Party on involuntary indefinite unpaid leave on or around April 12, 2024.

24. Defendant placed Charging Party on involuntary indefinite unpaid leave pursuant to its prohibition against employees working what Defendant categorizes as safety-sensitive positions while taking the medication used by Charging Party.

25. Defendant placed Charging Party on involuntary indefinite unpaid leave on the basis of her use of her medication to treat her disability of opioid dependency.

26. Defendant placed Charging Party on involuntary indefinite unpaid leave on the basis of her disability.

27. Before it would allow Charging Party to return to work, Defendant required Charging Party to undergo a fitness-for-duty examination by Occupational Health Center (OHC) in Pascagoula, Mississippi.

28. OHC determined that Charging Party was fit for work as a shipfitter.

29. Despite OHC's determination, Defendant refused to allow Charging Party to return to work.

30. Instead, Defendant sought a second medical opinion from Family Medical Services (FMS), a business located in Cut Off, Louisiana.

31. FMS reviewed Charging Party's medical records and job description.

32. FMS assessed that Charging Party posed a safety risk by working as a shipfitter while taking her medication to treat her opioid dependency.

33. Based on FMS's assessment, Defendant excluded Charging Party from work unless she agreed to stop taking her medication to treat her opioid dependency.

34. Defendant continues to exclude Charging Party from work because she still takes her medication to treat her opioid dependency.

## COUNT I: DISPARATE TREATMENT BASED ON ACTUAL DISABILITY

35. Plaintiff hereby incorporates and realleges Paragraphs 11-34 as though fully set forth herein.

36. Charging Party is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

37. Charging Party has an impairment, opioid dependency, that substantially limits major life activities if left untreated.

38. Defendant discriminated against Charging Party on the basis of disability by excluding her from work on the basis of her opioid dependency.

39. The effect of the practices complained of in Paragraphs 35-38 above has been to deprive Charging Party of equal employment opportunities and otherwise affect her status as an employee on the basis of her disability.

40. The unlawful employment practices complained of in Paragraphs 35-38 above were intentional.

41. The unlawful employment practices complained of in Paragraphs 35-38 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## COUNT II: DISPARATE TREATMENT BASED ON "RECORD OF" DISABILITY

42. Plaintiff hereby incorporates and realleges Paragraphs 11-34 as though fully set forth herein.

43. Charging Party is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

44. Charging Party has a record of an impairment, opioid dependency, that substantially limits major life activities.

45. Defendant discriminated against Charging Party on the basis of disability by excluding her from work on the basis of her record of opioid dependency.

46. The effect of the practices complained of in Paragraphs 42-45 above has been to deprive Charging Party of equal employment opportunities and otherwise affect her status as an employee on the basis of her disability.

47. The unlawful employment practices complained of in Paragraphs 42-45 above were intentional.

48. The unlawful employment practices complained of in Paragraphs 42-45 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## COUNT III: DISPARATE TREATMENT BASED ON "REGARDED AS" DISABILITY DISCRIMINATION

49. Plaintiff hereby incorporates and realleges Paragraphs 11-34 as though fully set forth herein.

50. Charging Party is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

51. Defendant regarded Charging Party as having a disability.

52. Defendant discriminated against Charging Party on the basis of disability by excluding her from work on the basis of an actual or perceived impairment.

53. The effect of the practices complained of in Paragraphs 49-52 above has been to deprive Charging Party of equal employment opportunities and otherwise affect her status as an employee on the basis of her disability.

8

54. The unlawful employment practices complained of in Paragraphs 49-52 above were intentional.

55. The unlawful employment practices complained of in Paragraphs 49-52 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## COUNT IV: DISPARATE TREATMENT BASED ON UNLAWFUL QUALIFICATION STANDARD

56. Plaintiff hereby incorporates and realleges Paragraphs 11-34 as though fully set forth herein.

57. Defendant prohibits employees from working in positions it categorizes as safety-sensitive while taking the medication used by Charging Party.

58. This prohibition constitutes an unlawful qualification standard.

59. Defendant subjected Charging Party to this prohibition when it excluded her from work.

60. Defendant subjected Charging Party to this prohibition despite having no evidence of safety or performance issues caused by Charging Party's use of her medication.

61. The effect of the practices complained of in Paragraphs 56-60 above has been to deprive Charging Party of equal employment opportunities and otherwise affect her status as an employee on the basis of her disability.

62. The unlawful employment practices complained of in Paragraphs 56-60 above were intentional.

63. The unlawful employment practices complained of in Paragraphs 56-60 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its owners, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals regardless of disability and which eradicate the effects of past and present unlawful employment practices.

C. Order Defendant to make Charging Party whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Defendant to make Charging Party whole by providing compensation for any past and future pecuniary losses, including medical expenses and job search expenses, if any, resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.  Order Defendant to make Charging Party whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay Charging Party punitive damages for its malicious and reckless conduct in amounts to be determined at trial.

G.  Order Defendant to provide Charging Party appropriate equitable relief in the form of reinstatement and/or an appropriate award of front pay.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Andrew B. Rogers
Acting General Counsel

Christopher Lage
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

*/s/ Marsha Lynn Rucker*
Marsha Lynn Rucker (PA 90041)
Regional Attorney
marsha.rucker@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 651-7045