IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

VS.                                                                    CIVIL ACTION NO.: 1:25-CV-288

BOLLINGER SHIPYARDS, LLC

ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Bollinger Shipyards, LLC ("Defendant" or "Bollinger"), submits this Answer and Affirmative Defenses to the Complaint filed by Plaintiff, the Equal Employment Opportunity Commission (EEOC), on behalf of Keely Senseney ("Senseney" or "Charging Party"). Defendant denies each and every allegation contained in the Complaint, except those which are expressly admitted, and further states the following:

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted, in whole or in part.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, and may also be barred, in whole or in part, by applicable administrative requirements.

THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to properly plead all of its claims in accordance with Fed. R. Civ. P. 8(a).

FOURTH AFFIRMATIVE DEFENSE

Defendant pleads the defenses of good faith and honest belief.

FIFTH AFFIRMATIVE DEFENSE

Defendant pleads all damages caps, including those that are statutory and those applicable to requests for punitive and compensatory damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by her failure to administratively exhaust remedies.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendants upon which an award of compensatory and/or punitive damages can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

While denying Plaintiff is entitled to punitive damages, Defendant affirmatively pleads that an award of punitive damages would violate the Mississippi and U.S. Constitutions.

## NINTH AFFIRMATIVE DEFENSE

Defendant is entitled to a credit and offset for any damages awarded to Plaintiff in an amount equal to any earnings the Charging Party may have received in the interim between her last day of work and the time of trial.

## TENTH AFFIRMATIVE DEFENSE

Defendant pleads estoppel, both equitable and judicial, as well as the defenses of collateral estoppel, res judicata, waiver, laches, and privilege.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant acted in good faith at all times in its conduct toward the Charging Party, and Charging Party's own actions, or the actions of a third party for whom Defendant is not responsible, were the proximate or superseding cause of any damages the Charging Party may have sustained. Defendant invokes all applicable contribution, comparative fault, setoff, and assumption of risk principles.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant is entitled to an award of attorney's fees because this action is frivolous and was brought in bad faith.

**THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent that the Charging Party has failed to comply with her duty to mitigate her claims of damages, her entitlement to which is expressly denied, such damages must be reduced.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Employment decisions regarding the Charging Party were based on legitimate business reasons and reasonable non-discriminatory factors other than the Charging Party's alleged disability status, and as a result, do not implicate the ADA or any other employment discrimination law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts all applicable defenses available under the Americans with Disabilities Act and any other civil rights statute that may be read as implicated by the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant affirmatively denies that the Charging Party sustained any damages as alleged in Plaintiff's Complaint and denies that Plaintiff or the Charging Party are entitled to any damages whatsoever from Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant affirmatively avers that Plaintiff cannot establish a prima facie case of disability discrimination under the ADA.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant states that employment criteria or standards applied to Charging Party's employment, if any, were job related and consistent with business necessity.

### NINETEENTH AFFIRMATIVE DEFENSE

The Charging Party is not disabled, does not have a record of disability, and was not regarded as disabled under the ADA

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this Answer and to assert additional Affirmative Defenses that become applicable to Plaintiff's claims through further investigation and discovery.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks statutory standing to pursue claims beyond the scope of the Charging Party's Charge filed with the EEOC.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant affirmatively pleads the eligibility, notice, and other requirements of the Americans with Disabilities Act ("ADA").

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants affirmatively aver that their reasons for the employment actions concerning Plaintiff were not a pretext for discrimination and Plaintiff cannot establish pretext.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that the alleged complained of conduct is not sufficiently severe or pervasive to support Plaintiff's claims or demand for damage and that Plaintiff did not suffer any adverse employment actions during her employment.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that all actions toward the Charging Party before and during her employment with Defendants have been taken in good faith, with rational basis, and without any discriminatory or wrongful intent whatsoever. Defendant further avers that it has not breached

