Last Updated: Jan 2022

Form 1 (ND/SD miss. jan 2022)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**Equal Employment Opportunity Commission**                                              **PLAINTIFF**

v.

**CIVIL ACTION NO.  1:25-cv-00288-TBM-RPM**

**Bollinger Shipyards, LLC**                                              **DEFENDANT**

# CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

IT IS HEREBY ORDERED:

1.  ESTIMATED DAYS OF TRIAL:                      3-5

    ESTIMATED TOTAL NUMBER OF WITNESSES:     9-12 non-expert

    EXPERT TESTIMONY EXPECTED:  Yes        NO. OF EXPERTS:        6

    The parties expect to retain one medical expert each and to collectively designate four additional medical professionals who are not retained or specially employed to provide expert testimony.

2.  ALTERNATIVE DISPUTE RESOLUTION [ADR]. (Pick one)

    Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

    A mediation or settlement conference could be productive after some discovery and upon the Court's resolution of any motion for summary judgment.

3.  CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE. (Pick one)

    The parties do not consent to trial by a United States Magistrate Judge.

FORM 1 (ND/SD MISS. JAN 2022)

**4. DISCLOSURE.** (Pick one)

The following additional disclosure is needed and is hereby ordered:

Initial disclosures due by February 20, 2026.

**5. MOTIONS; ISSUE BIFURCATION.** (Pick one)

Staged resolution/bifurcation of the trial issues will not assist in the prompt resolution of this action.

Early filing of the following motion(s) might significantly affect the scope of discovery or otherwise expedite the resolution of this action:

The parties are continuing to consider whether it would be helpful to file early cross-motions for summary judgment. Plaintiff's motion would address the legality of a policy that categorically excludes suboxone users from working as a shipfitter. Defendant's motion would address whether, as a matter of law, an employer can lawfully restrict an employee who is taking legally prescribed suboxone from performing the position of shipfitter under the ADA.

**6. DISCOVERY PROVISIONS AND LIMITATIONS.**

A.      Interrogatories are limited to  25      succinct questions.

B.      Requests for Production are limited to ___35___ succinct questions.

C.      Requests for Admissions are limited to ___25___ succinct questions.

D.      Depositions are limited to the parties, experts, and no more than

___8___ fact witness depositions per party without additional approval of the Court.

FORM 1 (ND/SD MISS. JAN 2022)

**E.**     The parties have complied with the requirements of Local Rule 26(f)(2)(B) regarding discovery
of electronically stored information and have concluded as follows:

The parties have concluded that potentially relevant ESI may be discoverable and must be
preserved. Each party represents that it has taken efforts to ensure proper protections are in
place to prevent the deletion or destruction of ESI potentially relevant to this matter. Defendant
will have its Information Technology department run an initial set of 5 search terms over the
Office 365 files (including email inboxes) for 3 custodians currently agreed to by the parties.
Defendant will provide those "hit reports" to Plaintiff. The parties will thereafter continue to
discuss appropriate ESI custodians and search methodologies in good faith. The parties have
agreed to continue conferring about ESI discovery as this case progresses.

**F.**   The court imposes the following further discovery provisions or limitations:

☐    1. The parties have agreed that defendant may obtain a Fed.R.Civ. P. 35 (L.U.Civ.R. 35) medical examination of the
plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may
arrange the examination without further order of the court. The examination must be completed in time to comply
with expert designation discovery deadlines.

☑    2. Pursuant to FED.R.EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any
disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other
federal or state proceeding.

☑    3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

☑    4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal
discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so.
Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by Fed.
R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the
magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B)
(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery
motion.

☑    5. Other:

Defendant anticipates requesting a Rule 35 medical examination of the Charging Party. The
EEOC does not oppose a properly limited Rule 35 medical examination. However, the EEOC wishes to
reserve the right to seek appropriate limits on the time, place, manner, condition, and scope of such
examination, as well as the person who will perform it. See Fed. R. 35(a)(2)(B); L.U. Civ. R. 35.

FORM 1 (ND/SD MISS. JAN 2022)

The parties have agreed to enter into a protective order to facilitate discovery and govern certain categories of information, including the Charging Party's medical information and certain trade secret or other confidential research, development, or commercial information of Defendant. The parties have also agreed to enter into a claw back order to govern the process by which the parties will proceed in the event that either party produces privileged documents. The parties are engaging in good faith discussions regarding the particulars of these orders.

7. **SCHEDULING DEADLINES**

   A. **Trial.**  This action is set for __JURY TRIAL__ during a __four-week__ term of court

   beginning on: __March 1, 2027__, at __9:00__, __a.m.__, in __Gulfport__,

   Mississippi, before United States __District__ Judge __Taylor B. McNeel__.

   THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS __3-5__. ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.**  The pretrial conference is set on: __February 9, 2027__, at __10:00__, __a.m.__,

   in __Gulfport__, Mississippi, before United States __District__

   Judge __Taylor B. McNeel__.

   C. **Discovery.**  All discovery must be completed by: __September 9, 2026__.

   D. **Amendments.**  Motions for joinder of parties or amendments to the pleadings must be

   filed by: __March 12, 2026__.

   E. **Experts.**   The parties' experts must be designated by the following dates:

   **1.** Plaintiff(s): __June 8, 2026__.

   **2.** Defendant(s): __July 8, 2026__.

FORM 1 (ND/SD MISS. JAN 2022)

**8. MOTIONS.** All dispositive motions and *Daubert*-type motions challenging another party's expert

must be filed by: September 23, 2026            .The deadline for motions *in limine* is twenty-one (21)
calendar days prior to the pretrial conference; the deadline for responses is fourteen (14) calendar days
before the pretrial conference.

**9. SETTLEMENT CONFERENCE.**

A SETTLEMENT CONFERENCE is set on: December 8, 2026           , at 9:30    ,  a.m.     in

  Gulfport            , Mississippi, before United States Magistrate          Judge

Robert P. Myers, Jr.          .

Seven (7) days before the settlement conference, the parties must submit via e-mail to the magistrate

judge's chambers an updated CONFIDENTIAL SETTLEMENT MEMORANDUM. All parties are

required to be present at the conference unless excused by the Court. If a party believes the scheduled

settlement conference would not be productive and should be cancelled, the party is directed to inform

the Court via e-mail of the grounds for their belief at least seven (7) days prior to the conference.

**10. REPORT REGARDING ADR.** On or before (7 days before FPTC) February 2, 2027           , the parties

must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or

provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3).*

**SO ORDERED:**

February 12, 2026            /s/ Robert P. Myers, Jr.
DATE                         UNITED STATES MAGISTRATE JUDGE