UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| PLAINTIFF, | ) ) | |
| V. | ) ) | CASE 1:25-CV-00288-TBM-RPM |
| BOLLINGER SHIPYARDS, LLC, | ) ) ) | |
| DEFENDANT. | ) | |

### STIPULATED PROTECTIVE ORDER

Before the Court is Plaintiff Equal Employment Opportunity Commission and Defendant Bollinger Shipyards, LLC's Joint Motion to Enter Stipulated Protective Order. To facilitate discovery and promote the just, speedy, and inexpensive determination of this matter, Fed. R. Civ. P. 1, the Commission and Bollinger request the Court enter a protective order controlling the designation and treatment of confidential information pursuant to Federal Rule of Civil Procedure 26(c). After review of the parties' request and applicable law, the Court finds that the Joint Motion to Enter Stipulated Protective Order should be, and it is hereby, **GRANTED**.

**IT IS HEREBY ORDERED:**

1. All documents, electronically stored information ("ESI"), materials, or records produced or received in the course of party discovery or non-party discovery in this action, including disclosures, medical records provided pursuant to patient

authorization, responses to discovery requests, responses to subpoenas, deposition testimony and exhibits, and information derived therefrom (collectively "Information"), are within the scope of this Order. Nothing within this Order provides a basis to withhold Information from discovery in this action.

2. This Order is not a judicial determination that any specific document or information designated by a party as confidential is subject to sealing under L.U. CIV. R. 79 or otherwise. In order for any document or information to be filed under seal, a party must first file a motion to file the document or information under seal in accordance with the procedure set forth in L.U. CIV. R. 79.

3. Either party may designate as confidential any Information about Keely Senseney's past, present, or future physical or mental health, including medical records, diagnoses, examinations, invoices, payment records, services, and treatments, provided that the designating party believes in good faith that public disclosure of the Information would subject a person to annoyance, embarrassment, oppression, or undue burden or expense. Designation must be made in writing, by stating on the record, or by stamping the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on Information. Information so designated shall be considered "Protected Information" under this Stipulated Protective Order. Upon the request of the non-designating party, the designating party shall provide an explanation in writing and with particularity for any designation.

4. Either party may designate as confidential any Information about any other Bollinger employee's past, present, or future physical or mental health, including medical records, diagnoses, examinations, invoices, payment records, services, and treatments, provided that the designating party believes in good faith that public disclosure of the Information would subject a person to annoyance, embarrassment, oppression, or undue burden or expense. Designation must be made in writing, by stating on the record, or by stamping the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on Information. Information so designated shall be considered "Protected Information" under this Stipulated Protective Order. Upon the request of the non-designating party, the designating party shall provide an explanation in writing and with particularity for any designation.

5. Either party may object to a designation of Information as Protected Information. Any objection must be in writing and made with particularity. The parties will confer and make good faith efforts to resolve any objection. If the parties are unable to resolve an objection, either party may raise the dispute with the Court. If the designating party does not raise a dispute with the Court within 14 days of the non-designating party's objection, and the non-designating party has neither raised the dispute with the court nor withdrawn its objection, the challenged designation will be considered rescinded, and the subject Information shall no longer be considered Protected Information under this Order. If any dispute is raised with the

Court, the subject Information will continue to be considered Protected Information under this Order until the Court resolves the dispute. In any dispute under this paragraph, the burden remains on the designating party to demonstrate that the subject Information merits the protection of Federal Rule of Civil Procedure 26(c).

6. The parties and their counsel shall take reasonable care with respect to their custody of any Protected Information.

7. Protected Information may only be disclosed, directly or indirectly, to the following persons:

    a. the parties, including their agents and employees;

    b. attorneys of record for the parties in this action, including their agents and employees;

    c. experts or consultants hired by or consulted by such attorneys in connection with this action;

    d. persons noticed for deposition or designated as witnesses by any party;

    e. the Court and Court personnel;

    f. stenographic reporters and videographers engaged for depositions or other proceedings in this action; and

  g. and any other individual a party believes necessary to review such information to assist the party in its presentation or defense of claims in the litigation.

  8. The parties and their counsel may disclose Protected Information only for the prosecution or defense of this action, including any appeals, collateral litigation, or disputes arising from this case; except that the Commission may also disclose Protected Information for law enforcement purposes or as otherwise required by law; such disclosure shall be governed by the applicable confidentiality provisions of the federal employment discrimination statutes and their implementing regulations.

  9. Nothing in this Order shall be interpreted to prevent a party or its counsel from disclosing Protected Information in a public filing or open court, except that the parties and their counsel shall provide the designating party reasonable notice, presumptively seven days' notice absent extraordinary circumstances, before disclosing Protected Information in a public filing.

  10. Nothing in this Order shall be interpreted to prevent any person, including a member of the public, from seeking modification of this Stipulated Protective Order.

11. Nothing in this Order shall be interpreted to prevent any person, including a member of the public, from seeking further or additional protections under the Federal Rules of Civil Procedure or Federal Rules of Evidence.

12. Within forty-five days of the conclusion of this action, including any appeals, the parties and their counsel must destroy any and all copies of Protected Information within their custody, possession, or control; except that the Commission need not take any action that would violate federal law and counsel for the parties need not destroy Protected Information contained within court papers, deposition and trial transcripts and exhibits, or attorney work product.

13. The obligations imposed by this Order survive the termination of this action. The Court retains jurisdiction to resolve any disputes arising out of this Order.

So Ordered, this the 26th day of February 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE