IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| PLAINTIFF, | ) | Civil Action No. 1:25cv00288-TBM-RPM |
| v. | ) | |
| BOLLINGER SHIPYARDS, LLC, | ) | |
| DEFENDANT. | ) | |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S INITIAL DISCLOSURES**

Plaintiff Equal Employment Opportunity Commission hereby makes its initial disclosures pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure.

## I. Individuals likely to have discoverable information that Plaintiff may use to support its claims.

1. Keely Senseney
341B Trawler Lane
Biloxi, MS 39530
228-240-3262
christina1716@gmail.com

Keely Senseney is the individual charging party who filed the charge of discrimination on which this lawsuit is based. Senseney has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant.

EXHIBIT
1

Senseney has knowledge of her impairment, opioid dependence, and how it substantially limits major life activities. Senseney has knowledge of the prescription medication that she takes for opioid dependence and how it affects her. Senseney has knowledge of working as a shipfitter at Defendant's shipyard and another nearby shipyard. Senseney has knowledge of her employment by Defendant, including her hiring, orientation, job duties, and performance. Senseney has knowledge of Defendant's medical evaluations of her ability to work as a shipfitter. Senseney has knowledge of Defendant's evaluation of her skills as a shipfitter. Senseney has knowledge of Defendant placing her on involuntary indefinite unpaid leave. Senseney has knowledge of her efforts to return to work and Defendant's continued refusal to allow her to work. Senseney has knowledge of her communications with Defendant's managers and representatives regarding these matters. Senseney has knowledge of her damages, and all matters related thereto, including the emotional pain, suffering, inconvenience, humiliation, mental anguish, loss of enjoyment of life, loss of self-esteem, and loss of social standing and respect that Senseney suffered because of Defendant's actions. The Commission represents Senseney's interests in this litigation, and any attempts to contact Senseney should be made through the Commission.

2. Benjamin G. Bordelon
3562 Highway 308
Raceland, LA 70394
985-226-4154, 985-532-2554
benb@bollingshipyards.com, benjaminb@bollingshipyards.com

Ben Bordelon is or was employed by Defendant as Chief Executive Officer. Bordelon likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Bordelon may have knowledge of Senseney's impairment, opioid dependence. Bordelon may have knowledge of the prescription medication that Senseney takes for opioid dependence. Bordelon may have knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Bordelon may have knowledge of Defendant's medical evaluations of Senseney's ability to work as a shipfitter. Bordelon may have knowledge of Defendant's evaluation of Senseney's skills as a shipfitter. Bordelon may have knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Bordelon may have knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Bordelon may have knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Bordelon may have knowledge of Defendant's communications and deliberations about Senseney's employment. Bordelon may have knowledge of Defendant's communications with medical providers about Senseney. Bordelon likely has knowledge of the duties

that Defendant requires of a shipfitter. Bordelon likely has knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy. Bordelon likely has knowledge of backpay due Senseney, in that Bordelon likely has knowledge of the hours she would have been expected to work, the wages and benefits she would have been expected to receive, and any promotions or raises she could have received.

3. Craig P. Roussel
202 Independence Drive
Houma, LA 70360
985-413-0057
craigr@bollingershipyards.com

Craig Roussel is or was employed by Defendant as Vice President and Chief Administrative Officer. Roussel likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Roussel may have knowledge of Senseney's impairment, opioid dependence. Roussel may have knowledge of the prescription medication that Senseney takes for opioid dependence. Roussel may have knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Roussel may have knowledge of Defendant's medical evaluations of Senseney's ability to work as a shipfitter. Roussel likely has knowledge of Defendant's evaluation of Senseney's skills as a shipfitter. Roussel may have knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Roussel may have

knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Roussel may have knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Roussel may have knowledge of Defendant's communications and deliberations about Senseney's employment. Roussel may have knowledge of Defendant's communications with medical providers about Senseney. Roussel likely has knowledge of the duties that Defendant requires of a shipfitter. Roussel likely has knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy. Roussel likely has knowledge of backpay due Senseney, in that Roussel likely has knowledge of the hours she would have been expected to work, the wages and benefits she would have been expected to receive, and any promotions or raises she could have received.

