**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **CIVIL ACTION NO. 1:25-CV-00288** |
| **VERSUS** | **JUDGE TAYLOR B. MCNEEL** |
| **BOLLINGER SHIPYARDS, LLC** | **MAGISTRATE JUDGE ROBERT P. MEYERS, JR.** |

**DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**NOW**, through undersigned counsel, comes Defendant, Bollinger Shipyards, LLC ("Bollinger" or "Defendant"), who, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, propound the following discovery to Plaintiff herein. The Interrogatories and Requests for Production must be answered separately, fully, in writing. The Interrogatories must be answered under oath. The documents must be produced to David Korn and Caroline Perlis (david.korn@phelps.com and caroline.perlis@phelps.com) at the offices of Phelps Dunbar LLP, 365 Canal Street, Suite 2000, New Orleans, LA 70130. As required by the Federal Rules of Civil Procedure, discovery must be answered and produced within thirty (30) days after service.

## INSTRUCTIONS

(A) Restate each Interrogatory and Request for Production in full immediately before your response.

(B) In answer to these discovery requests, Plaintiff shall furnish all information available to it at the time of its answers and shall supplement their answers in accordance with Rules 33 and 34 of the Federal Rules of Civil Procedure. Plaintiff shall answer each Interrogatory and Request for Production. Combined or general answers shall be considered non-responsive

**EXHIBIT 3**

**INTERROGATORY NO. 5:**

Identify all persons who have made a written report, statement, declaration, affidavit, or video or audio recording concerning the claims and allegations described in the Complaint. This incudes recordings made by Keely Senseney or on her behalf, with or without the knowledge of those persons who were recorded. Include in your identification the name of the custodian of such document and/or recording.

**INTERROGATORY NO. 6:**

Describe with particularity any and all text messages, e-mails, photographs, videotapes, audiotapes, social media messages, documents, communications, recordings, or any other documents in any form which you contend may be relevant to or concern the claims and allegations in your Complaint, including all text messages, photographs, tapes, communications or recordings of any agent, employee, or former agent/employee of Bollinger, in the possession of the EEOC or the Charging Party, or of which the EEOC or the Charging Party have knowledge.

**INTERROGATORY NO. 7:**

Describe with particularity and itemize any and all damages to which you contend the Charging Party and the EEOC are entitled by virtue of the allegations and claims raised in your Complaint, including documentation of how you arrived at your damages claims, the specific calculations demonstrating why the Charging Party/the EEOC are entitled to the amount described, identification of all documents you contend support the claim for damages, and identification of all witnesses believed to have information or knowledge concerning your claim for damages.

**INTERROGATORY NO. 8:**

Identify the name and address of each and every hospital, clinic, rehabilitation facility, institution, medical doctor, osteopathic doctor, health care provider, psychologist, psychiatrist,

counselor or clergy member (collectively, "healthcare providers") by whom the Charging Party was treated, examined, or counseled from April 1, 2016 to the present. Please provide the full name, address and telephone number of each healthcare provider that you identify and the reason(s) for treatment by that healthcare provider.

**INTERROGATORY NO. 9:**

Identify all lawsuits, Charges, or claims to which the Charging Party has been a party, other than this one, including the case number, the court or governmental/administrative agency wherein the lawsuit or Charge was filed, the nature of the lawsuit or Charge, and the outcome of the lawsuit or Charge.

**INTERROGATORY NO. 10:**

Identify any and all sources of income the Charging Party has received from January 1, 2024 through present, including but not limited to wages, benefits, disability payments, retirement payments, social security benefits, and/or any other governmental benefits or compensation.

**INTERROGATORY NO. 11:**

Please identify each prescription and non-prescription drug the Charging Party has taken or was prescribed/advised to take for any physical, mental, emotional, or other condition at any time since April 1, 2016 to the present, whether prescribed for the Charging Party or for any other person, and for each such drug, state:

a. Name of drug

b. Dosage of drug

c. Condition or problem for which drug was prescribed or taken

d. Dates or period of time the drug was taken

e. Name, address and telephone number of prescribing doctor, if applicable; and

f. Name, address and telephone number of drug store or pharmacy where the prescription was filled or the drug was purchased.

**INTERROGATORY NO. 12:**

Please state that you are disabled and identify with particularity your physical or mental health condition that substantially limits major life activities. Please also identify which major life activities are substantially limited by this impairment, as alleged in Paragraph 37 of the Complaint.

