IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>BOLLINGER SHIPYARDS, LLC<br><br>Defendant. | ) | CIVIL ACTION NO. 1:25cv288-TBM-RPM |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:** Please provide the name of any and all employer(s) the Charging Party has had from April 12, 2024, to the present. For each such employer, please provide its address, telephone number, the Charging Party's job title, a description of the Charging Party's job/employment responsibilities, the Charging Party's rate of pay and work schedule, and dates of the Charging Party's employment.

**RESPONSE NO. 1:** Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case. Specifically, details of the responsibilities and work schedule of Charging Party's subsequent employment are not relevant to any claim or defense in this case.

Plaintiff states that Charging Party has performed work for Workhorse Recruiting, LLC as a contractor from approximately June 2024 to the present. To date, Charging Party has earned approximately $6000 from Workhorse Recruiting. In this position, Charging Party has performed home construction and repairs.



EXHIBIT 4

**<u>INTERROGATORY NO. 7</u>:** Describe with particularity and itemize any and all damages to which you contend the Charging Party and the EEOC are entitled by virtue of the allegations and claims raised in your Complaint, including documentation of how you arrived at your damages claims, the specific calculations demonstrating why the Charging Party/the EEOC are entitled to the amount described, identification of all documents you contend support the claim for damages, and identification of all witnesses believed to have information or knowledge concerning your claim for damages.

**<u>RESPONSE NO. 7</u>:** Plaintiff objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or the governmental deliberative process privilege.

Providing responsive, relevant, non-privileged information, Plaintiff refers Defendant to Section III of Plaintiff's Initial Disclosures. Plaintiff reserves the right to supplement this response as may be necessary as discovery continues.

**<u>INTERROGATORY NO. 8</u>:** Identify the name and address of each and every hospital, clinic, rehabilitation facility, institution, medical doctor, osteopathic doctor, health care provider, psychologist, psychiatrist, counselor or clergy member (collectively, "healthcare providers") by whom the Charging Party was treated, examined, or counseled from April 1, 2016 to the present. Please provide the full name, address and telephone number of each healthcare provider that you identify and the reason(s) for treatment by that healthcare provider.

**<u>RESPONSE NO. 8</u>:** Plaintiff objects to this interrogatory as it is overly broad, unduly burdensome, and disproportionate to the needs of the case. As written, this interrogatory would require Plaintiff to ascertain and identify each and every nurse, pharmacist, EMT, or pastor that

she interacted with in the last decade. Doing so would go well beyond the issues relevant to this case.

Plaintiff states that Charging Party has been treated by James B. Martin for her opioid dependency during the relevant time period. Dr. Martin's phone number is 228-875-3097. His address is 1103 Hanley Road, Ocean Springs, Mississippi 39564.

**INTERROGATORY NO. 9:** Identify all lawsuits, Charges, or claims to which the Charging Party has been a party, other than this one, including the case number, the court or governmental/administrative agency wherein the lawsuit or Charge was filed, the nature of the lawsuit or Charge, and the outcome of the lawsuit or Charge.

**RESPONSE NO. 9:** Plaintiff objects to this interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case because such matters, if there are any, are not relevant to the claims or defenses raised in this matter.

Plaintiff states that Charging Party has not filed any other charges of discrimination or employment discrimination lawsuits.

**INTERROGATORY NO. 10:** Identify any and all sources of income the Charging Party has received from January 1, 2024 through present, including but not limited to wages, benefits, disability payments, retirement payments, social security benefits, and/or any other governmental benefits or compensation.

**RESPONSE NO. 10:** Plaintiff objects to this interrogatory as it is overly broad, unduly burdensome, and disproportionate to the needs of the case. This interrogatory's terms could require Plaintiff to ascertain and identify every dollar Charging Party has received in the past two years. Doing so would be well beyond the scope of discovery and the size of this case. Further, any third-party payments such as workers' compensation or unemployment benefits are irrelevant to

damages. *See N.L.R.B. v. Gullet Gin Co.*, 340 U.S. 361, 364 (1951) (explaining the collateral source rule).

Providing responsive, relevant information, Plaintiff states that Charging Party has performed work for Workhorse Recruiting, LLC as a contractor from approximately June 2024 to the present. To date, Charging Party has earned approximately $6000 from Workhorse Recruiting. In this position, Charging Party has performed home construction and repairs.

Between approximately November 17, 2025, to January 16, 2026, Charging Party worked as a caregiver for Uplift Home Care LLC in Biloxi, Mississippi. Charging Party earned approximately $11 an hour in this position. In total, Charging Party earned approximately $1500 from Uplift.

Since approximately November 2025, Charging Party has also performed lawn care for a personal contact. Charging Party has earned approximately $1000 for this work.

**INTERROGATORY NO. 11:** Please identify each prescription and non-prescription drug the Charging Party has taken or was prescribed/advised to take for any physical, mental, emotional, or other condition at any time since April 1, 2016 to the present, whether prescribed for the Charging Party or for any other person, and for each such drug, state:

a. Name of drug

b. Dosage of drug

c. Condition or problem for which drug was prescribed or taken

d. Dates or period of time the drug was taken

e. Name, address and telephone number of prescribing doctor, if applicable; and

f. Name, address and telephone number of drug store or pharmacy where the prescription was filled or the drug was purchased.

**<u>RESPONSE NO. 11</u>:** Plaintiff objects to this interrogatory as it is overly broad, unduly burdensome, and disproportionate to the needs of the case because its terms would require Plaintiff to ascertain and identify minute details regarding every medication including over-the-counter medications for everyday ailments that Charging Party has consumed in the past ten years.

Plaintiff states that, during the relevant time period Charging Party took buprenorphine-naloxone to treat her opioid dependency. Charging Party took 1 sublingual film of 8-2 milligram 30 milligram buprenorphine-naloxone twice a day. Charging Party received her prescription from James B. Martin. Dr. Martin's phone number is 228-875-3097. His address is 1103 Hanley Road, Ocean Springs, Mississippi 39564.

**<u>INTERROGATORY NO. 12</u>:** Please state that you are disabled and identify with particularity your physical or mental health condition that substantially limits major life activities. Please also identify which major life activities are substantially limited by this impairment, as alleged in Paragraph 37 of the Complaint.

**<u>RESPONSE NO. 12</u>:** Plaintiff states that Charging Party is disabled. Plaintiff states that Charging Party has the disability of opioid dependency. Charging Party states that this disability in its untreated state substantially limits Charging Party's neurological and brain functions as well as her abilities to care for herself and work. Plaintiff reserves the right to supplement this response as may be necessary as discovery continues.

**<u>INTERROGATORY NO. 13</u>:** Please identify and describe the medication that was used to treat the Charging Party's opioid dependency as stated in Paragraph 17 of the Complaint, including the dosage of that medication that the Charging Party has allegedly been prescribed, from April 1, 2016 through the present.

Respectfully submitted on May 13, 2026,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Jackson Area Office
Dr. A.H. McCoy Federal Building
100 W. Capitol St., Suite 338
Jackson, MS 39269

*/s/ Jay Kucia*
Jay Kucia
MS Bar No. 106123
Trial Attorney
jay.kucia@eeoc.gov
(205) 651-7081

Benjamin G. Cain
D.C. Bar No. 1046636
Assistant Regional Attorney
benjamin.g.cain@eeoc.gov
(205) 520-8071

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205

Marsha L. Rucker
PA Bar No. 90041
Regional Attorney
marsha.rucker@eeoc.gov
(205) 651-7045

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 13, 2026, I served the foregoing on Defendant's counsel via email.

*/s/ Jay Kucia*
Jay Kucia