**From:** JAY KUCIA <JAY.KUCIA@EEOC.GOV>
**Sent:** Wednesday, August 5, 2026 5:19 PM
**To:** Caroline Perlis; WILLIAM THOMPSON; David Korn
**Cc:** Mark Fijman; Courtney Rousselle; Trenny V. Williston; Adam Harris; BENJAMIN CAIN; KENYATTA THAMES; KRISHANTA JONES
**Subject:** Re: [External] RE: EEOC v. Bollinger - Bollinger's Production of Documents
**Attachments:** PL Supplemental Response to DF First ROGs (Bollinger).pdf

**Follow Up Flag:** Follow up
**Flag Status:** Completed

Hi Caroline,

After careful consideration, Plaintiff still cannot agree to provide—nor to have Ms. Senseney sign releases authorizing the disclosure of—all of Ms. Senseney's sensitive medical information, including every prescription or OTC medication taken and every nurse, physician, or clergy member consulted since January 25, 2014.

As discussed, Plaintiff continues to believe that the breadth and level of detail sought are disproportionate and unduly burdensome. Plaintiff also cannot agree to execute releases permitting Defendant to obtain detailed medical records from every provider over a nearly 13-year period.

Under FRCP 26(b)(1), discovery is limited to nonprivileged matter that is relevant to a party's claims or defenses and proportional to the needs of the case. During our conferences, you and David were unable to identify how medical information dating more than a decade before Ms. Senseney's application to work for Defendant bears on whether Defendant discriminated against her in April 2024 or on any damages she has incurred since that date. Absent further justification, Plaintiff cannot agree to the scope of discovery requested.

Nonetheless, Plaintiff has produced all medical documents in its possession and has agreed to sign releases dating back to January 1, 2023. This period is sufficient to allow Defendant to assess Ms. Senseney's emotional and mental condition before and after the alleged discrimination. Plaintiff has provided Dr. James B. Martin's contact information and, as reflected in the attached supplementation, has clarified that, during this period, Ms. Senseney has used Dr. Martin as her primary care provider and her exclusive provider for her opioid dependency. The attached supplementation also explains when and how Ms. Senseney was prescribed buprenorphine-naloxone.

In short, Plaintiff remains committed to cooperating in good-faith discovery. If Defendant is now willing to consider reasonable narrowing or staging of further medical discovery, Plaintiff is willing to consider that. But Plaintiff cannot agree at this time agree to Defendant's request for medical information from before January 1, 2023, as it is irrelevant, disproportionate, and unduly burdensome.

Best,
Jay



EXHIBIT
6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>BOLLINGER SHIPYARDS, LLC<br><br>Defendant. | ) | CIVIL ACTION NO.<br>1:25cv288-TBM-RPM |

**<u>PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES</u>**

**<u>INTERROGATORY NO. 8</u>:** Identify the name and address of each and every hospital, clinic, rehabilitation facility, institution, medical doctor, osteopathic doctor, health care provider, psychologist, psychiatrist, counselor or clergy member (collectively, "healthcare providers") by whom the Charging Party was treated, examined, or counseled from April 1, 2016 to the present. Please provide the full name, address and telephone number of each healthcare provider that you identify and the reason(s) for treatment by that healthcare provider.

**<u>RESPONSE NO. 8</u>:** Plaintiff objects to this interrogatory as it is overly broad, unduly burdensome, and disproportionate to the needs of the case. As written, this interrogatory would require Plaintiff to ascertain and identify each and every nurse, pharmacist, EMT, or pastor that she interacted with in the last decade. Doing so would be well beyond the scope of discovery and the size of this case.

Providing responsive, relevant information, Plaintiff states that Charging Party has been treated by James B. Martin for her opioid dependency during the relevant time period. Dr. Martin's

phone number is 228-875-3097. His address is 1103 Hanley Road, Ocean Springs, Mississippi 39564.

**SUPPLEMENTAL RESPONSE NO. 8:** Providing further responsive, relevant information, Plaintiff states that Dr. Martin has been Charging Party's primary care physician since January 1, 2023. During this time period, Charging Party has exclusively seen Dr. Martin for the treatment of her opioid dependency and the prescription of buprenorphine-naloxone.

**INTERROGATORY NO. 11:** Please identify each prescription and non-prescription drug the Charging Party has taken or was prescribed/advised to take for any physical, mental, emotional, or other condition at any time since April 1, 2016 to the present, whether prescribed for the Charging Party or for any other person, and for each such drug, state:

a. Name of drug
b. Dosage of drug
c. Condition or problem for which drug was prescribed or taken
d. Dates or period of time the drug was taken
e. Name, address and telephone number of prescribing doctor, if applicable; and
f. Name, address and telephone number of drug store or pharmacy where the prescription was filled or the drug was purchased.

**RESPONSE NO. 11:** Plaintiff objects to this interrogatory as it is overly broad, disproportionate to the needs of the case. This interrogatory's terms could require Plaintiff to ascertain and identify minute details of every medication including painkillers and allergy medications that Charging Party has consumed in the past ten years. Doing so would be well beyond the scope of discovery and the size of this case.

Providing responsive, relevant information, Plaintiff states that, during the relevant time period, Charging Party took buprenorphine-naloxone to treat her opioid dependency. Charging Party took 1 sublingual film of 8-2 milligram 30 milligram buprenorphine-naloxone twice a day. Charging Party received her prescription from James B. Martin. Dr. Martin's phone number is 228-875-3097. His address is 1103 Hanley Road, Ocean Springs, Mississippi 39564.

**SUPPLEMENTAL RESPONSE NO. 11:** Providing further responsive, relevant information, Plaintiff states that Charging Party was prescribed buprenorphine-naloxone more than ten years ago. After giving birth to one of her children, Charging Party was prescribed an opioid and developed opioid dependency. Charging Party was then prescribed buprenorphine-naloxone to treat her opioid dependency. Charging Party has been taking buprenorphine-naloxone as prescribed for more than ten years.

Respectfully submitted on August 5, 2026,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Jackson Area Office
Dr. A.H. McCoy Federal Building
100 W. Capitol St., Suite 338
Jackson, MS 39269

*/s/ Jay Kucia*
Jay Kucia
MS Bar No. 106123
Trial Attorney
jay.kucia@eeoc.gov
(205) 651-7081

Benjamin G. Cain
D.C. Bar No. 1046636
Assistant Regional Attorney
benjamin.g.cain@eeoc.gov
(205) 520-8071

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205

Marsha L. Rucker
PA Bar No. 90041
Regional Attorney
marsha.rucker@eeoc.gov
(205) 651-7045

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 5, 2026, I served the foregoing on Defendant's counsel via email.

*<u>/s/ Jay Kucia</u>*
Jay Kucia