**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** — **PLAINTIFF**

**VS.** — **CIVIL ACTION NO.: 1:25-CV-00288-TBM-RPM**

**BOLLINGER SHIPYARDS, LLC** — **DEFENDANT**

# DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND TO QUASH OR MODIFY SUBPOENAS DIRECTED TO NON-PARTY FORMER EMPLOYERS

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Bollinger Shipyards, LLC ("Bollinger"), who respectfully files this Response in Opposition to the Motion for a Protective Order and to Quash or Modify the Subpoenas Defendant wishes to send to Ms. Senseney's former employers filed by Plaintiff, the Equal Employment Opportunity Commission (EEOC) (R. Doc. 28-29). As more fully stated in its Memorandum in Support of this Response, Plaintiff's Motion for a Protective Order and Motion to Quash or Modify the subpoenas noticed by Defendant should be denied for the following reasons:

1. The EEOC does not have standing to oppose Bollinger's subpoenas to non-parties because the EEOC is a Party that does not have a personal right or privilege with respect to the documents sought by the subpoenas.
2. Defendant's subpoenas are not overbroad in light of the close temporal proximity between Ms. Senseney's employment with Bollinger and her employment with Huntington Ingalls and Floore
3. The information sought by Defendant's subpoenas are relevant to Plaintiff's claims because they will either support or refute Plaintiff's contention that she was qualified

for the role of Shipfitter. The information sought is also relevant to Plaintiff's claim that she has been taking her medications for a long period of time, and her claims for emotional distress damages.

4. The EEOC cannot present arguments regarding undue burden to respond to the subpoenas because the EEOC is not the subpoenaed party.
5. The Defendant's subpoenas are not contrary to public policy or disproportionate to the needs of the case.
6. Defendant relies on the following exhibits to show that Plaintiff's Motion should be denied:

   Exhibit 1: Plaintiff's Initial Disclosures

   Exhibit 2: Defendant's Request for Production No. 13

   Exhibit 3: Plaintiff's Response to Defendant's Request for Production No. 13

   Exhibit 4: Ms. Senseney's Resume

For the foregoing reasons and those more fully explained in Defendant's Memorandum in Support of its Opposition to Plaintiff's Motion, Plaintiff has not shown good cause for a protective order, nor has it shown that Defendant's subpoenas should be quashed or modified. Therefore, Plaintiff's Motion should be denied.

THIS the 16th day of October, 2026.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: *<u>/s/David M. Korn</u>*

Mark Fijman (MS Bar 99153)
David M. Korn (pro hac vice)
Caroline E. Perlis (pro hac vice)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504 566 1311

Facsimile: 504 568 9130
Email: fijmanm@phelps.com
Email: kornd@phelps.com
Email: caroline.perlis@phelps.com

Adam Harris (MS Bar 102955)
2602 13th Street, Suite 300
Gulfport, Mississippi 39501
Telephone: 228 679 1130
Facsimile: 228 679 1131
Email: adam.harris@phelps.com

**ATTORNEYS FOR DEFENDANT**
**BOLLINGER SHIPYARDS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Response with the Clerk of Court using the CM/ECF system on October 16, 2026, which sent a notification of such filing to all counsel of record.

__*/s/David M. Korn*________

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO.: 1:25-CV-00288-TBM-RPM** |
| **BOLLINGER SHIPYARDS, LLC** | **DEFENDANT** |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND TO QUASH OR MODIFY SUBPOENAS DIRECTED TO NON-PARTY FORMER EMPLOYERS**

**MAY IT PLEASE THE COURT:**

Defendant, Bollinger Shipyards, LLC ("Bollinger"), respectfully files this Memorandum in Support of its Response in Opposition to the Motion for a Protective Order and to Quash or Modify the Subpoenas Defendant intends to send to Ms. Senseney's former employers filed by Plaintiff, the Equal Employment Opportunity Commission (EEOC).

