IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO.: 1:25-CV-00288-TBM-RPM** |
| **BOLLINGER SHIPYARDS, LLC** | **DEFENDANT** |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSE TO INTERROGATORY**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Bollinger Shipyards, LLC ("Bollinger"), who respectfully submits this Response in Opposition to the EEOC's Motion to Compel (R. Doc. 31). Bollinger states the following in support of its Opposition:

1. The EEOC's Interrogatory No. 3 is overbroad because it is not narrowly tailored to seek the identities of individuals who are similarly situated to Ms. Senseney.
2. The EEOC's Interrogatory seeks confidential medical information regarding Bollinger's current and former employees, the production of which is not proportional to the needs of the case.
3. Responding to the EEOC's Interrogatory No. 3 as written would be unduly burdensome for Defendant because it would require Defendant to review potentially thousands of personnel files.
4. Defendant relies on the following exhibits
    a. Exhibit 1: Plaintiff's Interrogatory No. 3
    b. Exhibit 2: Defendant's Response to Interrogatory No. 3

For these reasons and those set forth in more detail in Defendant's Memorandum in Support of this Response, Defendant respectfully submits that the Court should deny the EEOC's Motion to Compel (R. Doc. 31).

THIS the 16th day of October, 2026.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/David M. Korn*

Mark Fijman (MS Bar 99153)
David M. Korn (pro hac vice)
Caroline E. Perlis (pro hac vice)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504 566 1311
Facsimile: 504 568 9130
Email: fijmanm@phelps.com
Email: kornd@phelps.com
Email: caroline.perlis@phelps.com

Adam Harris (MS Bar 102955)
2602 13th Street, Suite 300
Gulfport, Mississippi 39501
Telephone: 228 679 1130
Facsimile: 228 679 1131
Email: adam.harris@phelps.com

**ATTORNEYS FOR DEFENDANT BOLLINGER SHIPYARDS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing Response on October 16, 2026, using the Clerk of Court's CM/ECF system, which sent a notice of filing to all counsel enrolled in this matter.

*/s/David M. Korn*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO.: 1:25-CV-00288-TBM-RPM** |
| **BOLLINGER SHIPYARDS, LLC** | **DEFENDANT** |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL RESPONSE TO INTERROGATORY**

**MAY IT PLEASE THE COURT:**

Defendant, Bollinger Shipyards, LLC ("Bollinger"), respectfully files this Memorandum in Support of its Response in Opposition to the Motion to Compel filed by Plaintiff, the Equal Employment Opportunity Commission (EEOC) (R. Doc. 31). For the reasons stated herein, the EEOC's Motion to Compel should be denied in full.

## I. BACKGROUND

This is a disability discrimination suit brought by the EEOC on behalf of a current employee of Bollinger, Ms. Keely Senseney ("Ms. Senseney"). The EEOC filed its Complaint on Ms. Senseney's behalf on September 25, 2025. R. Doc. 1. Plaintiff brings four causes of action against Defendant, which all allege that Ms. Senseney experienced disparate treatment on the basis of her disability during her employment with Bollinger. R. Doc. 1.[1] Plaintiff essentially argues that Defendant discriminated against Ms. Senseney on the basis of her disability (opioid dependence)

[1] Plaintiff's causes of action are: (1) Disparate Treatment Based on Actual Disability; (2) Disparate Treatment Based on 'Record Of' Disability; (3) Disparate Treatment Based on 'Regarded As' Disability Discrimination; and (4) Disparate Treatment Based on Unlawful Qualification Standard.

when Defendant placed Ms. Senseney on medical leave after she disclosed that she was prescribed two medications: Adderall and Suboxone.

Plaintiff issued its First Set of Interrogatories to Defendant on April 13, 2026. Exhibit 1. The relevant Interrogatory to Plaintiff's Motion to Compel, Interrogatory No. 3, asked Defendant to:

> Identify each employee whom Defendant has placed on leave because of the employee's use of a prescription medication as prescribed between May 1, 2021, and the present. For each such individual, state the individual's name and dates of employment. If any such individual is no longer employed by Defendant, further state the individual's last known phone number and last known mailing address.

