IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 1:25cv288-TBM-RPM |
| BOLLINGER SHIPYARDS, LLC | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:** Please produce any and all documents, video, audio recordings, electronically stored data and information, e-mails, text messages, attachments to electronic messages or mail, or any other data obtained by the Charging Party relating to the allegations in the Complaint.

**RESPONSE NO. 1:** Plaintiff objects to this request as it fails to describe with reasonable particularity each item or category to be inspected as required by Fed. R. Civ. P. 34(b)(1)(A). Plaintiff further objects as this request is overly broad, unduly burdensome, and disproportionate to the needs of the case because its terms could require Plaintiff to ascertain and identify any communication that any person may have about Defendant's business in general or Charging Party's employment with Defendant beyond the events at issue in this case. Plaintiff further objects to this request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or the governmental deliberative process privilege.

Plaintiff refers Defendant to documents containing information related to Plaintiff's allegations that were produced with Plaintiff's Initial Disclosures and produces additional

documents herewith. Plaintiff reserves the right to supplement this response as may be required if Plaintiff obtains additional responsive information.

**REQUEST FOR PRODUCTION NO. 2:** Please produce any and all documents constituting, evidencing, or referencing any communications by and between the Charging Party and any current or former employee or representative of Bollinger that relate in any way to Plaintiff's claims against Bollinger in this lawsuit.

**RESPONSE NO. 2:** Plaintiff refers Defendant to responsive documents that were produced with Plaintiff's Initial Disclosures and produces additional documents herewith. Plaintiff reserves the right to supplement this response as may be required if Plaintiff obtains additional responsive information.

**REQUEST FOR PRODUCTION NO. 3:** Please produce any and all documents, including diaries, calendars, journals, notes or records of any kind or nature, maintained by Charging Party relating to any alleged wrongful acts committed by Bollinger during her employment.

**RESPONSE NO. 3:** Plaintiff refers Defendant to responsive documents that were produced with Plaintiff's Initial Disclosures and produces additional documents herewith. Plaintiff reserves the right to supplement this response as may be required if Plaintiff obtains additional responsive information.

**REQUEST FOR PRODUCTION NO. 4:** Please produce any and all copies of medical and healthcare records, reports, and other medical documentation of whatsoever kind or nature, relating to medical or psychological treatment of services received by Charging Party from April 1, 2016 to the present. In lieu of copies of these records, please execute and return one of the medical records release authorization forms for each medical healthcare provider or counselor who

provided service to Plaintiff during that time period, as listed in response to Interrogatory No. 8 and requested in Request for Production No. 13.

**RESPONSE NO. 4:** Plaintiff objects to this request as it is overly broad, unduly burdensome, and disproportionate to the needs of the case because its terms could require Plaintiff to ascertain and identify any health services or products that Charging Party has used for the last decade up to and including receipts for over-the-counter medications and bandages. Doing so would be well beyond the scope of discovery and the size of this case. This request is additionally overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks information from years before Charging Party ever sought or began work with Defendant.

Plaintiff refers Defendant to responsive documents that were produced with Plaintiff's Initial Disclosures. Plaintiff reserves the right to supplement this response as may be required if Plaintiff obtains additional responsive information.

**REQUEST FOR PRODUCTION NO. 5:** Please produce any and all copies of the Charging Party's W-2 forms, K-1s and/or 1099 forms (including all supplemental schedules and supporting documents/schedules) for tax years 2016 to the present. In lieu of copies of these records, please execute and return the tax records release authorization form enclosed herein and requested in Request for Production No. 13.

**RESPONSE NO. 5:** Plaintiff objects to this request as it is overly broad, unduly burdensome, and disproportionate to the needs of the case. Specifically, this request is overly broad, unduly burdensome, and disproportionate as it requests information from years before Charging Party sought or began work for Defendant.

