Outlook

**RE: [External] EEOC v. Bollinger Deposition Dates**

**From** Caroline Perlis <Caroline.Perlis@phelps.com>
**Date** Tue 9/1/2026 3:11 PM
**To** WILLIAM THOMPSON <WILLIAM.THOMPSON@EEOC.GOV>; David Korn <David.Korn@phelps.com>
**Cc** Adam Harris <Adam.Harris@phelps.com>; BENJAMIN CAIN <BENJAMIN.G.CAIN@EEOC.GOV>; JAY KUCIA <JAY.KUCIA@EEOC.GOV>

1 attachment (33 KB)
Stipulation and Order re Net Worth Discovery.docx;

Hi Trent,
Please see attached here a draft Stipulation and Order regarding Defendant's production of net worth discovery if its Motion for Summary Judgment is denied. Let us know if you have any questions or comments.

We understand that the EEOC is contemplating seeking a conference with the Court regarding Defendant's subpoenas to Ms. Senseney's former employers. If the EEOC has not reached out to the Magistrate Judge regarding this issue by Friday morning, Defendant intends to issue the subpoenas as noticed.

You are correct that Defendant is maintaining the full scope of its request for medical information sought by Interrogatory No. 8 and Request for Production No. 4.

With respect to the EEOC's Interrogatory No. 3, we appreciate that the EEOC has offered to modify the Interrogatory and have reached out to our client regarding the modification that you proposed. We will provide you with an update by EOB on Thursday, as requested in your email.
Best,
Caroline

**Caroline Perlis**
Associate
Phelps Dunbar LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130
Direct: 504-679-5553
Fax: 504-568-9130
Email: caroline.perlis@phelps.com

phelps

CONFIDENTIALITY NOTICE - This e-mail message, including any attachments, is private communication sent by a law firm, Phelps Dunbar LLP, and may contain confidential, legally privileged information meant solely for the intended recipient. If you are not the intended recipient, any use, distribution, or copying of this communication is strictly prohibited. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system. Thank you.

---

**From:** WILLIAM THOMPSON <WILLIAM.THOMPSON@EEOC.GOV>
**Sent:** Tuesday, September 1, 2026 7:49 AM
**To:** Caroline Perlis <Caroline.Perlis@phelps.com>; David Korn <David.Korn@phelps.com>
**Cc:** Adam Harris <Adam.Harris@phelps.com>; BENJAMIN CAIN <BENJAMIN.G.CAIN@EEOC.GOV>; JAY KUCIA <JAY.KUCIA@EEOC.GOV>
**Subject:** Re: [External] EEOC v. Bollinger Deposition Dates

Caroline,

Thank you for your time yesterday afternoon.

You confirmed that the Bollinger witnesses are available on the dates we proposed below, and I confirmed that I will send updated deposition notices.

You confirmed that Defendant is not willing to modify the subpoenas to Ms. Senseney's prior employers following my letter of August 19 and our meet-and-confer on August 24. I expect that the Commission will maintain its objections and seek within 48 hours a conference with the court ; you agreed that you will not serve the subpoenas during this time.

We confirmed the parties' agreement concerning net worth discovery, and you offered to prepare a stipulation and proposed order concerning Defendant's commitment to, if any portion of the Commission's complaint survives Defendant's anticipated motion for summary judgment, "provide a current net worth statement, certified by independent auditors, with any supporting documentation that the auditors include with its statement." *See Regions, Inc. v. Alliant Ins. Servs., Inc.,* 2015 WL 1886852, *7.

You confirmed that Defendant is maintaining the full scope of its requests for the medical information sought by Interrogatory 8 and RFP 4. I confirmed that the Commission is unable to agree that Defendant has the right to know "the name and address of each and every hospital, clinic, rehabilitation facility, institution, medical doctor, osteopathic doctor, health care provider, psychologist, psychiatrist, counselor or clergy member . . . by whom the Charging Party was treated, examined, or counseled from April 1, 2016 to the present."

You confirmed that Defendant is maintaining its objection to providing any information in response to Interrogatory 3. The Commission would be willing to modify the first sentence of Interrogatory 3 as indicated below, if Defendant would be willing to provide a reasonably complete response to the interrogatory as modified. Please let me know by end of day Thursday whether Defendant is willing to provide any information in response to Interrogatory 3. The Commission's proposed modification, incorporating Bollinger's internal terminology, would be:

- Identify each employee who was working in a position with 'safety sensitive duties' whom Defendant has placed on leave because of the employee's lawful use of a ~~prescription~~ 'safety sensitive medication' ~~as prescribed~~ between May 1, 2021, and the present. *See* BOLLINGER-000490. For each such individual, state the individual's name and dates of employment. If any such individual is no longer employed by Defendant, further state the individual's last known phone number and last known mailing address."

Please let me know your thoughts and if I have misunderstood any of the above.

Thank you,
Trent

---

**From:** Caroline Perlis <Caroline.Perlis@phelps.com>
**Sent:** Friday, August 28, 2026 1:37 PM
**To:** WILLIAM THOMPSON <WILLIAM.THOMPSON@EEOC.GOV>; David Korn <David.Korn@phelps.com>
**Cc:** Adam Harris <Adam.Harris@phelps.com>; BENJAMIN CAIN <BENJAMIN.G.CAIN@EEOC.GOV>; JAY KUCIA <JAY.KUCIA@EEOC.GOV>
**Subject:** RE: [External] EEOC v. Bollinger Deposition Dates

Hi Trent,
Thank you for this information. We connected with our client regarding this revised schedule, and they are confirming that all of the witnesses that you list below are available on the new dates that you proposed. We will let you know as soon as we can so that we can get things locked in.

