Outlook

## [External] Equal Employment Opportunity Commission v. Bollinger Shipyards, LLC, No. 1:25-cv-00288-TBM-RPM

**From** Caroline Perlis <Caroline.Perlis@phelps.com>
**Date** Mon 9/7/2026 5:19 PM
**To** MSSDdb_Myers_Chambers <myers_chambers@mssd.uscourts.gov>
**Cc** David Korn <David.Korn@phelps.com>; Mark Fijman <Mark.Fijman@phelps.com>; Adam Harris <Adam.Harris@phelps.com>; MARSHA L. RUCKER <MARSHA.RUCKER@EEOC.GOV>; BENJAMIN CAIN <BENJAMIN.G.CAIN@EEOC.GOV>; WILLIAM THOMPSON <WILLIAM.THOMPSON@EEOC.GOV>; JAY KUCIA <JAY.KUCIA@EEOC.GOV>

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Dear Judge Myers,
The Parties in the above referenced matter write jointly to provide you with a status update on the discovery disputes that were discussed with the Court on August 24, 2026, in accordance with the Court's minute entry entered on the same day.

With respect to the issue of Defendant's net worth discovery, which was requested in the Commission's Interrogatory No. 8, the Parties have agreed that Defendant will stipulate that it will produce an audited net worth financial statement and supporting documentation if its forthcoming Motion for Summary Judgment is denied, in whole or in part. The Parties are productively negotiating the terms of this stipulation and proposed order and intend to submit it to the Court for its consideration as soon as possible.

With respect to Defendant's request that the Commission produce a list of Ms. Senseney's medical providers for the timeframe of January 25, 2014 to the present and HIPAA authorizations for each of the providers identified, the Parties remain at an impasse. Defendant offered to conduct discovery of Ms. Senseney's medical records in stages, such that the Commission could first produce the identities of Ms. Senseney's medical providers, as defined in Defendant's Interrogatory No. 8, for the timeframe requested, and then the Parties could discuss possibly narrowing the HIPAA authorizations requested depending upon the nature of the providers identified. However, the Commission stated that it was unable to agree that Defendant has the right to know "the name and address of each and every hospital, clinic, rehabilitation facility, institution, medical doctor, osteopathic doctor, health care provider, psychologist, psychiatrist, counselor or clergy member . . . by whom the Charging Party was treated, examined, or counseled from April 1, 2016 to the present." (Defendant's Interrogatory No. 8). The Commission proposed phased discovery starting with a more limited time period and more limited subset of providers, but Defendant stated that it was unable to agree and was "maintaining the full scope of its request."

With respect to the Commission's Interrogatory No. 3, which asks Defendant to identify all individuals other than Ms. Senseney who have allegedly been placed on leave because of their use of prescription medication from May 1, 2021 to the present, and to produce certain information regarding the identified individuals, including contact information for separated employees, the Parties have not been able to come to an agreement. The EEOC has offered to narrow its Interrogatory to seek the identities of "each employee who was working in a position with 'safety sensitive duties' whom Defendant has placed on leave because of the employee's lawful use of a 'safety sensitive medication' between May 1, 2021, and

the present," as Defendant defined those terms during the relevant period. However, Defendant maintains that this Interrogatory, as modified, is still overbroad, that the information sought is not proportional to the needs of the case, and that responding to the modified Interrogatory would be overburdensome.

Please let us know if you have any questions or concerns regarding the status of the Parties' positions on these issues.

**Caroline Perlis**
Associate
Phelps Dunbar LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130
Direct: 504-679-5553
Fax: 504-568-9130
Email: caroline.perlis@phelps.com

phelps

CONFIDENTIALITY NOTICE - This e-mail message, including any attachments, is private communication sent by a law firm, Phelps Dunbar LLP, and may contain confidential, legally privileged information meant solely for the intended recipient. If you are not the intended recipient, any use, distribution, or copying of this communication is strictly prohibited. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system. Thank you.