IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| PLAINTIFF, | ) | Civil Action No. 1:25cv00288-TBM-RPM |
| v. | ) | |
| BOLLINGER SHIPYARDS, LLC, | ) | **OPPOSED IN PART** |
| DEFENDANT. | ) | |

## PLAINTIFF'S MOTION TO CONSOLIDATE CASES

Plaintiff U.S. Equal Employment Opportunity Commission respectfully moves this Honorable Court under Federal Rule of Civil Procedure 42 and Local Rule 42 to consolidate two cases it filed against Defendant Bollinger Shipyards, LLC for the reasons set forth in the accompanying memorandum. Plaintiff and Defendant have conferred, confirmed that the same counsel will represent the parties in both actions, and agreed that consolidated discovery would be appropriate and efficient.[1] Defendant opposes only Plaintiff's request for full consolidation, including consolidation of post-discovery proceedings such as dispositive motions and trial.

The EEOC filed this action ("Bollinger I") against Bollinger Shipyards, LLC, in September 2025, and filed a second action ("Bollinger II") in September 2026 against Bollinger Shipyards, LLC and its subsidiary, Bollinger Mississippi Shipbuilding, LLC, Civ. Action No. 1:26-cv-00284-HSO-BWR. As further detailed in the EEOC's Memorandum in Support of Motion to Consolidate Cases filed simultaneously with this Motion, the EEOC alleges in both cases that Bollinger denied

[1] The parties propose setting a date in summer 2027 by which all discovery for both matters must be completed.

employment to individuals based on their actual disability, perceived disability, or record of having a record of disability, and in both cases alleges that that Bollinger maintained a qualification standard—denial of employment based on use of prescription medication—that unlawfully screened out individuals with disabilities. The cases present many common legal and factual issues. As further explained in the EEOC's Memorandum in Support of this motion, consolidation would promote judicial economy by permitting the parties to avoid duplication of discovery, avoid potentially inconsistent adjudications, and would not prejudice or advantage any party.

WHEREFORE, Plaintiff respectfully requests that the Court consolidate Bollinger I and Bollinger II for all purposes pursuant to Federal Rule of Civil Procedure 42 and Local Rule 42.

Respectfully submitted, October 19, 2026,

s/ Trent Thompson
Wm. Trent Thompson
NY Bar No. 5232525
Trial Attorney
Equal Employment Opportunity Commission
Birmingham District Office
1130 22nd Street South, Suite 2000
Birmingham, Alabama 35205
Telephone: (205) 651-7065
Fax: (205) 212-2041
Email: william.thompson@eeoc.gov

Marsha L. Rucker
PA Bar No. 90041
Regional Attorney
Equal Employment Opportunity Commission
Birmingham District Office
1130 22nd Street South, Suite 2000
Birmingham, Alabama 35205
Telephone: (205) 651-7045
Fax: (205) 212-2041
Email: marsha.rucker@eeoc.gov

Benjamin G. Cain
DC Bar No. 1046636
Assistant Regional Attorney

Equal Employment Opportunity Commission
Jackson Area Office
100 West Capitol Street, Suite 338
Jackson, MS 39269
Telephone: (769) 487-6907
Fax: (601) 714-2202
Email: benjamin.g.cain@eeoc.gov

Gina Pearson
AL Bar No. asb-3971-h61g)
Trial Attorney
Equal Employment Opportunity Commission
Birmingham District Office
1130 22nd Street South, Suite 2000
Birmingham, Alabama 35205
Telephone: (205) 651-7049
Fax: (205) 212-2041
Email: gina.pearson@eeoc.gov

Jay Kucia
MS Bar No. 106123
Trial Attorney
Equal Employment Opportunity Commission
Jackson Area Office
100 West Capitol Street, Suite 338
Jackson, MS 39269
Telephone: (205) 651-7081
Fax: (601) 714-2202
Email: jay.kucia@eeoc.gov