**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO.: 1:25-CV-00288-TBM-RPM** |
| **BOLLINGER SHIPYARDS, LLC** | **DEFENDANT** |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY**

**MAY IT PLEASE THE COURT:**

Defendant, Bollinger Shipyards, LLC ("Bollinger" or "Defendant"), respectfully submits this Reply in Support of its Motion to Compel Discovery (R. Doc. 27) and in response to the Opposition to the same filed by Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") (R. Doc. 36-37). The EEOC admits in its Opposition that Ms. Senseney's medical information is relevant to this Action. R. Doc. 37, p. 9. The EEOC also does not raise any specific argument opposing Defendant's request that the EEOC identify Ms. Senseney's medical providers. *See*, *generally*, R. Doc. 37. Instead, the EEOC vaguely argues that the full scope and timeframe of the information that Defendant seeks is not relevant or proportionate to the needs of this case. *Id.* The EEOC's arguments are unconvincing, and Defendant's Motion to Compel should be granted in full. Specifically, the Court should (1) compel Plaintiff to identify the medical providers who have treated Ms. Senseney from when she was "prescribed an opioid and developed opioid dependency" to the present and (2) produce HIPAA compliant authorizations for the release of Ms. Senseney's psychotherapy and non-psychotherapy medical records for the medical providers identified during the same time period. The Court should also grant Defendant attorney's fees associated with filing its Motion to Compel because Plaintiff's refusal to provide

comprehensive HIPAA authorizations for Ms. Senseney's records in the possession of Dr. Martin, OHC, and FMS is unreasonable.

As explained more fully in Defendant's original Motion to Compel, because the EEOC sues on behalf of Ms. Senseney for disability discrimination, all of Ms. Senseney's medical records related to her disability are relevant to this case, and broad discovery of those medical records is appropriate. *See Hinckley v. City of Brandon, Mississippi*, No. 3:25-cv-596, 2026 WL 1454143, *2 (S.D. Miss. May 22, 2026) (*quoting Rogers v. Orleans Parish Sheriff Office*, No. 22-5303, 2025 WL 3760764, at *8 (E.D. La. Dec. 30, 2025). The law is clear that Defendant is entitled to discover all of Ms. Senseney's records related to her disability, regardless of when they were created, which Plaintiff admits could have been more than ten years ago. Defendant's Exhibit 6, Interrogatory No. 11. Similarly, the law is clear that when a Plaintiff claims emotional distress damages, "basic fairness requires the other party to be allowed to explore the truth of the party's allegations that he/she suffered emotional distress…and to determine whether the party suffered any pre-existing emotional distress that may be the (or an) actual cause of the distress." *Hinckley*, 2026 WL 1454143 at *3 (cleaned up). Therefore, Defendant is entitled to discover any medical records that may allow Defendant to "explore the truth" of Plaintiff's claim for emotional distress on behalf of Ms. Senseney, including psychotherapy and non-psychotherapy from prior to Ms. Senseney's employment with Defendant. Defendant cannot discover either of the categories of documents that it is entitled to – Plaintiff's psychotherapy records and non-psychotherapy records from the time that Plaintiff developed her alleged disability to the present – if Plaintiff does not identify Ms. Senseney's medical providers from that time period and sign HIPAA authorizations for the medical providers identified.

The EEOC attempts to circumvent its discovery obligations under these clearly established principles by arguing that the EEOC has already produced "medical records from the relevant time

period." R. Doc. 37, p. 10. However, the EEOC admits that it has only produced Ms. Senseney's medical records from her primary care provider for "seven visits between November 2023 through June 2024." R. Doc. 37, p. 4. Plaintiff has also admitted that she developed her alleged disability – opioid dependence – more than ten years ago. *See* Def. Ex. 6, Interrogatory No. 11. Clearly, under *Hinckley* and *Brister*, the relevant time period is much longer than seven months, and Plaintiff's limited production of notes from Ms. Senseney's primary care physician for these seven months is insufficient.

The HIPAA authorizations that the EEOC belatedly produced do not cure this deficiency. At 2:40 p.m. on the day that Defendant's Motion to Compel was due, the EEOC forwarded undersigned counsel three extremely narrow HIPAA authorizations executed by Ms. Senseney. *See* Plaintiff's Exhibit 4. These authorizations included: (1) a HIPAA authorization for non-psychotherapy records addressed to Martin Medical for the time period of January 2019 to the present; (2) a HIPAA authorization for non-psychotherapy records addressed to Family Medical Services for the period of "June 2024 through July 2024;" and (3) a HIPAA authorization for non-psychotherapy records addressed to Occupational Health Center for the time period of "January 2024 through April 2024." *Id.* The EEOC argues that these authorizations are sufficient to cure its discovery deficiencies, citing no caselaw in support.