any obligations or duties allegedly owed to Plaintiff, to the extent any exist, which is denied, under applicable laws and regulations.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that at all times pertinent to the claims in Plaintiff's Complaint, Defendant had adequate workplace policies with respect to equal employment opportunities in the workplace, discrimination, and harassment, and that these policies provided avenues through which aggrieved employees might make complaints of alleged harassment, discrimination, or retaliation.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that it exercised reasonable care to prevent any alleged discriminatory conduct and to promptly correct and eliminate it when it might occur; further, the Charging Party failed to exercise reasonable care to take advantage of Defendant's preventative and corrective safeguards and to otherwise prevent alleged harm that could have been avoided.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that it is not liable for any intentional act of any employees if such acts are outside the course and scope of their employment.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant would show that Plaintiff's claims may be barred in whole or in part by the after-acquired evidence doctrine and Defendant is entitled to the protections of the after-acquired evidence doctrine, concerning any evidence discovered during this proceeding for which Defendant would have discharged Plaintiff on account of, had it been known. Further, to the extent that Plaintiff in the unlikely event is found legally entitled to any damages, the doctrine of after-acquired evidence bars any recovery by Plaintiff against Defendants.

**THIRTIETH AFFIRMATIVE DEFENSE**

Defendant affirmatively denies that they or any of their employees discriminated against the Charging Party.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Defendant affirmatively avers that Plaintiff and the Charging Party are not entitled to any legal, equitable, declaratory, or monetary relief, including, but not limited to, compensatory damages, back pay, front pay, employment benefits, expenses, interest, punitive damages, liquidated damages, costs, and attorney's fees and that Plaintiff and the Charging Party are not entitled to any other relief from Defendant.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Defendant affirmatively avers that Plaintiff cannot satisfy the elements necessary to establish vicarious liability and/or respondeat superior liability for any actions allegedly committed by Defendant's employee(s) on the grounds that if such actions alleged occurred (which is expressly denied), they were not done in the course and scope of said employee's employment.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Defendant affirmatively denies that it, or any other agents or assignees, ever engaged in a pattern or practice of discrimination based on disability with respect to the Charging Party.

**ANSWER**

Without waiving any affirmative defenses, Defendant responds to the specific numbered paragraphs of the Plaintiff's Complaint as follows:

No response is required to the first unnumbered paragraph beneath the heading "Nature of the Action," which begins with the phrase "This is an action under Title I of the Americans with Disabilities Act" and ending with "on the basis of her disability." To the extent a response is required, Defendant denies each and every allegation contained in this unnumbered paragraph. It

is specifically denied that Defendant "engaged in unlawful employment practices on the basis of disability" and that "Defendant unlawfully excluded Charging Party from work on the basis of her disability."

## JURISDICTION AND VENUE

1. Defendant admits that jurisdiction is proper in this Court.

2. Defendant denies the allegations contained in Paragraph 2, except to admit that venue is proper in this Court.

## PARTIES

3. Paragraph 3 of the Complaint contains statements regarding Plaintiff which do not require a response from Defendant.

4. The allegations contained in Paragraph 4 of the Complaint are admitted.

5. The allegations contained in Paragraph 5 of the Complaint are admitted.

6. The allegations contained in Paragraph 6 of the Complaint are admitted.

## ADMINISTRATIVE PROCEDURES

7. The allegations contained in Paragraph 7 of the Complaint are admitted.

8. The allegations contained in Paragraph 8 of the Complaint are admitted to the extent that the EEOC issued Defendant a Letter of Determination finding reasonable cause and invited Defendant to engage in informal methods of conciliation. All other allegations contained in Paragraph 8 of the Complaint are denied.

9. The allegations contained in Paragraph 9 of the Complaint are denied as stated. It is admitted that the EEOC issued Defendant a Notice of Failure of Conciliation.

10. The allegations contained in Paragraph 10 of the Complaint are denied.

## STATEMENT OF FACTS

11. The allegations contained in Paragraph 11 are denied.

12. Paragraph 12 of the Complaint contains legal conclusions which do not require a response from Defendant. To the extent that a response is required, the allegations contained in Paragraph 12 of the Complaint are denied.

13. The allegations contained in Paragraph 13 of the Complaint constitute legal conclusions which do not require a response from Defendant. To the extent that a response is required, the allegations contained in Paragraph 13 of the Complaint are denied.

14. Paragraph 14 of the Complaint contains legal conclusions which do not require a response from Defendant. To the extent that a response is required, the allegations contained in Paragraph 14 of the Complaint are denied.

15. Paragraph 15 of the Complaint contains legal conclusions which do not require a response from Defendant. To the extent that a response is required, the allegations contained in Paragraph 15 of the Complaint are denied.

16. The allegations contained in Paragraph 16 of the Complaint are denied for lack of sufficient knowledge to form a belief therein.