4. C. Allan Martin IV
211 Ladelle Loop
Monroe, LA 71203
318-548-9001
allanm@bollingershipyards.com

Allan Martin is or was employed by Defendant as Chief Human Resources Officer. Martin likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Martin may have knowledge of Senseney's impairment, opioid dependence. Martin may have knowledge of the prescription medication that Senseney takes for opioid dependence. Martin may

have knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Martin may have knowledge of Defendant's medical evaluations of Senseney's ability to work as a shipfitter. Martin may have knowledge of Defendant's evaluation of Senseney's skills as a shipfitter. Martin may have knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Martin may have knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Martin may have knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Martin may have knowledge of Defendant's communications and deliberations about Senseney's employment. Martin may have knowledge of Defendant's communications with medical providers about Senseney. Martin likely has knowledge of the duties that Defendant requires of a shipfitter. Martin likely has knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy. Martin likely has knowledge of backpay due Senseney, in that Martin likely has knowledge of the hours she would have been expected to work, the wages and benefits she would have been expected to receive, and any promotions or raises she could have received.

5. Jerome E. Eymard
128 Duet Drive
Larose, LA 70373
985-855-4103, 985-855-4191
jeromee@bollingershipyards.com

Jerome Eymard is or was employed by Defendant as Human Resources Director. Eymard likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Eymard likely has knowledge of Senseney's impairment, opioid dependence. Eymard likely has knowledge of the prescription medication that Senseney takes for opioid dependence. Eymard likely has knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Eymard likely has knowledge of Defendant's medical evaluations of Senseney's ability to work as a shipfitter. Eymard likely has knowledge of Defendant's evaluation of Senseney's skills as a shipfitter. Eymard likely has knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Eymard likely has knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Eymard likely has knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Eymard likely has knowledge of Defendant's communications and deliberations about Senseney's employment. Eymard likely has knowledge of Defendant's communications with medical providers about Senseney. Eymard likely has knowledge of the duties that

Defendant requires of a shipfitter. Eymard likely has knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy. Eymard likely has knowledge of backpay due Senseney, in that Eymard likely has knowledge of the hours she would have been expected to work, the wages and benefits she would have been expected to receive, and any promotions or raises she could have received.

6. J. Ray Barker
102 Jones Street
Raceland, LA 70394
985-258-0985, 985-258-7269
rayb@bollingershipyards.com

Ray Barker was employed by Defendant as Human Resources Director. Barker likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Barker likely has knowledge of the duties that Defendant requires of a shipfitter. Barker likely has knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy.

7. Stephenie R. Murray
15147 South Shadow Creek Drive
Biloxi, MS 39532
228-297-4590
stepheniem@bollingershipyards.com

Stephenie Murray is or was employed by Defendant as a Human Resources Manager. Murray likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Murray may have knowledge of

Senseney's impairment, opioid dependence. Murray may have knowledge of the prescription medication that Senseney takes for opioid dependence. Murray likely has knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Murray likely has knowledge of Defendant's medical evaluations of Senseney's ability to work as a shipfitter. Murray may have knowledge of Defendant's evaluation of Senseney's skills as a shipfitter. Murray may have knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Murray may have knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Murray may have knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Murray may have knowledge of Defendant's communications and deliberations about Senseney's employment. Murray likely has knowledge of Defendant's communications with medical providers about Senseney. Murray likely has knowledge of the duties that Defendant requires of a shipfitter. Murray likely has knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy. Murray likely has knowledge of backpay due Senseney, in that Murray likely has knowledge of the hours she would have been expected to work, the wages and benefits she would have been expected to receive, and any promotions or raises she could have received.