**INTERROGATORY NO. 13:**

Please identify and describe the medication that was used to treat the Charging Party's opioid dependency as stated in Paragraph 17 of the Complaint, including the dosage of that medication that the Charging Party has allegedly been prescribed, from April 1, 2016 through the present.

**INTERROGATORY NO. 14:**

Please state the basis for your contention that "Defendant placed Charging Party on involuntary indefinite unpaid leave on the basis of her disability" as stated in Paragraph 26 of the Complaint.

**INTERROGATORY NO. 15:**

Please state the basis for your contention that Bollinger's employment practices with respect to the Charging Party were intentional and/or done with malice or with reckless indifference as alleged in Paragraphs 40-41, 47-48, 54-55, and 62-63 of the Complaint.

**INTERROGATORY NO. 16:**

Please state the basis for your contention that the Charging Party has a record of impairment that substantially limits major life activity, as alleged in Paragraph 44 of the Complaint.

the social media platform on which they were posted, the date of posting, the date of deletion, the content of the post/photograph/video, and the reason for deletion.

**REQUEST FOR PRODUCTION NO. 13:**

Produce an executed copy of each of the attached forms, including:

a. Request for Social Security Earnings Information (SSA-7050) and Social Security Administrative Consent for Release of Information (SSA-3288);

b. Request for Copy of Tax Return (Form 4506);

c. HIPAA Authorization for Use and Disclosure of Information (Excluding Psychotherapy Notes) and HIPAA Authorization for Use and Disclosure of Psychotherapy Notes

d. Authorization for Release of Criminal and Arrest Records; and

e. Cell Phone Records Release Authorization for every cellular phone number and service provider Plaintiff has maintained from 2019 through the present

f. Personnel Records Release Authorization

g. Unemployment Records Release Authorization

h. Administrative Records Release Authorization

**REQUEST FOR PRODUCTION NO. 14:**

Please produce any and all documents that Plaintiff and the Charging Party believe may support Plaintiff's allegation that any current or former employee or representative of Bollinger discriminated against the Charging Party on the basis of her alleged disability, record of disability, or regarded the Charging Party as disabled.

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ David M. Korn*

Mark Fijman
Adam Harris
David Korn (admitted pro hac vice)
Caroline Perlis (admitted pro hac vice)
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: mark.fijman@phelps.com
david.korn@phelps.com
caroline.perlis@phelps.com

**ATTORNEYS FOR BOLLINGER SHIPYARD, L.L.C.**

**CERTIFICATE OF SERVICE**

I certify that on this 13th day of April, 2026, a true and correct copy of the foregoing was served upon counsel listed below via email and/or U.S. mail.

*/s/ David M. Korn*

# HIPAA AUTHORIZATION

**FOR USE AND DISCLOSURE OF INFORMATION**
**(Excluding psychotherapy notes)**

**TO:** ______________________________________
**(Provider's Name)**

**Name of Patient:** **KEELY SENSENEY**

**Social Security Number:** ____________________

**Date of Birth:** ____________________

---

I understand that any health plan, physician, health care professional, hospital, clinic, laboratory, pharmacy, medical facility, or other health care provider that has provided payment, treatment or services to me or on my behalf will use or disclose the health information in the manner described below until this authorization expires. I understand that I will receive a copy of this signed authorization for my records. I also understand that any health information released pursuant to this authorization might be re-disclosed by the recipient, and that any re-disclosure may not be protected by law. I authorize the Provider to make the following disclosure of my protected health information, as follows:

1. The purpose of the use or disclosure is the defense of EEOC v. Bollinger Shipyards, LLC, USDC-SDMS, Civil Action No. 1:25-cv-00288.

2. The recipient of this information is Caroline Perlis or Trenny Williston, c/o Phelps Dunbar LLP, 365 Canal Street, Suite 2000, New Orleans, LA 70130, and the recipient is hereby authorized to disclose my records, either documentary, written or by oral testimony, to any of its authorized representatives in connection with their defense of the litigation referenced in paragraph 1 above, as well as to my attorney of record in the same matter.