## I. BACKGROUND

This is an individual employment discrimination lawsuit filed by the EEOC on behalf of Ms. Keely Senseney ("Ms. Senseney"). Plaintiff claims that Bollinger discriminated against Ms. Senseney on the basis of her alleged disability (opioid dependence) by placing Ms. Senseney on medical leave after she disclosed that she was prescribed two medications: Adderall and Suboxone. *See* R. Doc. 1. Defendant denies these claims, including by raising the "direct threat" defense that it placed Ms. Senseney on medical leave because she could have been a direct threat to herself or others if she was allowed to perform safety sensitive job responsibilities while taking her prescribed medications in light of the side effects that those prescriptions may cause. Plaintiff

seeks damages for "past and future nonpecuniary losses…including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation." R. Doc. 1, Prayer for Relief. Plaintiff confirmed that it seeks damages for "emotional pain, suffering, inconvenience, humiliation, mental anguish, loss of enjoyment of life, loss of self-esteem, and loss of social standing and respect" in its Initial Disclosures. Exhibit 1 (Plaintiff's Initial Disclosures).

In Ms. Senseney's employment application for work at Bollinger, Ms. Senseney attached her resume. Exhibit 4. In her resume, Ms. Senseney disclosed that she was previously employed by Huntington Ingalls Shipbuilding ("Huntington Ingalls") as a Shipfitter from October 2021 until she applied for work with Bollinger. *Id.* Ms. Senseney also disclosed that she was employed by Floore Industrial Contractors ("Floore") as a Shipfitter Helper from January 2019 until September of 2021. *Id.* Ms. Senseney actively performed work for Bollinger from February 21, 2024 until April 12, 2024 – approximately two months.

In light of Defendant's knowledge that Ms. Senseney had two former employers who employed Ms. Senseney in identical or substantially similar positions shortly before she applied for work with Bollinger, and Ms. Senseney's short stint of active work with Bollinger that could not possibly confirm whether she was qualified for the role of Shipfitter, Bollinger asked Plaintiff to produce a signed authorization for Ms. Senseney's personnel records during discovery. Specifically, Bollinger's Request for Production No. 13 asked Plaintiff to produce "an executed copy of each of the attached forms, including…(f) Personnel Records Release Authorization." Exhibit 2 (Defendant's Request For Production No. 13). Plaintiff objected to this request because "it is beyond the scope of discovery in that it asks Plaintiff to create documents that do not exist," despite the fact that Bollinger attached a personnel records authorization to its discovery requests. Exhibit 3 (Plaintiff's Response to Defendant's Request for Production No. 13).

Because Plaintiff refused to produce an authorization for personnel records signed by Ms. Senseney that would allow Defendant to discover Plaintiff's recent employment records, Defendant filed a Notice of Intent to Serve Subpoena Duces Tecum in this Court on August 20, 2026. R. Doc. 24. This Notice shows that Defendant intends to issue subpoenas duces tecum pursuant to Federal Rule of Civil Procedure 45 to Ms. Senseney's two most recent former employers: Huntington and Floore. *Id.* The subpoenas seek Ms. Senseney's personnel records in the custody or control of each of these two former employers who employed Ms. Senseney in the identical or substantially similar positions as Bollinger in the immediate five (5) years prior to her application for employment with Bollinger.

Plaintiff notified Defendant that it intended to oppose Defendant's proposed subpoenas to Ms. Senseney's former employers. The Parties held discovery conferences where Defendant explained that the records sought are relevant and within the scope of discovery because they speak to Plaintiff's qualifications for employment as a shipfitter and because they could be relevant to Plaintiff's claims for emotional distress damages in light of the fact that Plaintiff's employment with Floore and Huntington Ingalls was in such close temporal proximity to Plaintiff's employment with Bollinger. Defendant also explained that Plaintiff's past employment records could be relevant to Defendant's defenses in this matter, including whether Plaintiff posed a direct threat to herself or others if she was allowed to continue performing safety sensitive duties while taking Suboxone and Adderall. Despite good faith efforts, the Parties could not resolve this discovery dispute. Plaintiff therefore filed its Motion for a Protective Order and to Quash or Modify the Subpoenas Noticed by Defendant on October 2, 2026.