Exhibit 1.

Defendant propounded responses to Plaintiff's First Set of Interrogatories on Plaintiff on May 13, 2026. Exhibit 2. Defendant objected to Plaintiff's Interrogatory No. 3, stating in full:

> Defendant objects to Interrogatory No. 3 because it is unduly burdensome. For example, the Interrogatory asks Defendant to search through give years of records for all of its employees in order to identify employees who were allegedly placed on medical leave due to their use of prescription medications. Defendant also objects to this Interrogatory because it is overbroad. For example, the Interrogatory seeks information about individuals who were "placed on leave because of the employee's use of prescription medication" and therefore is not narrowly tailored to seek information about individuals who were prescribed the same or similar medications as that which the Charging Party was prescribed. The Interrogatory is also not narrowly tailored because it seeks information from 2021 to the present, even though Ms. Senseney was not hired by Defendant until 2024, and therefore the information sought is outside of the scope of discovery. Defendant also objects to Interrogatory No. 3 because it seeks confidential medical information regarding employees of Defendant who are not parties to this action and who have not consented to the disclosure of their private medical information.

Exhibit 2.

On June 8, 2026, Plaintiff sent Defendant a discovery deficiency letter which claimed that Defendant's objection to Plaintiff's Interrogatory No. 3 was deficient. The Parties held a discovery conference where Defendant explained that Plaintiff's Interrogatory No. 3, as written would require Defendant to search each personnel file for each individual employee, regardless of their

position or which facility they work in, for a period of more than five years. Therefore, the Interrogatory is overburdensome to Defendant. Defendant also explained its position that the Interrogatory is not narrowly tailored to seek records regarding employees who are similarly situated to Ms. Senseney, and therefore many of the identities of individuals requested are outside of the scope of discovery. Defendant further explained its objection that the identities of the individuals are explicitly linked to their private, confidential medical information, the production of which is not proportional to the needs of the case in this individual discrimination suit.

Plaintiff sent Defendant an additional deficiency letter regarding Interrogatory No. 3 on July 31, 2026. The Parties held an additional discovery conference on August 11, 2026, where Defendant reiterated its position that Interrogatory No. 3, as written, is overbroad, unduly burdensome, and seeks confidential medical information of non-party individuals. However, the Parties remained at an impasse regarding Plaintiff's Interrogatory No. 3. The Parties attended a discovery conference with the Court on August 20, 2026, which did not resolve the discovery dispute. Plaintiff therefore filed its Motion to Compel Defendant to respond to Interrogatory No. 3 on October 2, 2026.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 26(b), a Party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule 37(3)(B)(iii) allows a Party to file a Motion to Compel an answer to an Interrogatory. District courts have wide discretion to supervise discovery and may limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, is not proportional to the needs of the case, or if the burden or expense of proposed discovery outweighs its potential benefit. Fed. R. Civ. P. 26(b)(2)(C); *Vaughn v. Solera Holdings LLC*, 2024 WL 4093179, *1 (N.D. Tex. Sept. 4, 2024).

## III. LEGAL ARGUMENT

Plaintiff's Interrogatory No. 3 seeks expansive, company-wide, confidential medical information of non-party employees. As written, the Interrogatory is overbroad, unduly burdensome, and seeks information outside of the scope of discovery. Plaintiff's Motion to Compel should therefore be denied.

### A. Plaintiff's Interrogatory No. 3 is overbroad because it seeks the identities of employees who are not similarly situated to Ms. Senseney.