**<u>REQUEST FOR PRODUCTION NO. 6</u>:** Please produce all documents that were reviewed by Plaintiff or the Charging Party, regardless of whether ultimately relied upon, for purposes of drafting the allegations in the Complaint.

**<u>RESPONSE NO. 6</u>:** Plaintiff objects to this request as it fails to describe with reasonable particularity each item or category to be inspected as required by Fed. R. Civ. P. 34(b)(1)(A). Plaintiff further objects to this request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or the governmental deliberative process privilege.

Plaintiff refers Defendant to documents containing responsive information that were produced with Plaintiff's Initial Disclosures and produces additional documents herewith.

**<u>REQUEST FOR PRODUCTION NO. 7</u>:** Please produce all non-privileged documents, including handwritten notes, that relate to or support any allegation or claim set forth in the Complaint that Plaintiff could use in response to any defense asserted by Defendant.

**<u>RESPONSE NO. 7</u>:** Plaintiff objects to this request as it fails to describe with reasonable particularity each item or category to be inspected as required by Fed. R. Civ. P. 34(b)(1)(A).

Plaintiff refers Defendant to documents containing responsive information that were produced with Plaintiff's Initial Disclosures and produces additional documents herewith. Plaintiff reserves the right to supplement this response as may be required if Plaintiff obtains additional responsive information.

**<u>REQUEST FOR PRODUCTION NO. 8</u>:** Please produce copies of all pleadings or relevant papers that refer or relate to all prior lawsuits, grievances, administrative actions, workers' compensation claims, unemployment compensation claims, bankruptcy claims, or other claims

filed by Charging Party (in Charging Party's name, or on Charging Party's behalf) under federal, state, or local law.

**RESPONSE NO. 8:** Plaintiff objects to this request as it is beyond the scope of discovery. Specifically, Charging Party's other legal matters, if any, have no bearing on the claims or defenses raised in this litigation. Any third-party payments such as workers' compensation or unemployment benefits are irrelevant to damages. *See N.L.R.B. v. Gullet Gin Co.*, 340 U.S. 361, 364 (1951) (explaining the collateral source rule).

**REQUEST FOR PRODUCTION NO. 9:** Please produce all documents that Plaintiff intends to rely upon or offer into evidence at the trial of this lawsuit or at any evidentiary hearing in this action (regardless of whether such hearing is the final trial on the merits).

**RESPONSE NO. 9:** Plaintiff objects to this Request as premature—discovery is ongoing, and Plaintiff cannot be required to proffer at this early stage a comprehensive list of all documents it may rely upon at trial or in as-yet unknown evidentiary hearings. Plaintiff refers Defendant to responsive documents produced with Plaintiff's Initial Disclosures. Plaintiff reserves the right to supplement this response as may be required if Plaintiff obtains additional responsive information.

**REQUEST FOR PRODUCTION NO. 10:** For any expert witness upon whom Plaintiff intends to rely upon at trial, please provide copies of any written reports prepared by the witness; copies of any data or other documentation that Plaintiff provided to the witness and/or upon which the expert witness relied in forming his or her opinion(s); any exhibits which Plaintiff intends to use as a summary of or support for said opinion(s); a list of publications authored by the witness during the past ten (10) years; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the past four (4) years.

**RESPONSE NO. 10:** Plaintiff objects to this request as premature as it seeks information required by Fed. R. Civ. P. 26(a)(2) before the Court's June 8, 2026, expert designation deadline. Plaintiff further objects to this as it is vague as to the meaning of "written reports." Plaintiff further objects to this request as it is overly broad, unduly burdensome, and disproportionate to the needs of this case as its vague terms could require Plaintiff to identify and produce any reports about any subject by any of Plaintiff's expert witnesses, including reports written for other litigations.

Plaintiff will make all disclosures required by Fed. R. Civ. P. 26(a)(2) at the times specified in the Court's Case Management Order.

**REQUEST FOR PRODUCTION NO. 11:** Please produce any audio or video recordings that Charging Party made during her employment with Bollinger.