I will take you up on your offer for a call on Monday to discuss discovery issues. I will send a Teams invite for 3:00 p.m. but let me know if a different time works better for you. Have a good weekend.
Thanks,
Caroline

**Caroline Perlis**
Associate
Phelps Dunbar LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130
Direct: 504-679-5553
Fax: 504-568-9130
Email: caroline.perlis@phelps.com

phelps

CONFIDENTIALITY NOTICE - This e-mail message, including any attachments, is private communication sent by a law firm, Phelps Dunbar LLP, and may contain confidential, legally privileged information meant solely for the intended recipient. If you are not the intended recipient, any use, distribution, or copying of this communication is strictly prohibited. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system. Thank you.

---

**From:** WILLIAM THOMPSON <WILLIAM.THOMPSON@EEOC.GOV>
**Sent:** Friday, August 28, 2026 12:03 PM
**To:** David Korn <David.Korn@phelps.com>
**Cc:** Adam Harris <Adam.Harris@phelps.com>; BENJAMIN CAIN <BENJAMIN.G.CAIN@EEOC.GOV>; JAY KUCIA <JAY.KUCIA@EEOC.GOV>; Caroline Perlis <Caroline.Perlis@phelps.com>
**Subject:** RE: [External] EEOC v. Bollinger Deposition Dates

David,

Thank you for the updated information. We want to accommodate witnesses' schedules and understand that you have obligations to other cases. Of course, the Commission also wants to logically sequence the depositions.

For September, we propose deposing Ms. Battaglia on September 29 and Mr. Eymard on September 30, since defendant has identified these individuals as the key decisionmakers concerning Ms. Senseney's employment. For October, we suggest deposing Ms. Tarr on October 28, Ms. Pertuit on October 29, and Mr. Johnson on October 30. For November, we propose deposing the corporate representative(s) on November 3 and Ms. Muffley on November 4. Perhaps you would like to plan to depose Ms. Senseney November 5? At this point, I think that would leave only the expert witnesses, which we could plan to depose later in November, perhaps back-to-back?

To be clear, we do not currently intend to proceed with a deposition of Mr. Goff in September, as I understand that he is no longer employed by Defendant, such that the Commission may contact him directly before deciding whether to proceed with the time and expense of a formal deposition. Please let me know if I misunderstood that.

Please let me know your thoughts, including if it would be helpful to talk through scheduling or other issues before or after you speak with your client. I know that we have several balls in the air, including the 3-4 open discovery disputes, that could impact the schedule for this case. I'm around this afternoon or could be available if you'd like to propose a time to talk Monday.

Thanks,
Trent

**Wm. Trent Thompson | Trial Attorney**
U.S. Equal Employment Opportunity Commission
1130 22nd Street South, Suite 2000, Birmingham, AL 35205
205.651.7065 | william.thompson@eeoc.gov

---

**From:** David Korn <David.Korn@phelps.com>
**Sent:** Thursday, August 27, 2026 6:04 PM
**To:** WILLIAM THOMPSON <WILLIAM.THOMPSON@EEOC.GOV>
**Cc:** Adam Harris <Adam.Harris@phelps.com>; BENJAMIN CAIN <BENJAMIN.G.CAIN@EEOC.GOV>; JAY KUCIA <JAY.KUCIA@EEOC.GOV>; Caroline Perlis <Caroline.Perlis@phelps.com>
**Subject:** [External] EEOC v. Bollinger Deposition Dates

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Hi Trent. Jerome Eymard/Rachael Battaglia/Daja Tarr and me/Caroline are available for their depositions on September 28, 29th and 30th but not the other dates.

September and October are pretty intense months for me as I am trying to juggle several cases and a mounting number of depositions. I would like to confirm dates and who is going on what day as soon as possible. To that end, I have a call with the client tomorrow at 1:00 p.m. Any chance you could email me before noon tomorrow (Friday) to confirm whether you want to go forward with Rachael, Jerome, and

Daja on September 28/29/30th and if so, do you have a particular order in mind on which days so I can lock it down?

If those dates are no good for you all, I would like to pick some days as soon as possible for October/November. I have three trips in October for work already scheduled, and so the sooner the better. And if you have some proposed dates, I can check with client to see if they are available then. Right now, I can do October 1, 2, 12, 19, 20, 21, 27, 28, 29, 30, and November 2,3,4,5,6,7,8 are completely open for me right now due to a continuance. Later in the month of November also works. But even though all of those dates are good on our end, I still need to check with the witnesses to see if they are available.

Also, are you still planning on going forward with the deposition of Matthew Johnson on 9/22, Teddy Goff on 9/23, Cyrena Muffley on 9/24, and Bollinger Corporate rep on 9/25?

If you want to move the Court for additional time to do depositions, I am open to that. Lastly, do you all ever do depositions on weekends? That would open up more days.

Thanks - David

**David M. Korn**
Partner
Phelps Dunbar LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130
Direct: 504-584-9374
Fax: 504-568-9130
Email: david.korn@phelps.com

phelps

CONFIDENTIALITY NOTICE - This e-mail message, including any attachments, is private communication sent by a law firm, Phelps Dunbar LLP, and may contain confidential, legally privileged information meant solely for the intended recipient. If you are not the intended recipient, any use, distribution, or copying of this communication is strictly prohibited. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system. Thank you.