It is clear that these authorizations are not sufficient to allow Defendant to discover all of Ms. Senseney's medical records that are within the scope of discovery in this matter. With respect to the authorization for Dr. Martin, Ms. Senseney's primary care physician and the doctor who Plaintiff admits has treated her for her alleged disability, the authorization is limited to non-psychotherapy notes for a period of almost eight years. As already discussed, the time period of eight years is insufficient because Plaintiff has admitted that Ms. Senseney has been taking Suboxone "for more than ten years." Defendant's Ex. 6, Interrogatory No. 11. Under *Hinckley*,

*Brister*, and other binding authority, the eight-year time limitation imposed by Plaintiff is arbitrary in light of this admission and would prohibit Defendant from discovering medical records related to Ms. Senseney's alleged disability that are within the scope of discovery.

This authorization is also insufficient because it is limited to non-psychotherapy records, even though Plaintiff claims emotional distress damages, damages for medical costs, and the fact that her alleged disability – opioid use disorder – is recognized as a mental health condition. The EEOC argues that Defendant is not entitled to Ms. Senseney's psychotherapy records because "the Commission's understanding is that Ms. Senseney has not received medical care from any psychologist, psychiatrist, counselor, or clergy member during the periods covered by Bollinger's requests." R. Doc. 37, p. 8 n. 3. However, Plaintiff has not issued any supplemental discovery response to this effect. And, even if the Commission's "understanding" is accurate, Defendant should still be able to discover psychotherapy notes from Dr. Martin and Ms. Senseney's other medical providers who are not psychologists, psychiatrists, counselors, or clergy members, to the extent that those providers have psychotherapy notes in their possession, especially because of the nature of Ms. Senseney's alleged disability which is recognized as a mental health condition. The EEOC's view that non-psychotherapy notes for a period of almost eight years from one single provider is sufficient discovery of Ms. Senseney's medical records in this matter when Plaintiff has admitted that Ms. Senseney has been treated for her alleged disability, a mental health condition, for far longer than eight years by multiple providers and is claiming emotional distress damages on her behalf is unsupported by law. The EEOC should be required to identify Ms. Senseney's medical providers who have treated her since she "developed opioid dependence" and execute HIPAA authorizations for both psychotherapy and non-psychotherapy records for that same timeframe.

The authorizations provided for Family Medical Services (FMS) and Occupational Health Center (OHC) are similarly deficient, if not more so. As explained to Plaintiff during multiple meet and confers and in Defendant's original Motion to Compel, all records regarding Ms. Senseney that are in the possession of FMS and/or OHC are relevant to Plaintiff's claims and Defendant's defenses in this matter because FMS and OHC are the medical providers who examined Plaintiff during the underlying events of this lawsuit. The providers at FMS/OHC could have relied on any documents within their possession when determining whether or not Ms. Senseney was fit for duty to return to work at Bollinger, not just those created from January-July of 2024. Therefore, it would be improper to limit the production of documents from FMS/OHC to just those created during the extremely narrow timeframe that Plaintiff has imposed. The EEOC argues that this timeframe is sufficient because there has been no indication that OHC/FMS have records in their possession that were created outside of that timeframe. However, this argument is unconvincing because the point of discovery is to allow the Parties to discover whether certain documents exist. Defendant seeks Ms. Senseney's HIPAA authorizations from FMS and OHC in part to discover whether FMS and/or OHC treated Ms. Senseney prior to January of 2024 and whether any past assessments could have influenced their opinions regarding whether Ms. Senseney was fit to work for Bollinger. Defendant is clearly entitled to all of the documents regarding Ms. Senseney that are in the possession of OHC and FMS, and the HIPAA authorizations that the EEOC produced for records from FMS for June and July of 2024 and OHC for January-April 2024 are insufficient under the law.

The EEOC next points out categories of records that it does not believe Bollinger is entitled to. Specifically, the EEOC argues that Bollinger should not be allowed to discover records regarding Ms. Senseney's labor and delivery of her child or records regarding certain diseases/disorders that Ms. Senseney may or may not have (R. Doc. 37, p. 10). However, the law

under *Brister* is clear that courts should not limit discovery of medical records to certain body parts or conditions because a Defendant is allowed to "develop alternative theories about the cause of [Plaintiff's] injuries through a holistic analysis of Plaintiff's medical history." *Brister*, 2026 WL 1397055 at *3. Limiting the production of Ms. Senseney's medical records by excluding certain conditions or events would require medical providers to sift through their records prior to production to exclude or redact certain types of records, which is not proper. Defendant therefore is entitled to discover Ms. Senseney's holistic medical files for all of her medical providers from the time that she developed opioid dependence to the present.