17. The allegations contained in Paragraph 17 of the Complaint are denied for lack of sufficient knowledge to form a belief therein.

18. The allegations contained in Paragraph 18 of the Complaint are denied for lack of sufficient knowledge to form a belief therein.

19. The allegations contained in Paragraph 19 of the Complaint are admitted.

20. The allegations contained in Paragraph 20 of the Complaint are denied.

21. The allegations contained in Paragraph 21 of the Complaint are denied.

22. The allegations contained in Paragraph 22 are denied as stated. The Charging Party disclosed to Defendant that she was taking a synthetic opioid. Synthetic opioids are controlled substances that act on the same targets in the brain as natural opioids. Some

common side effects of synthetic opioids include dizziness, being feint or lightheaded, sedation, confusion, drowsiness, and others that can impact an individual's motor functions and can produce the same effects as a narcotic. The Charging Party was employed by Defendant as a ship fitter. Ship fitters have safety sensitive duties such as operating heavy material, tools, and equipment. Because the synthetic opioid that the Charging Party was taking could have negatively impacted her ability to safely perform safety sensitive duties such that she could have injured herself or others, Defendant requested that the Charging Party wean herself off of the medication and accommodated her by not only giving her as much time as she needed to wean herself off the medication but also even offered to financially support her if she wanted to pursue any formal treatment program. To date, it is Defendant's belief that Charging Party has refused both to wean herself off the medication or made any request to pursue a formal treatment program.[1]

23. The allegations contained in Paragraph 23 of the Complaint are denied as stated. In addition, see Defendant's response to Paragraph 22.

24. The allegations contained in Paragraph 24 of the Complaint are denied. In addition, see Defendant's response to Paragraph 22.

25. The allegations contained in Paragraph 25 of the Complaint are denied. In addition, see Defendant's response to Paragraph 22.

26. The allegations contained in Paragraph 26 of the Complaint are denied. In addition, see Defendant's response to Paragraph 22.

---

[1] Defendant has not named the specific medication in this pleading that the Charging Party disclosed to Defendant out of respect for the Charging Party's privacy.

27. The allegations contained in Paragraph 27 of the Complaint are denied as stated. In addition, see Defendant's response to Paragraph 22.

28. The allegations contained in Paragraph 28 of the Complaint do not pertain to Defendant and therefore do not require a response from Defendant. To the extent that a response is required, the allegations are denied for lack of sufficient information to form a belief therein

29. The allegations contained in Paragraph 29 of the Complaint are denied as stated. In addition, see Defendant's response to Paragraph 22.

30. The allegations contained in Paragraph 30 of the Complaint are denied as stated.

31. The allegations contained in Paragraph 31 of the Complaint do not concern Defendant and therefore do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations for lack of sufficient information to form a belief therein.

32. The allegations contained in Paragraph 32 of the Complaint do not concern Defendant and therefore do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations for lack of sufficient information to form a belief therein.

33. The allegations contained in Paragraph 33 of the Complaint are denied as stated. In addition, see Defendant's response to Paragraph 22.

34. The allegations contained in Paragraph 34 of the Complaint are denied as stated. In addition, see Defendant's response to Paragraph 22.

## COUNT I: DISPARATE TREATMENT BASED ON ACTUAL DISABILITY

35. The allegations contained in Paragraph 35 of the Complaint do not require a response. However, to the extent a response is required, Defendant reasserts and realleges its defenses and responses above to Paragraphs 1 through 34.

36. Paragraph 36 of the Complaint calls for a legal conclusion and therefore does not require a response from Defendant. To the extent that a response is required, all allegations contained in Paragraph 36 of the Complaint are denied.

37. Paragraph 37 of the Complaint calls for a legal conclusion and therefore does not require a response from Defendant. To the extent that a response is required, all allegations contained in Paragraph 37 of the Complaint are denied for lack of sufficient information to form a belief therein.

38. The allegations contained in Paragraph 38 constitute a legal conclusion and therefore do not require a response from Defendant. To the extent a response is required, all allegations are denied. In addition, see Defendant's response to Paragraph 22.

39. The allegations contained in Paragraph 39 of the Complaint are denied.

40. The allegations contained in Paragraph 40 of the Complaint are denied.

41. The allegations contained in Paragraph 41 of the Complaint are denied.

## COUNT II: DISPARATE TREATMENT BASED ON "RECORD OF" DISABILITY

42. The allegations contained in Paragraph 42 of the Complaint do not require a response. However, to the extent a response is required, Defendant reasserts and realleges its defenses and responses above to Paragraphs 1 through 41.