8. Kristen T. Pertuit
161 Cypress Villa Lane
Gheens, LA 70355
985-665-3697, 985-855-4559

Kristen Pertuit is or was employed by Defendant as a Human Resources Manager. Pertuit likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Pertuit likely has knowledge of Senseney's impairment, opioid dependence. Pertuit likely has knowledge of the prescription medication that Senseney takes for opioid dependence. Pertuit likely has knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Pertuit likely has knowledge of Defendant's medical evaluations of Senseney's ability to work as a shipfitter. Pertuit likely has knowledge of Defendant's evaluation of Senseney's skills as a shipfitter. Pertuit likely has knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Pertuit likely has knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Pertuit likely has knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Pertuit likely has knowledge of Defendant's communications and deliberations about Senseney's employment. Pertuit likely has knowledge of Defendant's communications with medical providers about Senseney. Pertuit likely has knowledge of the duties that Defendant requires of a shipfitter. Pertuit likely has knowledge of Defendant's

employment and personnel policies, including the Medication Disclosure Policy. Pertuit likely has knowledge of backpay due Senseney, in that Pertuit likely has knowledge of the hours she would have been expected to work, the wages and benefits she would have been expected to receive, and any promotions or raises she could have received.

9. Daja K. Tarr
12245 Savannah Cir
Ocean Springs, MS 39564
228-243-3471
dajat@bollingershipyards.com

Daja Tarr is or was employed by Defendant as a Human Resources Manager. Tarr likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Tarr likely has knowledge of Senseney's impairment, opioid dependence. Tarr likely has knowledge of the prescription medication that Senseney takes for opioid dependence. Tarr likely has knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Tarr likely has knowledge of Defendant's medical evaluations of Senseney's ability to work as a shipfitter. Tarr likely has knowledge of Defendant's evaluation of Senseney's skills as a shipfitter. Tarr likely has knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Tarr likely has knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Tarr likely has knowledge

of Senseney's communications with Defendant's managers and representatives regarding these matters. Tarr likely has knowledge of Defendant's communications and deliberations about Senseney's employment. Tarr likely has knowledge of Defendant's communications with medical providers about Senseney. Tarr likely has knowledge of the duties that Defendant requires of a shipfitter. Tarr likely has knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy. Tarr likely has knowledge of backpay due Senseney, in that Tarr likely has knowledge of the hours she would have been expected to work, the wages and benefits she would have been expected to receive, and any promotions or raises she could have received.

10. Janet R. DeAngelo
4404 Adcock Street
Moss Point, MS 39563
228-369-6981, 228-990-4465
bollingermississippishipbuildingllc.hr@adp.com

Janet DeAngelo is or was employed by Defendant in a Human Resources role. DeAngelo likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. DeAngelo may have knowledge of Senseney's impairment, opioid dependence. DeAngelo may have knowledge of the prescription medication that Senseney takes for opioid dependence. DeAngelo likely has knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. DeAngelo may have knowledge of

Defendant's medical evaluations of Senseney's ability to work as a shipfitter. DeAngelo may have knowledge of Defendant's evaluation of Senseney's skills as a shipfitter. DeAngelo may have knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. DeAngelo may have knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. DeAngelo may have knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. DeAngelo may have knowledge of Defendant's communications and deliberations about Senseney's employment. DeAngelo may have knowledge of Defendant's communications with medical providers about Senseney. DeAngelo likely has knowledge of the duties that Defendant requires of a shipfitter. DeAngelo likely has knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy. DeAngelo likely has knowledge of backpay due Senseney, in that DeAngelo likely has knowledge of the hours she would have been expected to work, the wages and benefits she would have been expected to receive, and any promotions or raises she could have received.

11. Dulce J. Carpio
5300 Belle Vale Dr.
Vancleave, MS 39565
228-249-2479
dulcec@bollingershipyards.com

Dulce Carpio is or was employed by Defendant as a Human Resources Generalist. Carpio likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Carpio likely has knowledge of Senseney's impairment, opioid dependence. Carpio likely has knowledge of the prescription medication that Senseney takes for opioid dependence. Carpio likely has knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Carpio likely has knowledge of Defendant's medical evaluations of Senseney's ability to work as a shipfitter. Carpio likely has knowledge of Defendant's evaluation of Senseney's skills as a shipfitter. Carpio likely has knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Carpio likely has knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Carpio likely has knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Carpio likely has knowledge of Defendant's communications and deliberations about Senseney's employment. Carpio likely has knowledge of Defendant's communications with medical providers about Senseney. Carpio likely has knowledge of the duties that

Defendant requires of a shipfitter. Carpio likely has knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy. Carpio likely has knowledge of backpay due Senseney, in that Carpio likely has knowledge of the hours she would have been expected to work, the wages and benefits she would have been expected to receive, and any promotions or raises she could have received.