3. The information that will be used or disclosed are **certified copies** of all my medical records from 4/1/2016 through the present, including, but not limited to, itemized billing statements and billing records, x-rays, and any other diagnostic studies, and any results of such studies, relating to any examinations, treatments and/or any other services provided to me by any hospital (both in–patient and out-patient), clinics, physicians, and/or any other health care providers; and to obtain at their expense, photostatic copies of such records as they may desire. This authorization specifically provides my permission to release any such information to which doctor/patient privilege may be claimed, and it shall extend to any services provided for treatment/evaluation of any psychiatric, psychological and/or other mental or emotional condition and/or any treatment/evaluation for alcohol and drug/substance abuse, sexually transmitted diseases, hepatitis, HIV and/or any HIV related illness/injury, and sickle cell anemia. Notwithstanding the broad scope of the above disclosure request, the undersigned does not authorize the disclosure of "psychotherapy notes" as such term is defined by the Health Insurance Portability and Accountability Act, 45 CFR §164.501.

4. The undersigned individual is hereby notified and acknowledges that any health care provider or health plan disclosing the above-requested information may not condition treatment, payment, enrollment or eligibility for benefits on whether the individual signs this authorization.

5. A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until settlement or final disposition of the case referenced in paragraph 1 above.

6. I understand that I can revoke this authorization at any time by providing written notice to Caroline Perlis, c/o Phelps Dunbar LLP, 365 Canal Street, Suite 2000, New Orleans, LA 70130 and/or to the provider listed above. If I revoke this authorization, my revocation will not apply to any disclosure of my protected health information that occurred before my revocation was received.

7. By my signature below, I acknowledge that I have kept a copy of this authorization.

Date: ____________________

______________________________________________
Signature of Individual or Individual's Representative

______________________________________________
Printed Name of Individual's Representative (If applicable)

______________________________________________
Relationship of Representative to Individual (If applicable)

**YOU MAY REFUSE TO SIGN THIS AUTHORIZATION**

**HIPAA AUTHORIZATION**
**FOR USE AND DISCLOSURE OF**
**PSYCHOTHERAPY NOTES**

**TO:** ______________________________________________
**(Provider's Name)**

**Name of Patient:** **KEELY SENSENEY**

**Social Security Number:** ___________________

**Date of Birth:** _____________________

---

I understand that any health plan, physician, health care professional, hospital, clinic, laboratory, pharmacy, medical facility, or other health care provider that has provided payment, treatment or services to me or on my behalf will use or disclose the health information in the manner described below until this authorization expires. I understand that I will receive a copy of this signed authorization for my records. I also understand that any health information released pursuant to this authorization might be re-disclosed by the recipient, and that any re-disclosure may not be protected by law. I authorize the Provider to make the following disclosure of my protected health information, as follows:

1. The purpose of the use or disclosure is the defense of EEOC v. Bollinger Shipyards, LLC, USDC-SDMS, Civil Action No. 1:25-cv-00288.

2. The recipient of this information is Caroline Perlis or Trenny Williston, c/o Phelps Dunbar LLP, 365 Canal Street, Suite 2000, New Orleans, LA 70130, and the recipient is hereby authorized to disclose my records, either documentary, written or by oral testimony, to any of its authorized representatives in connection with their defense of the litigation referenced in paragraph 1 above, as well as to my attorney of record in the same matter.

3. The information that will be used or disclosed are certified copies of all "psychotherapy notes," as such term is defined by the Health Insurance Portability and Accountability Act, 45 CFR §164.501from 4/1/2016 to present. Under HIPAA, the term "psychotherapy notes" means notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session or group, joint or family counseling session and that are separated from the rest of the individual's record.

4. The undersigned individual is hereby notified and acknowledges that any health care provider or health plan disclosing the above-requested information may not condition treatment, payment, enrollment or eligibility for benefits on whether the individual signs this authorization.

5. A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until settlement or final disposition of the case referenced in paragraph 1 above.

6. I understand that I can revoke this authorization at any time by providing written notice to Caroline Perlis, c/o Phelps Dunbar LLP, 365 Canal Street, Suite 2000, New Orleans, LA 70130 and/or to the provider listed above. If I revoke this authorization, my revocation will not apply to any disclosure of my protected health information that occurred before my revocation was received.

7. By my signature below, I acknowledge that I have kept a copy of this authorization.

Date: ____________________

______________________________________________
Signature of Individual or Individual's Representative

______________________________________________
Printed Name of Individual's Representative (If applicable)

______________________________________________
Relationship of Representative to Individual (If applicable)

**YOU MAY REFUSE TO SIGN THIS AUTHORIZATION**