## II. STANDARD OF REVIEW

### A. Motion to Quash or Modify a Rule 45 Subpoena

Federal Rule of Civil Procedure 45(d)(3) allows individuals who are issued subpoenas to file motions to quash or modify such subpoenas in certain circumstances. "[D]iscovery from a third party as permitted through a subpoena issued under Rule 45 is limited to the scope of discovery permitted under Rule 26(b)(1) in the underlying action." *MetroPCS v. Thomas*, 327 F.R.D. 600, 609-610 (N.D. Tex. 2018). "On a Rule 45(d)(3)(A) motion to quash or modify a subpoena, the moving party has the burden of proof." *Id.* "Generally, modification of a subpoena is preferable to quashing it outright." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

**B. Motion for Protective Order**

Under Federal Rule of Civil Procedure 26, a court may, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "Good cause exists when disclosure will result in a clearly defined and serious injury to the party seeking the protective order." *Rogers v. Orleans Parish Sheriff Office*, 2025 WL 2460267, *5 (E.D. La. Aug. 27, 2025). "The movant bears the burden of showing that a protective order is necessary, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Equal Employment Opportunity Commission v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017).

## III. ARGUMENT

**A. The EEOC Does Not Have Standing to Oppose Defendant's Subpoenas**

First and foremost, the EEOC, as a Party to this Action without personal rights or privileges over the documents sought by the subpoenas, does not have standing to oppose the subpoenas that Defendant intends to issue to Ms. Senseney's non-party former employers.

"Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the document sought." *Ezell v. Parker*, 2015 WL 859033, *1 (S.D. Miss., Feb. 27, 2015). The United States Court of Appeals for the Fifth Circuit directly held that Parties to an action do not have standing to oppose subpoenas issued to a non-party in *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). There, the plaintiff issued a subpoena to a non-party. The defendant moved to quash or modify the subpoenas. The Fifth Circuit held that the defendants did "not have standing to raise the issue of [the non-party's] amenability to the compulsory process of the district court since they are not in possession of the materials subpoenaed and have not alleged any personal right or privilege with respect to the materials subpoenaed." *Id.* at 967.

This Court has affirmed this holding many times. *See*, *e.g.*, *Lizana v. State Farm Fire & Cas. Co.*, 1:08-cv-501, 2010 WL 145295, *1 (S.D. Miss. Jan. 8, 2010) ("The Fifth Circuit has held that a non-party does not have standing to oppose a subpoena since the party is 'not in possession of the materials subpoenaed and [has] not alleged any personal right or privilege with respect to the materials subpoenaed."); *Williams v. Weems Community Mental Health Center*, No. 4:04-cv-179, 2006 WL 905955, *1 (S.D. Miss. Apr. 7, 2006) (holding that a defendant did not have standing to bring a motion to quash a subpoena issued to a non-party because the Defendant had not alleged a personal right or privilege with regards to the documents);

The EEOC is a Party that does not have standing to oppose Defendant's subpoenas absent some personal right or privilege with regard to the documents sought. The EEOC cannot possibly claim that it, as a federal agency, has a personal right or privilege with respect to Ms. Senseney's personnel records from her former employers. Therefore, the law is clear that the EEOC does not

have standing to oppose Defendant's proposed subpoenas, and the EEOC's Motion for Protective Order and Motion to Quash or Modify should be denied.

**B. Defendant's Subpoenas are Not Overbroad**

Even if the EEOC does have standing to oppose Defendant's subpoenas, which is denied, the EEOC's arguments for why Defendant's subpoenas should be modified or quashed fail. First, the EEOC argues that Defendant's subpoenas should be quashed because they are "facially overbroad because they effectively request all information about Ms. Senseney in each former employer's possession." R. Doc. 29, p. 4. To support this argument, Plaintiff cites out of circuit cases where district courts quashed a former employer's subpoenas for the employee-plaintiff's past employment records. However, these cases do not show that Defendant's subpoenas should be quashed in this circumstance, or that Plaintiff has established good cause for the entry of a protective order prohibiting Defendant from discovering Ms. Senseney's personnel records from before she was employed by Bollinger.