In its Motion to Compel, Plaintiff characterizes the information sought by its Interrogatory No. 3 as "comparator evidence." R. Doc. 31, p. 4. This characterization itself defeats Plaintiff's Motion to Compel because "comparator evidence" is only discoverable in employment discrimination cases for individuals who are similarly situated to the claimant, and the EEOC's Interrogatory is no way limited to information regarding similarly situated employees to Ms. Senseney.

In an employment discrimination case, "[t]he scope of discovery includes information pertaining to similarly situated employees to the extent that it is proportional to the needs of the case." *Dean v. Shell Pipeline Company, LP*, No. 19-137, 2020 WL 2813521, *9 (M.D. La. May 29, 2020). To be a similarly situated employee, the employee must be in "nearly identical circumstances" as the plaintiff. *Arters v. Univision Radio Broadcasting TX, L.P.*, No. 3:07-cv-0957, 2009 WL 1313285, *4 (N.D. Tex. May 12, 2009). "Employees with different responsibilities, different supervisors, different capabilities, different work rule violations or different disciplinary records are not considered to be nearly identical." *Drechsel v. Liberty Mutual Insurance Co.*, No. 3-14-cv-162, 2015 WL 6865965, *5 (N.D. Tex. Nov. 9, 2015). "In the Fifth Circuit, comparably-situated employees typically are identified by the plaintiff's work unit. To move beyond [the work unit] the plaintiff…must show a more particularized need and relevance." *Arters*, 2009 WL 1313285 at *4. The fact that certain comparator evidence may be discoverable

in an individual discrimination matter does not "permit a plaintiff to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Drechsel*, 2015 WL 6865965 at *4.

Plaintiff's Interrogatory No. 3, which it admits seeks "comparator evidence" is in no way tailored to seek information regarding individuals who are similarly situated to Ms. Senseney. Instead, the Interrogatory seeks the identities of all employees whom "Defendant has placed on leave because of the employee's use of a prescription medication." Exhibit 1. Plaintiff therefore does not even attempt to narrow its discovery requests to similarly situated individuals who could be legitimate comparators for Ms. Senseney, such as those employees who had the same job responsibilities, supervisors, capabilities, and disciplinary record as Ms. Senseney. *See Drechsel*, 2015 WL 6865965 at *4. Plaintiff does not even attempt to narrow the Interrogatory to individuals who worked in the same facility as Ms. Senseney in Pascagoula, or individuals who were prescribed the same or similar medications as those Ms. Senseney was prescribed. Plaintiff's Interrogatory No. 3 is a textbook example of a fishing expedition into the private medical information of Defendant's non-party employees which has nothing to do with Plaintiff's individual employment discrimination case brought on behalf of Ms. Senseney.

The EEOC argues that it is entitled to the information that it seeks in Interrogatory No. 3 because that information will "allow the jury to compare how Bollinger treated Ms. Senseney's medication disclosure with how Bollinger treated disclosures from other employees who use medications with similar side effects to treat a condition other than opioid dependency." R. Doc. 31, p. 5. However, this is not an accurate representation of what the EEOC seeks in its Interrogatory No. 3 which seeks the identities of all employees who were placed on leave after disclosing that they are prescribed medications, regardless of whether the other employees were or were not disabled, or whether the other employees' medications have similar side effects as those taken by

Ms. Senseney. The law is clear that the only relevant information of other individuals in an employment discrimination action is the information of similarly situated individuals. Despite multiple requests to do so, the EEOC has refused to narrow its request to seek the identities and information regarding similarly situated individuals. Its explanation in its Motion to Compel is unpersuasive.