**RESPONSE NO. 11:** Plaintiff objects to this request as it is overly broad, unduly burdensome, and disproportionate to the needs of this case. Specifically, this request would require Plaintiff to identify and produce each and every audio or video recording Charging Party during her employment with Defendant regardless of the subject matter or relevance of the recording.

**REQUEST FOR PRODUCTION NO. 12:** Please produce all of Charging Party's social media posts and/or photographs and/or videos posted on social media, including, but not limited to, posts and/or photographs and/or videos posted on Twitter, Facebook, Instagram, Snapchat, and Periscope, from 2024 through the present which refer or relate to the allegations of discrimination in Plaintiff's Complaint including damages suffered, if any. If the Charging Party has deleted any such posts and/or photographs please provide a list of the posts and/or photographs and/or videos which were deleted, identifying the social media platform on which they were posted, the date of posting, the date of deletion, the content of the post/photograph/video, and the reason for deletion.

**RESPONSE NO. 12:** Plaintiff objects to this request as it is overly broad, unduly burdensome, and disproportionate to the needs of this case as its terms could require Plaintiff to identify and produce each and every communication in which Charging Party referenced Charging Party's broader employment with Defendant beyond the events at issue in this litigation.

Plaintiff refers Defendant to documents containing responsive information produced herewith. Plaintiff reserves the right to supplement this response as may be required if Plaintiff obtains additional responsive information.

**REQUEST FOR PRODUCTION NO. 13:** Produce an executed copy of each of the attached forms, including:

a. Request for Social Security Earnings Information (SSA-7050) and Social Security Administrative Consent for Release of Information (SSA-3288);
b. Request for Copy of Tax Return (Form 4506);
c. HIPAA Authorization for Use and Disclosure of Information (Excluding Psychotherapy Notes) and HIPAA Authorization for Use and Disclosure of Psychotherapy Notes;
d. Authorization for Release of Criminal and Arrest Records; and
e. Cell Phone Records Release Authorization for every cellular phone number and service provider Plaintiff has maintained from 2019 through the present
f. Personnel Records Release Authorization
g. Unemployment Records Release Authorization
h. Administrative Records Release Authorization

**RESPONSE NO. 13:** Plaintiff objects to this request as it is beyond the scope of discovery in that it asks Plaintiff to create documents that do not exist.

**<u>REQUEST FOR PRODUCTION NO. 14</u>:** Please produce any and all documents that Plaintiff and the Charging Party believe may support Plaintiff's allegation that any current or former employee or representative of Bollinger discriminated against the Charging Party on the basis of her alleged disability, record of disability, or regarded the Charging Party as disabled.

**<u>RESPONSE NO. 14</u>:** Plaintiff objects to this request as it is overly broad, unduly burdensome, and disproportionate to the needs of the case because its vague terms could require Plaintiff to identify and produce each and every document that mentions Charging Party's allegations of discrimination.

Plaintiff refers Defendant to documents containing responsive information related to Plaintiff's allegations that were produced with Plaintiff's Initial Disclosures and produces additional documents herewith. Plaintiff reserves the right to supplement this response as may be required if Plaintiff obtains additional responsive information.

**<u>REQUEST FOR PRODUCTION NO. 15</u>:** Please produce any and all documents in EEOC's possession or in the Charging Party's possession related to the EEOC Charge referenced in Paragraphs 7-10 of the Complaint, including all non-privileged e-mails or letters between the Charging Party and any non-attorney EEOC Investigator.

**<u>RESPONSE NO. 15</u>:** Plaintiff objects to this request as it is overly broad, unduly burdensome, and disproportionate to the needs of this case because its terms could require Plaintiff to identify and produce each and every document that mentions Charging Party's Charge of Discrimination up to and including any EEOC office's charge inventory list or similar report that contains the Charge's number. Plaintiff further objects to this request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or the governmental deliberative process privilege.