Finally, the EEOC argues that it should not have to identify Ms. Senseney's clergy members. R. Doc. 37, p. 12. The EEOC states multiple times in its Opposition that it is the EEOC's "understanding" that Ms. Senseney has not received medical care from a clergy member within the relevant time period. R. Doc. 37, p. 8, 11. However, as previously mentioned, the EEOC has not issued a supplemental discovery response to this effect. As stated to Plaintiff multiple times during meet and confers, Defendant is not asking Plaintiff to identify medical providers that Ms. Senseney does not recall or that did not treat Ms. Senseney since she has developed opioid dependency. If the EEOC's "understanding" is correct that Ms. Senseney has not been treated, examined, or counseled by a clergy member since she developed opioid dependency, as stated multiple times in Plaintiff's Opposition, then this issue is an irrelevant attempt to detract focus from the question at hand: the medical providers that the EEOC is obligated to identify and the timeframe and scope of HIPAA authorizations that it is required to produce.

Bollinger has made clear that Ms. Senseney's psychotherapy and non-psychotherapy records from the time that she developed opioid dependency to the present are relevant to Plaintiff's claims and Defendant's defenses in this matter. As originally argued in Defendant's Motion to Compel, this is shown by Plaintiff's own expert witness, who relies significantly on the

fact that Ms. Senseney has been taking Suboxone for more than ten years as a form of "maintenance therapy" to form her conclusions. Defendant's Exhibit 7. The EEOC's attempt to distinguish *Brister* is unconvincing. Just because Dr. Brady is not Ms. Senseney's treating physician and relied on an interview with Ms. Senseney when preparing her report does not negate Defendant's argument that Defendant should be able to discover documents that either confirm or deny Plaintiff's expert's conclusions that Ms. Senseney has used Suboxone for "maintenance therapy" for more than ten years. Federal Rule of Civil Procedure 26 states that the scope of discovery is any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Ms. Senseney's medical records from the time period that she has been taking Suboxone are clearly relevant to Plaintiff's claims as described in Plaintiff's expert report, and Defendant's defenses to those claims. Under the Federal Rules, Plaintiff cannot rely on Ms. Senseney's alleged long-term use of Suboxone while simultaneously prohibiting Defendant from discovering documents related to that alleged long-term use. Therefore, Defendant's Motion to Compel should be granted.

Finally, the EEOC opposes Defendant's request for attorney's fees, arguing that it has a "substantial justification" for opposing Defendant's discovery requests. To support this argument, the EEOC cites to various cases including *Dionisio v. Southern Financial Systems, Inc*, No. 5:21-cv-00068, 2022 WL 2825827, at *9 (S.D. Miss. May 11, 2022). However, *Dionisio* defines "substantial justification" as entailing a "reasonable basis in both law and fact, such that there is a genuine dispute." *Id.* Here, the EEOC's refusal to produce HIPAA authorizations for all of Ms. Senseney's records from her primary care physician, who the EEOC admits treats Ms. Senseney for her disability, and from FMS and OHC, who actively treated Ms. Senseney during the underlying events of this lawsuit, is not based in law or fact. The EEOC's refusal to produce authorizations that will allow Defendant to discover Ms. Senseney's holistic medical records from

these providers is unreasonable. Therefore, the EEOC did not have a substantial justification to refuse to respond to these requests, and attorney's fees should be granted.

Defendant respectfully requests that its Motion to Compel be granted, that the EEOC be compelled to identify Ms. Senseney's medical providers from the time that she "was prescribed an opioid and developed opioid dependency," produce HIPAA authorizations for psychotherapy and non-psychotherapy records for each medical provider identified, and that Defendant be awarded attorney's fees associated with filing this Motion.

THIS the 23rd day of October, 2026.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/David M. Korn*
Mark Fijman (MS Bar 99153)
David M. Korn (pro hac vice)
Caroline E. Perlis (pro hac vice)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504 566 1311
Facsimile: 504 568 9130
Email: fijmanm@phelps.com
Email: kornd@phelps.com
Email: caroline.perlis@phelps.com

Adam Harris (MS Bar 102955)
2602 13th Street, Suite 300
Gulfport, Mississippi 39501
Telephone: 228 679 1130
Facsimile: 228 679 1131
Email: adam.harris@phelps.com

**ATTORNEYS FOR DEFENDANT BOLLINGER SHIPYARDS, LLC**