11

43. The allegations contained in Paragraph 43 of the Complaint call for legal conclusions and therefore do not require a response from Defendant. To the extent that a response is required, all allegations in Paragraph 43 of the Complaint are denied.

44. The allegations contained in Paragraph 44 of the Complaint call for legal conclusions and therefore do not require a response from Defendant. To the extent that a response is required, all allegations in Paragraph 44 of the Complaint are denied.

45. The allegations contained in Paragraph 45 of the Complaint are denied.

46. The allegations contained in Paragraph 46 of the Complaint are denied.

47. The allegations contained in Paragraph 47 of the Complaint are denied.

48. The allegations contained in Paragraph 48 of the Complaint are denied.

### COUNT III: DISPARATE TREATMENT BASED ON "REGARDED AS" DISABILITY DISCRIMINATION

49. The allegations contained in Paragraph 49 of the Complaint do not require a response. However, to the extent a response is required, Defendant reasserts and realleges its defenses and responses above to Paragraph 1 through 48.

50. Paragraph 50 of the Complaint contains legal conclusions which do not require a response from Defendants. To the extent that a response is required, all allegations contained in Paragraph 50 of the Complaint are denied.

51. Paragraph 51 of the Complaint contains legal conclusions which do not require a response from Defendants. To the extent that a response is required, all allegations contained in Paragraph 51 of the Complaint are denied.

52. The allegations contained in Paragraph 52 of the Complaint are denied.

53. The allegations contained in Paragraph 53 of the Complaint are denied.

54. The allegations contained in Paragraph 54 of the Complaint are denied.

55. The allegations contained in Paragraph 55 of the Complaint are denied.

## COUNT IV: DISPARATE TREATMENT BASED ON UNLAWFUL QUALIFICATION STANDARD

56. The allegations contained in Paragraph 56 of the Complaint do not require a response. However, to the extent a response is required, Defendant reasserts and realleges its defenses and responses above to Paragraphs 1 through 55.

57. The allegations contained in Paragraph 57 of the Complaint are denied as stated. In addition, see Defendant's response to Paragraph 22.

58. The allegations contained in Paragraph 58 constitute legal conclusions that do not require a response from Defendant. To the extent that a response is required, all allegations in Paragraph 58 of the Complaint are denied.

59. The allegations contained in Paragraph 59 of the Complaint are denied.

60. The allegations contained in Paragraph 60 of the Complaint are denied.

61. The allegations contained in Paragraph 61 of the Complaint are denied.

62. The allegations contained in Paragraph 62 of the Complaint are denied.

63. The allegations contained in Paragraph 63 of the Complaint are denied.

## PRAYER FOR RELIEF

The allegations contained in the Paragraphs beneath the heading "Prayer for Relief" and beginning "Wherefore, the Commission respectfully requests that this Court:" and including each of its nine (9) sub-paragraphs, (A) through (I), contain Plaintiff's prayer for relief which requires no response on behalf of Defendant. However, to the extent a response is required, Defendant denies each and every allegation contained in Plaintiff's prayer for relief and further expressly denies that Defendant violated federal law. Defendant further denies that Plaintiff is entitled to any judgment or relief in this lawsuit or as requested in the prayer for relief in connection with the claims and damages advanced in this lawsuit.

**JURY TRIAL DEMAND**

The unnumbered paragraph stating "The Commission requests a jury trial on all questions of fact raised by its Complaint" is Plaintiff's jury demand and does not require a response on behalf of Defendant. However, to the extent that a response is required, Defendant expressly denies that Defendant has violated federal law and expressly denies that Plaintiff is entitled to any relief whatsoever.

Consistent with the answer and affirmative defenses set forth herein, Defendant, Bollinger Shipyards, LLC, respectfully requests this Court dismiss Plaintiff's Complaint and award Defendant costs, expenses, attorney's fees, and any other relief that is warranted or that the Court deems proper.

THIS the 13th day of January, 2026.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: /s/ Mark Fijman

Mark Fijman (MS Bar #99153)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504 566 1311
Facsimile: 504 568 9130
Email: fijmanm@phelps.com

**ATTORNEY FOR DEFENDANT
BOLLINGER SHIPYARDS, LLC**