12. Lana M. Harrien
12195 Boles Boulevard
Gulfport, MS 39531
228-343-2340, 228-896-4941
lanah@bollingershipyards.com

Lana Harrien was employed by Defendant as a Human Resources Generalist. Harrien likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Harrien likely has knowledge of Senseney's impairment, opioid dependence. Harrien likely has knowledge of the prescription medication that Senseney takes for opioid dependence. Harrien likely has knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Harrien likely has knowledge of Defendant's medical evaluations of Senseney's ability to work as a shipfitter. Harrien likely has knowledge of Defendant's evaluation of Senseney's skills as a shipfitter. Harrien likely has knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Harrien likely has knowledge of Senseney's

efforts to return to work and Defendant's continued refusal to allow her to work. Harrien likely has knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Harrien likely has knowledge of Defendant's communications and deliberations about Senseney's employment. Harrien likely has knowledge of Defendant's communications with medical providers about Senseney. Harrien likely has knowledge of the duties that Defendant requires of a shipfitter. Harrien likely has knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy. Harrien likely has knowledge of backpay due Senseney, in that Harrien likely has knowledge of the hours she would have been expected to work, the wages and benefits she would have been expected to receive, and any promotions or raises she could have received.

13. Tawana K. Stevanus
11205 Ramsey Boulevard
Grand Bay, AL 36541
228-282-5428
tawanas@bollingershipyards.com

Tawana Stevanus is or was employed by Defendant as an Access Control Administrator. Stevanus likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Stevanus likely has knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Stevanus likely has knowledge of Defendant placing

Senseney on involuntary indefinite unpaid leave. Stevanus likely has knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Stevanus likely has knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Stevanus likely has knowledge of Defendant's communications and deliberations about Senseney's employment. Stevanus likely has knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy.

14. Charnita E. Walker
3625 Devonshire Drive, Apartment 8
Moss Point, MS 39563
228-219-6255, 228-366-0783
charnitaw@bollingershipyards.com

Charnita Walker is or was employed by Defendant. Walker likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Walker likely has knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Walker likely has knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Walker likely has knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Walker likely has knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Walker likely has knowledge of Defendant's communications and deliberations about Senseney's employment.

Walker likely has knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy.

15. Cornel C. Jalba
151 Superior Drive
Raceland, LA 70394
985-446-1848

Cornel Jalba is or was employed by Defendant as a Health, Safety, & Environmental Coordinator. Jalba likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Jalba likely has knowledge of Senseney's impairment, opioid dependence. Jalba likely has knowledge of the prescription medication that Senseney takes for opioid dependence. Jalba likely has knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Jalba likely has knowledge of Defendant's medical evaluations of Senseney's ability to work as a shipfitter. Jalba likely has knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Jalba likely has knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Jalba likely has knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Jalba likely has knowledge of Defendant's communications and deliberations about Senseney's employment. Jalba likely has knowledge of Defendant's communications with medical providers about Senseney. Jalba likely has knowledge of the duties that Defendant requires

of a shipfitter. Jalba likely has knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy.

16. Matthew O. Johnson
209 Graveline Road
Biloxi, MS 39531
228-447-8508

Matthew Johnson is or was employed by Defendant as a Facility Safety Representative. Johnson likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Johnson likely has knowledge of Senseney's impairment, opioid dependence. Johnson likely has knowledge of the prescription medication that Senseney takes for opioid dependence. Johnson likely has knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Johnson likely has knowledge of Defendant's medical evaluations of Senseney's ability to work as a shipfitter. Johnson likely has knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Johnson likely has knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Johnson likely has knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Johnson likely has knowledge of Defendant's communications and deliberations about Senseney's employment. Johnson likely has knowledge of Defendant's communications with medical providers about Senseney. Johnson likely has knowledge of the duties that

Defendant requires of a shipfitter. Johnson likely has knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy.