Defendant specifically noticed subpoenas to Ms. Senseney's two former employers immediately before she applied for employment with Bollinger. Ms. Senseney's period of employment with these two employers combined constitutes about five (5) years. Bollinger specifically intends to seek Ms. Senseney's personnel records from these two employers because of this narrow timeframe, and because the position that Ms. Senseney held at Huntington Ingalls and Floore were either identical or substantially similar to the position that she would then hold at Bollinger. While Defendant does seek all of Ms. Senseney's personnel records from these two specific employers, the subpoenas are not overbroad in light of this context. The subpoenas intended to be issued by Defendant are not overbroad because of the short timeframe of the records that would be in the former employer's possession, and the temporal proximity of those records to

Plaintiff's employment with Bollinger. These records could contain information that is relevant to Plaintiff's claims for emotional distress or punitive damages in light of this temporal proximity. Moreover, these records are relevant to Plaintiff's qualifications to perform the shipfitter position at Bollinger, including whether she had any prior workplace incidents that could render her disqualified from performing the position under the direct threat exception to ADA discrimination. In the circumstances of this case, the subpoenas that Defendant intends to issue to Plaintiff's former employers are not facially overbroad. The EEOC has not presented specific facts that show that a protective order prohibiting Defendant from discovering Ms. Senseney's prior personnel records is necessary in this context.

**C. The Information Requested by the Subpoenas is Relevant to Plaintiff's Claims and Defendant's Defenses**

The EEOC's next argument is that Bollinger has failed to establish that the records sought through its subpoenas are relevant to this matter. First, the EEOC argues that because Bollinger allegedly did not seek records from Ms. Senseney's former employers during the hiring process or during the interactive process regarding Ms. Senseney's alleged disabilities, the records could not possibly be relevant now. See R. Doc. 29, p. 6. The EEOC also assumes, without relying on any fact or document, that the occupational health clinics who evaluated Ms. Senseney did not rely on Ms. Senseney's prior employment records, and therefore the employment records are not relevant now. To make this argument, the EEOC relies on *Reed v. Madison Cnty, Miss.*, No. 3:16-cv-51, 2016 WL 11640189 (S.D. Miss. Nov. 1, 2016). However, *Reed* is distinguishable from the case here.

In *Reed*, the employer sought the discovery of its former employee's personnel records from other employers. *Id.* at *1. When the employee objected to the relevancy of the documents sought, the employer explained that the documents were relevant to the employee's qualifications

to perform her role, which a plaintiff must show to prove a prima facie case of discrimination. *Id.* at *2. While the Court did overrule the employer's argument, the Court specifically relied upon the fact that the employee "had worked for Defendant for over four years and six months" and reasoned that "Defendant fails to suggest any reason for suspecting that Plaintiff might have lacked qualifications for a position she held for several years." *Id.*

The *Reed* Court's reasoning does not apply here. Ms. Senseney's first day of work at Bollinger was February 21, 2024, and she went out on medical leave on April 12, 2024. Senseney therefore only actively performed duties for Bollinger for a little over two months. Unlike the defendant in *Reed*, Bollinger does not have years of knowledge regarding Ms. Senseney's experience as a shipfitter that would cause her prior employment records to be irrelevant. The EEOC's reliance on *Reed* is misplaced. Ms. Senseney is required to show that she was qualified for the position of Shipfitter in order to prove her prima facie case of discrimination. *See Necaise v. Grand Casinos of Mississippi, Inc*., No. 1:04-cv-126, 2006 WL 3469604, *1 (S.D. Miss. Nov. 30, 2006) (stating that the elements of a prima facie case of disability discrimination include that a plaintiff show that they are qualified for the job). Defendant is entitled to discover documents that will allow it to refute Plaintiff's forthcoming arguments that Ms. Senseney was qualified, especially in light of the context of this case where Defendant intends to argue that Ms. Senseney was not qualified for her role under the direct threat exception. Any prior personnel records that are related to Ms. Senseney's qualifications are relevant here, and Defendant should be allowed to discover those records.