The EEOC also argues that it is entitled to a response to Interrogatory No. 3 because "Bollinger has placed its treatment of comparators at issue by asserting as a defense that Ms. Senseney's use of medication constituted a direct threat" and that "[a]cess to comparator evidence would allow the jury to test whether that defense is pretextual." R. Doc. 31, p. 5. The EEOC cites Bollinger's Medication Disclosure Policy, which uses the terms "safety sensitive positions" and "safety sensitive medication" in an attempt to justify its exceedingly overbroad discovery request, and states that "whether Bollinger excluded employees taking other prescription medications with similar side effects from working safety sensitive positions is directly relevant to whether Bollinger has applied its policy consistently or disparately with respect to Ms. Senseney." R. Doc. 31, p. 5. These arguments are all irrelevant because Plaintiff does not seek comparator evidence or evidence regarding employees taking other prescription medications with similar side effects working safety sensitive position in its Interrogatory No. 3. Instead, as previously explained, the Interrogatory seeks information regarding all employees whom "Defendant has placed on leave because of the employee's use of a prescription medication." Exhibit 1. This Interrogatory is entirely overbroad and seeks confidential medical information of non-party employees which is not at all relevant to Plaintiff's claims or Defendant's defenses to those claims. The Court should deny Plaintiff's Motion to Compel because its Interrogatory No. 3 is overbroad.

**B. Plaintiff's Interrogatory No. 3 should be denied because it seeks confidential information that is not proportional to the needs of the case.**

Even if the Interrogatory was not overbroad, which is explicitly denied, the information sought by the Interrogatory is not within the scope of discovery because it is not proportional to the needs of the case. When considering whether information requested is proportional to the needs of the case, courts should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Federal Rule of Civil Procedure 26. Courts have held that even when there is a protective order in place, certain information about non-parties should be redacted or not produced at all, "including personal identifying information, medical information or histories, salary and benefits information." *Callais v. United Rentals North America, Inc.*, No. 17-312, 2018 WL 6517446, *3 (M.D. La. Dec. 11, 2018).

This is a single-party employment action where the EEOC alleges that Bollinger discriminated against Ms. Senseney on the basis of her disability (opioid dependency). Just because the EEOC brings a single-party employment action against Defendant does not mean that it should have access to the confidential medical and employment information of all other Bollinger employees who have disclosed that they are prescribed medication and have been on medical leave. This information, especially due to its confidential and medical nature, constitutes information within a person's personnel file that should either be redacted or not produced at all under *Callais*. The EEOC argues that the fact that the Parties have entered into a protective order has addressed Bollinger's confidentiality concerns. R. Doc. 31, p. 7. However, *Callais* specifically states that there are "specific types of information likely contained in personnel files that is to be either redacted or not produced at all" "notwithstanding the [entry of a] Protective Order." *Callais*, 2018 WL 6517446 at *3. The production of all of Bollinger's employees' identities that are associated with their confidential medical information for a more than five (5) year period is not

proportional to the needs of this case. Plaintiff's Motion to Compel should therefore be denied for this additional reason.

**C. Plaintiff's Interrogatory No. 3 is unduly burdensome.**

Even if the information requested by Interrogatory No. 3 was within the scope of discovery in this matter, responding to the Interrogatory as written would be unduly burdensome to Defendant. Plaintiff is seeking the identities of any Bollinger employee who has been placed on medical leave to due their disclosure of use of any type of prescription medication for a more than five (5) year period. As previously explained to Plaintiff, a list of these individuals does not exist. Therefore, in order to compile the information requested, Defendant would have to review every personnel file for every employee that was employed during the more than five-year period to determine whether they ever disclosed that they were prescribed any type of medication and whether they were ever placed on medical leave.

The Fifth Circuit has directly upheld the denial of a motion to compel regarding a similar Interrogatory issued by the EEOC in *Marshall v. Westinghouse Elec. Corp*., 576 F.2d 588 (5th Cir. 1978). There, the EEOC sought "information about all persons whose employment with the defendant's elevator division was terminated between 1972 and the present." *Id.* at 592. The district court held that the Interrogatory was too oppressive and unduly burdensome. *Id.* The Fifth Circuit affirmed, reasoning that the request "encompassed some 7,500 employees in thirty-two districts and three manufacturing plants" and holding that "the EEOC must show a more particularized need and relevance" for the Court to compel such extensive records. *Id.*