Plaintiff refers Defendant to documents containing responsive information that were produced with Plaintiff's Initial Disclosures. Plaintiff reserves the right to supplement this response as may be required if Plaintiff obtains additional responsive information.

**REQUEST FOR PRODUCTION NO. 16:** Please produce any and all documents relating to the Charging Party's efforts to secure or obtain employment other than Bollinger since April 12, 2024, to the present, including but not limited to correspondence, applications, resumes, offer letters, rejection letters, diaries, calendars, or appointment books reflecting the Charging Party's efforts to secure or obtain such employment.

**RESPONSE NO. 16:** Plaintiff objects to this request as it is overly broad, unduly burdensome, and disproportionate to the needs of the case because its terms could require Plaintiff to identify and produce each and every communication in which Charging Party as much as mentions applying for or working a job in the past two years.

Plaintiff refers Defendant to documents containing responsive information that were produced with Plaintiff's Initial Disclosures and produces additional documents herewith. Plaintiff reserves the right to supplement this response as may be required if Plaintiff obtains additional responsive information.

**REQUEST FOR PRODUCTION NO. 17:** Please produce any and all documents showing all monies, compensation and benefits earned or received by the Charging Party from any and every source other than Bollinger from April 12, 2024 to the present.

**RESPONSE NO. 17:** Plaintiff objects to this request as it fails to describe with reasonable particularity each item or category to be inspected as required by Fed. R. Civ. P. 34(b)(1)(A). Plaintiff further objects to this request as is overly broad, unduly burdensome, and disproportionate to the needs of the case because its terms could require Plaintiff to identify and produce each and

every document in which Plaintiff as much as mentions obtaining any money or other item of value in the past two years. Plaintiff further objects to this request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or the governmental deliberative process privilege.

**REQUEST FOR PRODUCTION NO. 18:** Please produce any and all documents showing that Plaintiff has "an impairment, opioid dependency, that substantially limits major life activities" as alleged in Paragraph 13 of the Complaint.

**RESPONSE NO. 18:** Plaintiff objects to this request as it is overly broad, unduly burdensome, and disproportionate to the needs of the case as its terms could require Plaintiff to identify and produce each and every document that mentions Charging Party's opioid dependency.

Plaintiff refers Defendant to documents containing responsive information that were produced with Plaintiff's Initial Disclosures. Plaintiff reserves the right to supplement this response as may be required if Plaintiff obtains additional responsive information.

**REQUEST FOR PRODUCTION NO. 19:** Please produce any and all documents supporting the contention that Plaintiff "has a record of an impairment, opioid dependency, that substantially limits major life activities," as stated in Paragraph 14 of the Complaint.

**RESPONSE NO. 19:** Plaintiff objects to this request as it is overly broad, unduly burdensome, and disproportionate to the needs of the case as its terms could require Plaintiff to identify and produce each and every document that mentions Charging Party's opioid dependency.

Plaintiff refers Defendant to documents containing responsive information that were produced with Plaintiff's Initial Disclosures. Plaintiff reserves the right to supplement this response as may be required if Plaintiff obtains additional responsive information.

**REQUEST FOR PRODUCTION NO. 20:** Please produce any and all documents supporting the contention that "Defendant regarded Charging Party as having a disability by placing her on involuntary indefinite unpaid leave because of an actual or perceived impairment" as stated in Paragraph 15 of the Complaint.

**RESPONSE NO. 20:** Plaintiff objects to this request as it is overly broad, unduly burdensome, and disproportionate to the needs of the case as its terms could require Plaintiff to identify and produce each and every document that mentions Charging Party's opioid dependency.

Plaintiff refers Defendant to documents containing responsive information that were produced with Plaintiff's Initial Disclosures. Plaintiff reserves the right to supplement this response as may be required if Plaintiff obtains additional responsive information.