17. Tony E. Goff
13300 School Land Road, Number 32
Vancleave, MS 39565
228-826-5351

Tony Goff was employed by Defendant as a Facility Safety Representative. Goff likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Goff likely has knowledge of Senseney's impairment, opioid dependence. Goff likely has knowledge of the prescription medication that Senseney takes for opioid dependence. Goff likely has knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Goff likely has knowledge of Defendant's medical evaluations of Senseney's ability to work as a shipfitter. Goff likely has knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Goff likely has knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Goff likely has knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Goff likely has knowledge of Defendant's communications and deliberations about Senseney's employment. Goff likely has knowledge of Defendant's communications with medical providers about Senseney. Goff likely has knowledge of the duties that Defendant requires of a shipfitter. Goff likely has

knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy.

18. Amber O.

Amber O. is or was employed by Defendant. Amber O. likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Amber O. likely has knowledge of Senseney's impairment, opioid dependence. Amber O. likely has knowledge of the prescription medication that Senseney takes for opioid dependence. Amber O. likely has knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Amber O. likely has knowledge of Defendant's medical evaluations of Senseney's ability to work as a shipfitter. Amber O. likely has knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Amber O. likely has knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Amber O. likely has knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Amber O. likely has knowledge of Defendant's communications and deliberations about Senseney's employment. Amber O. likely has knowledge of Defendant's communications with medical providers about Senseney. Amber O. likely has knowledge of the duties that

Defendant requires of a shipfitter. Amber O. likely has knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy.

19. Sarah Pitre

Sarah Pitre is or was employed by Defendant. Pitre likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Pitre likely has knowledge of Senseney's impairment, opioid dependence. Pitre likely has knowledge of the prescription medication that Senseney takes for opioid dependence. Pitre likely has knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Pitre likely has knowledge of Defendant's medical evaluations of Senseney's ability to work as a shipfitter. Pitre likely has knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Pitre likely has knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Pitre likely has knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Pitre likely has knowledge of Defendant's communications and deliberations about Senseney's employment. Pitre likely has knowledge of Defendant's communications with medical providers about Senseney. Pitre likely has knowledge of the duties that Defendant requires of a shipfitter. Pitre likely has knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy.

20. Jerry J. Alsup
13101 Cloverdale Street
Ocean Springs, MS 39564
228-282-5196
jerrya@bollingershipyards.com

Jerry Alsup is or was employed by Defendant as a Shipfitter Lead in Senseney's chain of supervision. Alsup likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Alsup likely has knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Alsup likely has knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Alsup likely has knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Alsup likely has knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Alsup likely has knowledge of Defendant's communications and deliberations about Senseney's employment. Alsup likely has knowledge of the duties that Defendant requires of a shipfitter. Alsup likely has knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy. Alsup likely has knowledge of backpay due Senseney, in that Alsup likely has knowledge of the hours she would have been expected to work, the wages and benefits she would have been expected to receive, and any promotions or raises she could have received.

21. Brian D. Webster
13508 Seaman Road
Vancleave, MS 39565
228-623-2899, 228-861-1841
brianwe@bollingershipyards.com

Brian Webster is or was employed by Defendant as a Shipfitter Foreman in Senseney's chain of supervision. Webster likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Webster likely has knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Webster likely has knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Webster likely has knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Webster likely has knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Webster likely has knowledge of Defendant's communications and deliberations about Senseney's employment. Webster likely has knowledge of the duties that Defendant requires of a shipfitter. Webster likely has knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy. Webster likely has knowledge of backpay due Senseney, in that Webster likely has knowledge of the hours she would have been expected to work, the wages and benefits she would have been expected to receive, and any promotions or raises she could have received.