Ms. Senseney's personnel records are also relevant to the extent that they contain any information related to Ms. Senseney's alleged disability, including whether she disclosed her medications to her former employers and whether she was taking the same medications and

dosages while she was employed by Huntington Ingalls and Floore. In its Motion, the EEOC attempts to refute these arguments by stating that Bollinger "could more directly and less burdensomely obtain any information…through a properly limited request for records from the medical provider who prescribed the medication to Senseney." R. Doc. 29, p. 6. This argument should be completely ignored in light of the fact that the EEOC has refused to produce HIPAA authorizations signed by Ms. Senseney that would allow Defendant to discover such information. As the Court knows, Defendant filed a Motion to Compel regarding this exact issue, which is still pending. The EEOC's argument that the Defendant's subpoena should be quashed or modified because Defendant could seek Ms. Senseney's medical information from her medical providers directly has been rebuffed by the EEOC's own refusal to allow discovery of Ms. Senseney's medical records. Ms. Senseney's history of being prescribed Adderall and Suboxone is extremely relevant and important to Defendant's defenses to this action and could be shown through her personnel records. Plaintiff's personnel records could also show whether Plaintiff had any safety incidents during her employment with Floore or Huntington Ingalls, or how Plaintiff separated from employment with these two past employers. The EEOC's contention that Ms. Senseney's employment records are irrelevant is therefore unconvincing.

Finally, Defendant argues that Ms. Senseney's past employment records are relevant to Ms. Senseney's claims for emotional distress damages. Plaintiff claims that Defendant's employment actions taken towards her, including its decision to place Plaintiff on medical leave, caused her emotional distress. *See* R. Doc. 1; Exhibit 1. However, Plaintiff's alleged emotional distress could have been caused by other things. For example, Plaintiff also separated from her employment with Huntington Ingalls and Floore within five (5) years of the employment actions taken by Defendant. Defendant is entitled to discover whether any employment actions taken by

Huntington Ingalls and Floore could have been the actual cause of Plaintiff's alleged emotional distress, especially in light of the short timeframe between Ms. Senseney's employment at all three employers.

The EEOC again relies on *Reed*, 2016 WL 11640189 at *4, to claim that Bollinger's argument with respect to emotional distress damages is incorrect. However, *Reed* is again inapplicable to the current case. In *Reed*, the Court denied the employer's motion to compel its employee's past personnel records despite the employer's argument that the personnel records were relevant to the plaintiff's emotional distress damages. *Id.* However, the Court relied on the fact that the plaintiff there had been employed by the employer for "over four and a half years" and therefore reasoned that "with respect to the issue of Plaintiff's emotional stress damages, Plaintiff's personnel records from prior employers are dated." *Id.* This is not the case here. As previously explained, Defendant only seeks Ms. Senseney's personnel records from her two former employers immediately prior to Bollinger. Ms. Senseney only actively performed work for Bollinger for a couple of months. The records sought from Ms. Senseney's former employers were created in close proximity to Ms. Senseney's employment with Bollinger and are not "dated" for purposes of Ms. Senseney's emotional distress damages. Therefore, Plaintiff's reliance on *Reed* is misguided.

Bollinger has presented legitimate arguments for why Ms. Senseney's prior employment records are relevant to this case. First, as an element of Plaintiff's prima facie case of discrimination, Plaintiff must show that she was qualified to perform her role at Bollinger. Defendant argues that Plaintiff was not qualified for her role because she was a direct threat to herself or others due to the potential side effects of the medications that she was prescribed. Defendant is entitled to discover Ms. Senseney's prior employment records that could support

Plaintiff's claim that she is qualified and/or Defendant's defenses that she was not qualified, especially in light of the fact that Ms. Senseney was employed in the exact same role at her former employers as the role that she performed at Bollinger. Bollinger is also entitled to discover records that could show that Plaintiff's alleged emotional distress damages stemmed from Plaintiff's past employers, not Bollinger. The EEOC has not shown that the information sought by Plaintiff's subpoenas are irrelevant, or that specific facts exist here that warrant a protective order. Therefore, Plaintiff's Motion should be denied.

**D. The Subpoenas are Not Unduly Burdensome, Contrary to Public Policy, and are Proportional to the Needs of the Case**

The EEOC's final subsection of its Motion claims that Defendant's subpoenas "are unduly burdensome, contrary to public policy, and not proportional to the needs of the case." These arguments are not persuasive.