Other courts within the Fifth Circuit have also addressed whether this type of Interrogatory is overburdensome to an employer. For example, in *Gordon v. Greenville Independent School Dist.*, No. 3:13-cv-0178, 2014 WL 6603420 (N.D. Tex. Nov. 20, 2014), the plaintiff sought information and documents contained in the defendant's employees' personnel files. The employer

objected to the requests, arguing in part that "the requests [were] unduly burdensome because the information responsive to Plaintiff's requests is kept in individual employee personnel files, of which the [defendant] has more than 350 such files." *Id.* at *2. The court held that the plaintiff's "failure to properly limit these requests renders them overly broad" and denied the plaintiff's motion to compel regarding the requests. *Id.*

Another relevant case example is *Hook v. Sullins & Associates, L.P.*, No. 3-08-CV-2036-N, 2010 WL 26465 (N.D. Tex. Jan. 4, 2010). There, the plaintiff issued interrogatories "asking defendant to provide contact information for all employees who worked at the same McDonald's franchise restaurants as plaintiff during the last four years, to identify all such employees who were terminated 'for cause,' and to specify the grounds alleged by defendant for the terminations." *Id.* at *1. The employer there objected to the interrogatories as unduly burdensome because responding to the interrogatories would require the employer to provide the plaintiff with approximately 2,100 names and it would take at least three to four days to compile the information requested. *Id.* The court agreed with the defendant and held that "it would be unduly burdensome to provide contact information for each of these approximately 2,000 employees, particularly since none of the employees…are similarly situated to plaintiff." *Id.*

Bollinger currently operates thirteen shipyards and may have over 1,500 employees at any given time. Responding to Plaintiff's Interrogatory would require Bollinger to look through every personnel file for a period of more than five (5) years, which would likely constitute thousands of personnel files. The law has established that such a request is overly burdensome. *See Marshall*, 576 F.2d at 592; *Gordon*, 2014 WL 6603420 at *2; *Hook*, 2010 WL 26465 at *2. The EEOC argues that the Request is not overly burdensome because Bollinger's Medication Disclosure Policy outlines a procedure for tracking employees' medication disclosures through certain forms. R. Doc. 31, p. 6. However, even under the Medication Disclosure Policy, these forms would still be

contained within the individual employees' personnel files. The EEOC's argument therefore has no merit. Plaintiff's Interrogatory No. 3, as currently written, creates an undue burden on Defendant to comb through potentially thousands of personnel files in order to provide the EEOC with the information it seeks. This would require a significant amount of time and resources which causes the Interrogatory to be overburdensome. Plaintiff's Motion to Compel should therefore be denied.

## IV. CONCLUSION

Plaintiff's Interrogatory No. 3 is overbroad, unduly burdensome, and seeks confidential medical information and contact information of non-parties, the production of which is not proportional to the needs of this case. For the foregoing reasons, the EEOC's Motion to Compel Defendant to respond to Interrogatory No. 3 should be denied in its entirety.

THIS the 16th day of October, 2026.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/David M. Korn*

Mark Fijman (MS Bar 99153)
David M. Korn (pro hac vice)
Caroline E. Perlis (pro hac vice)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504 566 1311
Facsimile: 504 568 9130
Email: fijmanm@phelps.com
Email: kornd@phelps.com
Email: caroline.perlis@phelps.com

Adam Harris MS Bar 102955
2602 13th Street, Suite 300
Gulfport, Mississippi 39501
Telephone: 228 679 1130
Facsimile: 228 679 1131
Email: adam.harris@phelps.com

**ATTORNEYS FOR DEFENDANT**
**BOLLINGER SHIPYARDS, LLC**

## CERTIFICATE OF SERVICE

I do hereby certify that I electronically filed the foregoing Response with the Clerk of Court using the CM/ECF system on October 16, 2026, which sent notification of such filing to all counsel of record.

THIS the 16th day of October, 2026.

__*/s/David M. Korn*__________