**REQUEST FOR PRODUCTION NO. 21:** Please produce any and all documents related to the Charging Party's disclosure to Bollinger that she was prescribed suboxone, as stated in Paragraphs 22-23 of the Complaint.

**RESPONSE NO. 21:** Plaintiff objects to this request as it is overly broad, unduly burdensome, and disproportionate to the needs of the case as its terms could require Plaintiff to identify and produce each and every document that mentions Charging Party's opioid dependency or prescription for suboxone.

Plaintiff refers Defendant to documents containing responsive information that were produced with Plaintiff's Initial Disclosures and additional responsive documents produced herewith. Plaintiff reserves the right to supplement this response as may be required if Plaintiff obtains additional responsive information.

**REQUEST FOR PRODUCTION NO. 22:** Please produce any and all documents supporting the contention that OHC determined that the Charging Party was fit for work as a shipfitter as alleged in Paragraph 28 of the Complaint.

**RESPONSE NO. 22:** Plaintiff objects to this request as it is overly broad, unduly burdensome, and disproportionate to the needs of the case as its terms could require Plaintiff to identify and produce each and every document that mentions Charging Party's evaluation by OHC.

Plaintiff refers Defendant to documents containing responsive information that were produced with Plaintiff's Initial Disclosures. Plaintiff reserves the right to supplement this response as may be required if Plaintiff obtains additional responsive information.

**REQUEST FOR PRODUCTION NO. 23:** Please produce any and all documents supporting the allegation that Defendant has an unlawful qualification standard because it "prohibits employees from working in positions it categorizes as safety-sensitive while taking the medication used by Charging Party" as stated in Paragraphs 57-58 of the Complaint.

**RESPONSE NO. 23:** Plaintiff refers Defendant to documents containing responsive information that were produced with Plaintiff's Initial Disclosures and additional responsive documents produced herewith. Plaintiff reserves the right to supplement this response as may be required if Plaintiff obtains additional responsive information.

**REQUEST FOR PRODUCTION NO. 24:** To the extent not produced in response to the previous Requests for Production of Documents requests, please produce any and all electronic mail (e-mail) messages, instant and text messages, voicemail messages, cellular phone text messages, tape recordings, word processing documents and/or electronic spreadsheets, including such information stored on Plaintiff's personal computer or other electronic and/or cellular devices, which pertain, in any way, to Plaintiff's allegations against Defendant, as set forth in Plaintiff's Complaint.

**<u>RESPONSE NO. 24</u>:** Plaintiff objects to this request as it fails to describe with reasonable particularity each item or category to be inspected as required by Fed. R. Civ. P. 34(b)(1)(A). Plaintiff further objects to this request as it is overly broad, unduly burdensome, and disproportionate to the needs of the case as it requests any documents that refer "in any way, to Plaintiff's allegations." Plaintiff further objects to this request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or the governmental deliberative process privilege.

Plaintiff refers Defendant to documents containing responsive information that were produced with Plaintiff's Initial Disclosures and additional responsive documents produced herewith. Plaintiff reserves the right to supplement this response as may be required if Plaintiff obtains additional responsive information.

Respectfully submitted on May 13, 2026,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Jackson Area Office
Dr. A.H. McCoy Federal Building
100 W. Capitol St., Suite 338
Jackson, MS 39269

*<u>/s/ Jay Kucia</u>*
Jay Kucia
MS Bar No. 106123
Trial Attorney
jay.kucia@eeoc.gov
(205) 651-7081

Benjamin G. Cain
D.C. Bar No. 1046636
Assistant Regional Attorney
benjamin.g.cain@eeoc.gov
(205) 520-8071

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205

Marsha L. Rucker
PA Bar No. 90041
Regional Attorney
marsha.rucker@eeoc.gov
(205) 651-7045

## <u>Certificate of Service</u>

I hereby certify that, on May 13, 2026, I served the foregoing on Defendant's counsel via email.

*/s/ Jay Kucia*
Jay Kucia