22. R. Kevin Walters
3214 Whitmore Street
Pascagoula, MS 39567
228-235-0365, 228-313-2997, 228-447-8628
kevinw@bollingershipyards.com

Kevin Walters is or was employed by Defendant as a Shipfitter Superintendent in Senseney's chain of supervision. Walters likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Walters likely has knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Walters likely has knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Walters likely has knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Walters likely has knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Walters likely has knowledge of Defendant's communications and deliberations about Senseney's employment. Walters likely has knowledge of the duties that Defendant requires of a shipfitter. Walters likely has knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy. Walters likely has knowledge of backpay due Senseney, in that Walters likely has knowledge of the hours she would have been expected to work, the wages and benefits she would have been expected to receive, and any promotions or raises she could have received.

23. Joshua T. Feltman
12897 Chelle Way
Mobile, AL 36695
228-263-1254

Josh Feltman is or was employed by Defendant as a Vice President and General Manager in Senseney's chain of supervision. Feltman likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Feltman likely has knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Feltman likely has knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Feltman likely has knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Feltman likely has knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Feltman likely has knowledge of Defendant's communications and deliberations about Senseney's employment. Feltman likely has knowledge of the duties that Defendant requires of a shipfitter. Feltman likely has knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy. Feltman likely has knowledge of backpay due Senseney, in that Feltman likely has knowledge of the hours she would have been expected to work, the wages and benefits she would have been expected to receive, and any promotions or raises she could have received.

24. Christopher M. Remont
12297 Savannah Circle
Ocean Springs, MS 39564
985-227-8604, 985-537-7219

Chris Remont is or was employed by Defendant as a Vice President and General Manager in Senseney's chain of supervision. Remont likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Remont likely has knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Remont likely has knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Remont likely has knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Remont likely has knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Remont likely has knowledge of Defendant's communications and deliberations about Senseney's employment. Remont likely has knowledge of the duties that Defendant requires of a shipfitter. Remont likely has knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy. Remont likely has knowledge of backpay due Senseney, in that Remont likely has knowledge of the hours she would have been expected to work, the wages and benefits she would have been expected to receive, and any promotions or raises she could have received.

25. Cyrena Muffley
5832 Laramie Lane
Moss Point, MS 39562
228-243-5147, 228-327-4922, 228-762-4642

Cyrena Muffley is or was a Certified Registered Nurse Practitioner at Occupational Health Center, where she physically examined Senseney's medical condition and evaluated her fitness to work as a shipfitter. Muffley likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Muffley likely has knowledge of Senseney's impairment, opioid dependence. Muffley likely has knowledge of the prescription medication that Senseney takes for opioid dependence. Muffley may have knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Muffley likely has knowledge of Defendant's medical evaluations of Senseney's ability to work as a shipfitter. Muffley likely has knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Muffley likely has knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Muffley likely has knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Muffley likely has knowledge of Defendant's communications with medical providers about Senseney. Muffley likely has knowledge of the duties that Defendant requires of a shipfitter. Muffley may have

knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy.

26. Thomas W. Middleton
5912 Old Mobile Avenue, Suite 1
Pascagoula, MS 39581
228-762-4642, 251-533-4470
tmiddleton@occupationalhc.com

Thomas Middleton is or was a Medical Doctor at Occupational Health Center. Middleton likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Middleton likely has knowledge of Senseney's impairment, opioid dependence. Middleton likely has knowledge of the prescription medication that Senseney takes for opioid dependence. Middleton likely has knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Middleton likely has knowledge of Defendant's medical evaluations of Senseney's ability to work as a shipfitter. Middleton likely has knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Middleton likely has knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Middleton likely has knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Middleton likely has knowledge of Defendant's communications with medical providers about Senseney. Middleton likely has knowledge of the duties that Defendant requires of a shipfitter.

Middleton may have knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy.