First and foremost, the EEOC cannot argue that responding to the subpoena would be unduly burdensome because the EEOC is not the entity that must respond to the subpoena. It is clear that "a plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that…the subpoena is overly broad…because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds." *Frazier v. RadioShack Corp*., No. 10-855, 2012 WL 832285, *2 (M.D. La. Mar. 12, 2012). *See also Public Service Co. of Oklahoma v. A Plus*, Inc., No. CIV-10-651, 2011 WL 691204, *5 (W.D. Oka. 2011) ("Even if a party has standing to challenge a subpoena directed to a third party on privacy or privilege grounds, he may not challenge that subpoena on the grounds that the information imposes an undue burden on the subpoenaed party."). The EEOC's contention that it can challenge Defendant's subpoenas because responding to the subpoenas would cause undue burden on the subpoenaed parties is contrary to law and should be ignored.

The EEOC's argument that the subpoenas are contrary to public policy and not proportional to the needs of the case is also unpersuasive. To support this argument, Plaintiff cites *Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540 (5th Cir. 2016) and *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 363 (1995). However, both of these cases are easily distinguishable from the case at bar. First and foremost, *Cazorla* does not discuss subpoenas under Federal Rule of Civil Procedure 45. Instead, it discusses whether an employer should be allowed to discover information related to its employees' immigrant visa applications. *Id.* at 544. While the *Cazorla* Court did sustain the employees' objections to the plaintiffs' discovery requests regarding their visa applications and immigration status, this has nothing to do with the issue here: whether the EEOC should be granted a protective order prohibiting discovery into Ms. Senseney's past employment records. The EEOC's reliance on *Cazorla* is misguided and should not be considered by the Court.

Similarly, *McKennon* does not show that Defendant's subpoenas should be quashed or that the EEOC should be granted a protective order prohibiting discovery regarding Ms. Senseney's employment history or personnel records. In *McKennon*, the United States Supreme Court considered an employer's motion for summary judgment with respect to its former employee's claims of age discrimination under the ADEA. *Id.* at 355-56. For purposes of the motion, the employer conceded that it discriminated against the employee, but argued that the after-acquired evidence doctrine nevertheless justified termination of the employee because she had taken the employer's confidential proprietary information with her when she was terminated. *Id.* The Court acknowledged that the after-acquired-evidence doctrine might encourage employers to "undertake extensive discovery into an employee's background or performance on the job." *Id.* at 363. Plaintiff relies on this statement completely out of context when the issues discussed in *McKennon* are not relevant to whether Defendant's subpoenas should be quashed or modified or whether

Plaintiff is entitled to a protective order prohibiting discovery regarding Ms. Senseney's former employers.

Plaintiff has not offered legal authority that supports its position that Defendant's subpoenas are contrary to public policy or disproportional to the needs of the case. Defendant seeks discovery of Ms. Senseney's personnel records from her two former employers who employed her in identical and substantially similar positions as Defendant in the immediate five (5) years prior to Ms. Senseney's employment with Defendant for legitimate reasons, proportional to the needs of the case and in light of the claims and damages sought by Plaintiff. The EEOC has failed to present specific facts that show why there is good cause for a protective order in this situation. Plaintiff's Motion for a Protective Order and to Quash/Modify Defendant's subpoenas should be denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for a Protective Order and Plaintiff's Motion to Quash or Modify the subpoenas Defendant intends to issue to Ms. Senseney's former employers should be denied.

THIS the 16th day of October, 2026.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/David M. Korn*

Mark Fijman (MS Bar 99153)
David M. Korn (pro hac vice)
Caroline E. Perlis (pro hac vice)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504 566 1311
Facsimile: 504 568 9130
Email: fijmanm@phelps.com
Email: kornd@phelps.com

Email: caroline.perlis@phelps.com

Adam Harris (MS Bar 102955)
2602 13th Street, Suite 300
Gulfport, Mississippi 39501
Telephone: 228 679 1130
Facsimile: 228 679 1131
Email: adam.harris@phelps.com

**ATTORNEYS FOR DEFENDANT**
**BOLLINGER SHIPYARDS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Response with the Clerk of Court using the CM/ECF system on October 16, 2026, which sent notification of such filing to all counsel of record.

__*/s/David M. Korn*________