27. Terry W. Taylor
3971 Spring Landing Court
Theodore, AL 36582
228-762-4642, 251-689-3006
ttaylor@occupationalhc.com

Terry Taylor is or was a Medical Doctor at Occupational Health Center. Taylor likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Taylor may have knowledge of Senseney's impairment, opioid dependence. Taylor may have knowledge of the prescription medication that Senseney takes for opioid dependence. Taylor may have knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Taylor may have knowledge of Defendant's medical evaluations of Senseney's ability to work as a shipfitter. Taylor may have knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Taylor may have knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Taylor may have knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Taylor may have knowledge of Defendant's communications with medical providers about Senseney. Taylor likely has knowledge of the duties that Defendant requires of a shipfitter. Taylor may

have knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy.

28. Yadira P. Flores
401 West 15th Street
Larose, LA 70373
985-226-1604, 985-601-4839
yadira.flores @chouest.com

Yadira Flores is or was a Medical Assistant at Family Medical Services, LLC. Flores likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Flores likely has knowledge of Senseney's impairment, opioid dependence. Flores likely has knowledge of the prescription medication that Senseney takes for opioid dependence. Flores may have knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Flores may have knowledge of Defendant's medical evaluations of Senseney's ability to work as a shipfitter. Flores may have knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Flores may have knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Flores may have knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Flores may have knowledge of Defendant's communications with medical providers about Senseney. Flores may have knowledge of the duties that Defendant requires of a shipfitter. Flores may

have knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy.

29. Katelyn D. Verdin
500 Aragon Road
Montegut, LA 70377
228-343-4602, 601-716-7268, 985-232-9054, 985-601-4839
katelyn.verdin@chouest.com

Katelyn Verdin is or was a Medical Assistant at Family Medical Services, LLC. Verdin likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Verdin likely has knowledge of Senseney's impairment, opioid dependence. Verdin likely has knowledge of the prescription medication that Senseney takes for opioid dependence. Verdin may have knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Verdin may have knowledge of Defendant's medical evaluations of Senseney's ability to work as a shipfitter. Verdin may have knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Verdin may have knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Verdin may have knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Verdin may have knowledge of Defendant's communications with medical providers about Senseney. Verdin may have knowledge of the duties that Defendant requires of a shipfitter. Verdin may

have knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy.

30. Chanh C. Doan
1551 West Bellridge Drive
Baton Rouge, LA 70815
225-302-2883, 985-601-4839
chanh.doan@chouest.com

Chanh Doan is or was a Physician Assistant at Family Medical Services, LLC. Doan likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Doan likely has knowledge of Senseney's impairment, opioid dependence. Doan likely has knowledge of the prescription medication that Senseney takes for opioid dependence. Doan may have knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Doan may have knowledge of Defendant's medical evaluations of Senseney's ability to work as a shipfitter. Doan may have knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Doan may have knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Doan may have knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Doan may have knowledge of Defendant's communications with medical providers about Senseney. Doan may have knowledge of the duties that Defendant requires of a shipfitter. Doan may have

knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy.

31. Darren J. Duet
9215 Jordon Drive
Denham Springs, LA 70726
225-791-8717, 985-601-4839
darren.duet@chouest.com

Darren Duet is or was a Medical Doctor at Family Medical Services, LLC. Duet likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Duet likely has knowledge of Senseney's impairment, opioid dependence. Duet likely has knowledge of the prescription medication that Senseney takes for opioid dependence. Duet may have knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Duet may have knowledge of Defendant's medical evaluations of Senseney's ability to work as a shipfitter. Duet may have knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Duet may have knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Duet may have knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Duet may have knowledge of Defendant's communications with medical providers about Senseney. Duet may have knowledge of the duties that Defendant

requires of a shipfitter. Duet may have knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy.

32. James B. Martin
1103 Hanley Road
Ocean Springs, MS 39564
228-875-3097

James Martin is or was a Medical Doctor in private practice, who is Senseney's treating physician and who has treated Senseney for opioid dependence and prescribed the medication that is at issue in this litigation. Martin likely has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Martin likely has knowledge of Senseney's impairment, opioid dependence. Martin likely has knowledge of the prescription medication that Senseney takes for opioid dependence and how it affects Senseney. Martin may have knowledge of Defendant's employment of Senseney, including her hiring, orientation, job duties, and performance. Martin may have knowledge of Defendant's medical evaluations of Senseney's ability to work as a shipfitter. Martin may have knowledge of Defendant placing Senseney on involuntary indefinite unpaid leave. Martin may have knowledge of Senseney's efforts to return to work and Defendant's continued refusal to allow her to work. Martin may have knowledge of Senseney's communications with Defendant's managers and representatives regarding these matters. Martin may have knowledge of Defendant's communications with medical providers about Senseney. Martin may

have knowledge of the duties that Defendant requires of a shipfitter. Martin may have knowledge of Defendant's employment and personnel policies, including the Medication Disclosure Policy.

33. Jackie Maples
26704 Lucedale Road
Lucedale, MS 39452
601-791-4230

Jackie Maples is Senseney's mother. Maples has knowledge of the Commission's claims and of the positions and defenses asserted by Defendant. Burks has knowledge of Senseney's impairment, opioid dependence. Maples has knowledge of the prescription medication that Senseney takes for opioid dependence and how it affects Senseney. Maples has knowledge about the emotional pain, suffering, inconvenience, humiliation, mental anguish, loss of enjoyment of life, loss of self-esteem, and loss of social standing and respect that Senseney suffered because of Defendant's actions.

## II. **Documents, electronically stored information, and tangible things that Plaintiff has in its possession, custody, or control and may use to support its claims.**

- Documents produced with Bates numbers EEOC_0000001 – EEOC_0001040.
- Defendant's employment, medical, and personnel records about Keely Senseney.
- Senseney's Charge of Discrimination dated June 17, 2024.

- Defendant's Position Statement dated July 30, 2024.
- Letter of Determination dated July 9, 2025.
- Conciliation Failure Letter dated July 30, 2025
- Medical records regarding Senseney's opioid dependence and the medication that she takes for opioid dependence.
- Records from and correspondence with the medical clinics that evaluated Senseney at Defendant's request.

## III. <u>**Computation of each category of damages claimed by the disclosing party.**</u>

The Commission seeks non-pecuniary compensatory damages, punitive damages, back pay, injunctive relief, and all other equitable relief deemed necessary or appropriate by the Court.

Non-pecuniary compensatory and punitive damages are, by their nature, not susceptible to mathematical computation but will be determined by the jury. The Commission seeks non-pecuniary compensatory damages in the form of, for example, emotional pain, suffering, inconvenience, humiliation, mental anguish, loss of enjoyment of life, loss of self-esteem, and loss of social standing and respect. None of these are subject to exact computation. The Commission also seeks punitive damages, which are not subject to computation but will depend on the jury's assessment of Defendant's conduct. Non-pecuniary compensatory

damages, as well as punitive damages, are limited to a cap of $300,000 for an employer of Defendant's size.

The Commission will establish that Senseney is due backpay in an amount to be determined through discovery. At present, the Commission understands that Senseney was paid an hourly wage of $16.75 and expected to regularly work at least 40 hours per week, though the Commission believes that Senseney would have received raises and that she would have occasionally worked more than 40 hours per week. Accordingly, at this time, the Commission estimates that Senseney's lost wages were $670 per week. The Commission further understands that benefits for Senseney's job category in the Gulfport-Biloxi-Pascagoula combined statistical area typically amount to 27% of base pay. Accordingly, at this time, the Commission estimates that Senseney's lost benefits were 27% of her lost wages, or $180.90 per week, and that her lost wages and benefits totaled $850.90 per week. Senseney began working for Defendant on February 21, 2024, and was placed on involuntary unpaid leave on or around April 12, 2024, which is approximately 95 weeks ago. Accordingly, through the present, the Commission estimates that Senseney is due back wages and benefits totaling $80,835.50 before interest.

**IV. <u>Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.</u>**

Defendant has not brought any claims against Plaintiff. Plaintiff is unaware of any applicable insurance agreement.

* * *

The Equal Employment Opportunity Commission reserves the right to supplement its disclosures in accordance with Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure.

Respectfully submitted,

<u>/s/ Trent Thompson</u>

Wm. Trent Thompson
(NY Bar No. 5232525)
Trial Attorney

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
(205) 651-7065
william.thompson@eeoc.gov