**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO.: 1:25-CV-00288-TBM-RPM** |
| **BOLLINGER SHIPYARDS, LLC** | **DEFENDANT** |

# DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS RESPONSE IN PARTIAL OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE CASES

**MAY IT PLEASE THE COURT:**

Defendant, Bollinger Shipyards, LLC ("Bollinger" or "Defendant"), respectfully submits this Response in Partial Opposition to Plaintiff's Motion to Consolidate Cases (R. Doc. 38-39). Defendant does not oppose the Equal Employment Opportunity Commission's Motion to Consolidate to the extent that it seeks to consolidate this matter with Civ. Action No. 1:26-cv-00284-HSO-BWR for the purposes of discovery only. However, Defendant opposes the EEOC's Motion to Consolidate to the extent that it seeks to consolidate the two matters for post-discovery purposes, including dispositive motions and trial, for the reasons stated herein.

## I. BACKGROUND

The EEOC filed this action ("Bollinger I") against Defendant in September of 2025 on behalf of *a current Bollinger employee*, Keely Senseney. R. Doc. 1. In this lawsuit, the EEOC alleges that Bollinger discriminated against Ms. Senseney on the basis of her disability (opioid dependence) when Bollinger placed Ms. Senseney on medical leave after Ms. Senseney disclosed that she was prescribed various medications including Adderall and Suboxone. R. Doc. 1. The EEOC specifically brings four causes of action of disability discrimination against Bollinger on

Ms. Senseney's behalf: (1) Disparate Treatment Based on Actual Disability; (2) Disparate Treatment Based on "Record Of" Disability; (3) Disparate Treatment Based on "Regarded As" Disability Discrimination; (4) Disparate Treatment Based on Unlawful Qualification Standard. *See* R. Doc. 1, ¶¶ 35-63. The Parties have undergone significant discovery in this matter, including exchanging written discovery requests and responses. The EEOC has also disclosed its expert witnesses, produced its expert report, and noticed seven (7) depositions in this matter which have since been postponed pending the outcome of the EEOC's Motion to Consolidate. The current discovery deadline in this matter is March 1, 2027, dispositive motions are due by March 15, 2027, and trial is set during a four-week term of court beginning on September 7, 2027. *See* October 22, 2026 Docket Entry.

The EEOC seeks to consolidate this matter with *Equal Employment Opportunity Commission v. Bollinger Shipyards, LLC et al.*, No. 1:26-cv-284-HSO-BWR (S.D. Miss) ("Bollinger II"). The EEOC filed Bollinger II against Bollinger and Bollinger Mississippi Shipbuilding, LLC ("BMS"), on September 30, 2026 – a year after it filed the instant action. In Bollinger II, the EEOC sues on behalf of five *former applicants* for employment with BMS: Jason Tolbert, Ali Dahar, Danielle Reynolds, Matthew Lambert, and Anthony Parker ("former applicants"). *See* Bollinger II, R. Doc. 1. There, the EEOC alleges that Bollinger and BMS discriminated against the former applicants by rescinding the conditional offers of employment extended to each of the former applicants because of their alleged disabilities. Bollinger II, R. Doc. 1, 44. The EEOC does not plead what the former applicants' alleged disabilities are or the medications that the former applicants allegedly were prescribed to treat those disabilities. In Bollinger II, the EEOC brings two causes of action: (1) "Rescission of Offers of Employment on the Basis of Disability in Violation of the ADA" and (2) "Unlawful Use of a Qualification Standard in Violation of the ADA." Bollinger II, R. Doc. 1, ¶¶ 39-56.

In its Motion to Consolidate, the EEOC alleges that Bollinger I and Bollinger II should be consolidated for all purposes, mainly because there are common issues of law and fact between the matters. Defendant does not deny that there are certain common issues of law and fact between Bollinger I and Bollinger II such that consolidation of the two matters for the purpose of discovery could conserve judicial and Party resources. However, Defendant objects to consolidating the matters for purposes of post-discovery motions and trial because there are significant factual and legal differences between Bollinger I and Bollinger II that could cause prejudice to Defendant and the individual Charging Parties if the matters were to be tried together.

## II. STANDARD OF REVIEW

The EEOC asserts its Motion to Consolidate pursuant to Federal Rule of Civil Procedure 42(a). Rule 42(a) states: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any and all matters at issue in the actions; (2) consolidate the actions' or (3) issue any other orders to avoid unnecessary cost or delay."

"Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion." *Miller v. U.S. Postal Service*, 729 F.2d 1033, 1036 (5th Cir. 1984). "Consolidating actions in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that it would avoid unnecessary costs or delay." *St. Bernard General Hospital Inc. v. Hospital Service Association of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 2026). However, "consolidation is improper if it would prejudice the rights of the parties." *Id.* "With broad discretion in determining whether to consolidate actions, federal courts consider many factors, including:

> (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases were tried separately, (5) whether consolidation will conserve judicial resources, (6) whether

> consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately.

*Equal Employment Opportunity Commission v. Faurecia Automotive Seating, LLC*, No. 3:17-cv-757, 2018 WL 3118705, *1-2 (S.D. Miss. Jen. 25, 2018). Under these relevant factors and controlling precedent, Bollinger I and Bollinger II should not be consolidated for purposes of post-discovery motions or trial.

## III. LEGAL ARGUMENT

Bollinger I and Bollinger II should not be consolidated for the purposes of post-discovery motions or trial because there are significant differences in the underlying facts of the matters and legal theories pursued by the EEOC, and consolidation of the two actions for purposes of trial could cause prejudice to Defendant in light of these differences. As previously mentioned, in Bollinger I, the EEOC sues on behalf of a current Bollinger employee, whereas in Bollinger II, the EEOC sues on behalf of five applicants for employment with BMS. In addition to this distinction, the six individuals all applied for different positions, allegedly had different disabilities, and were allegedly prescribed different medications to treat their alleged disabilities. The EEOC de-emphasizes the factual differences between Bollinger I and Bollinger II in its Motion and ignores the fact that these differences could cause prejudice to Defendant if the matters were tried together, especially in light of the types of claims brought by the EEOC.

This Court's jurisprudence supports Defendant's position that Bollinger I and Bollinger II should not be consolidated for purposes of post-discovery motions and trial. For example, in *Equal Employment Opportunity Commission v. Faurecia Automotive Seating, LLC*, two former employees who sued for disability discrimination sought to consolidate their cases with a lawsuit filed by the EEOC on behalf of other former employees of the same and related defendants. *Faurecia*, 2018 WL 3118705 at *1. One of the defendants opposed consolidation, arguing that it



PD.64614606.1

would be prejudiced by a consolidated trial of the actions. The Court agreed, noting that the facts related to the individual former employees were not identical, which would make a consolidated trial confusing for a jury and prejudicial to the defendant. *Id.* at *2-*3. The Court justified its decision to decline to consolidate the matters by stating: "to the extent any risk of inconsistent adjudications exist [if the matters were not consolidated], the risk could be removed by transferring [the individual former employees'] cases to the district judge and magistrate judge assigned to [the EEOC's] case." *Id.* at *3.

Other courts within the Fifth Circuit have ruled similarly when deciding whether to consolidate cases brought by many plaintiffs who all allege discrimination against the same or similar defendants. For example, the United States District Court for the Middle District of Louisiana ruled against consolidation in *Gonzalez v. Lane*, No. 12-00532-BAJ-SCR, 2013 WL 4583547 (M.D. La. 2013). There, multiple individual plaintiffs sued the same defendants for discrimination and wanted to consolidate their suits. The Court declined to consolidate the matters, reasoning that the defendants' "discriminatory acts were effectuated by different actors and took place over the course of multiple years, at different locations, and at different times of the day." *Id.* at *4. The Court further reasoned that even if it was to "consolidate Plaintiffs' individual lawsuits, each Plaintiff would be required to present individual evidence" and that it "would be unreasonable to expect a jury to keep track of each of the eleven Plaintiffs' individual claims, applicable evidentiary standards, facts, testimony, and other evidence." *Id.* The court concluded: "such a trial would undoubtedly result in jury confusion, create a nightmare of jury instruction, and likely result in prejudice to Defendant and individual Plaintiffs." *Id.*

This Court has also approved of consolidating cases for the purpose of discovery but not consolidating cases for purposes of post-trial motions or trial. For example, in *Wells v. Robinson Helicopter Co.*, No. 3:12-CV-564-CWR-FKB, 2013 WL 11836758 (S.D. Miss. 2013), the Court

consolidated two matters which arose from the same events for the purposes of discovery only, acknowledging that the cases would "involve common questions of fact" and "depositions of some of the same people." *Id.* at *2. However, the Court declined the motion to consolidate for purposes of trial without prejudice and held that motions to consolidate for trial or for separate trials could be raised at a later date, prior to the dispositive motion deadline. *Id.*

*Faurecia*, *Gonzalez*, and *Wells* all support Defendant's position that Bollinger I and Bollinger II should not for purposes of post-discovery motions or trial. Like the plaintiffs in *Faurecia* and *Gonzalez*, the EEOC is attempting to consolidate two causes of action that it has brought on behalf of individuals raising individual claims disability discrimination. The EEOC has not sued on behalf of these individuals as a class and will have the burden of proving that Defendant(s) discriminated against each individual charging party. *See Gonzalez*, 2013 WL 4583547 at *4. As stated in *Gonzalez*, the joint trial of the six Charging Parties at issue here would require a jury to keep track of each of these individuals' claims and the evidence that is relevant to each of these claims. Such a consolidated trial could be prejudicial to Defendant, as well as to the individual Charging Parties themselves. Therefore, the EEOC's Motion to Consolidate should be denied to the extent that it seeks consolidation of Bollinger I and Bollinger II for purposes of post-discovery motions and trial.

The EEOC supports its Motion to Consolidate by explicitly addressing certain factors that have been evaluated by this Court when deciding whether to consolidate cases. However, the EEOC's arguments are unconvincing, and the factors actually support Bollinger's position that Bollinger I and Bollinger II should not be consolidated for purposes of post-discovery motions and trial.

First, the EEOC argues that the cases should be consolidated because both matters involve the same Parties and Court. R. Doc. 39, p. 4. Defendant does not dispute that both of the actions

are pending in the United States District Court for the Southern Mississippi. However, as the EEOC acknowledges, Bollinger II was brought against two defendants, Bollinger and BMS, and therefore the Parties in the two actions are not identical. R. Doc. 39, p. 5, n. 4. The EEOC argues that this does "not weigh against consolidation because 'consolidation is not limited to actions involving identical parties…but is available to different parties…in actions having common questions of fact and law," quoting *Troupe v. Barbour*, No. 3:10-CV-153-HTW-MTP, 2016 WL 7650605 (S.D. Miss. Dec. 6, 2016). While the Court in *Troupe* did initially consolidate the two cases at issue there, relying in part on commonality of the Parties, this ruling was later vacated by the Court in *United States v. Mississippi*, 2017 WL 1086234 (S.D. Miss. Mar. 19, 2017). Moreover, *Troupe* did not involve individual claims of discrimination against a corporate defendant and instead involved "a group of Medicaid-eligible children" who claimed that the State of Mississippi "failed to provide them integrated home and community-based services which were medically necessary to address their mental health needs." *Troupe*, 2016 WL 7650605 at *1. The allegations in *Troupe* are distinguishable from the allegations at bar, where the EEOC sues on behalf of individuals who allege that they were discriminated against by Defendants through individual alleged employment actions that they experienced. The EEOC's reliance on *Troupe* is misplaced, and it is inaccurate to say that the Parties in each of the matters are identical. Therefore, this factor weighs against consolidation of Bollinger I and Bollinger II.

Second, the EEOC argues that the cases should be consolidated because both matters involve "identical questions of law." R. Doc. 39, p. 5. Specifically, the EEOC argues that "both cases allege that Bollinger maintained a qualification standard – denial of employment based on use of prescription medication – that unlawfully screened out individuals with disabilities." *Id.* The EEOC draws this alleged qualification standard from Bollinger's medication disclosure policy. *Id.* However, earlier in the EEOC's Motion, the EEOC admits that the medication disclosure policy

applies to *employees* (not applicants). R. Doc. 39, p. 2. The five individuals involved in Bollinger II were applicants for employment, not employees. Therefore, the EEOC's reliance on this alleged policy to show that there are common issues of law is misplaced. Moreover, the EEOC brings various causes of action in each of the two matters that do not overlap. For example, in Bollinger II, the EEOC's main allegation is that Bollinger and BMS rescinded conditional offers of employment extended to the charging parties, whereas this cause of action is not asserted in Bollinger I, nor could it have been, because Ms. Senseney is still actively employed by Bollinger and did not have her employment rescinded. And, as the EEOC admits in its Motion, differences in legal arguments between the two matters will also involve differences between the Charging Parties' disabilities and the medications that they allegedly took for those disabilities. The EEOC's attempt to argue that there are common issues of law by relying on Bollinger's medication disclosure policy is an attempt to distract the Court from the different questions of law raised in Bollinger I and Bollinger II, and is not persuasive. In reality, there are multiple differences in law and fact that weigh in favor of denial of the EEOC's Motion to Consolidate for purposes of post-discovery motions and trial.

Third, the EEOC argues that the cases should be consolidated because they involve "common facts." However, as previously explained, there is an abundance of facts that are not common between the matters. Bollinger I involves a current employee of Bollinger who allegedly struggles with opioid dependence and was allegedly placed on medical leave after she disclosed that she was prescribed Adderall and Suboxone. Bollinger II involves former applicants of BMS whose alleged disabilities and medications are not plead by the EEOC. The EEOC admits in its Motion that these individuals have different disabilities, were taking different medications, and had vastly different employment relationships with Defendant. Moreover, the differences in the individual charging parties' disabilities will likely lead to differences in the expert witnesses

engaged by the Parties with respect to each individual. The EEOC's Motion minimizes that there are many differences of fact in the two underlying actions. This factor therefore also weighs in favor of denial of the EEOC's Motion to Consolidate for purposes other than discovery.

Next, the EEOC argues that consolidation will "avoid confusion, prejudice, and possible inconsistent adjudications" and similarly that consolidation "will create no unfair advantage for the Commission." R. Doc. 39, p. 8. The EEOC relies on *Hawkins v. Cypress Point Apartments, LLC*, No. 3:19-cv-00940, 2021 WL 6773591 (S.D. Miss. Feb. 10, 2021) to support this argument. However, *Hawkins* is distinguishable from the case at bar. In *Hawkins*, the cases that the parties sought to consolidate concerned a robbery and resulting personal injury claims. This is completely different from the cases at bar where the EEOC sues on behalf of six individuals for disability discrimination based out of their alleged individual interactions with Defendants during the hiring and employment processes. Moreover, the Court in *Hawkins* did not present detailed analysis regarding the factors of prejudice and unfair advantage. *See Id.* at *2-*3. As previously explained, matters should not be consolidated if such a consolidation will result in prejudice against a Party. *St. Bernard General Hospital*, 712 F.2d at 989. *Gonzalez* and *Faurecia* show that Defendants in this action will be prejudiced if the Court consolidates the matters for purposes of trial, which could result in jury confusion and difficult jury instructions in light of the EEOC's burden to prove individual employment discrimination against each individual Charging Party. Therefore, under *Gonzalez* and *Faurecia*, this factor weighs in favor of denial of the EEOC's Motion to Consolidate. This risk of prejudice is not outweighed by potential risk of inconsistent findings, which, as the *Faurecia* Court explained, could be minimized by simply transferring Bollinger II to the district judge and magistrate judge assigned to this case. *See Faurecia*, 2018 WL 3118705 at *3.

Finally, the EEOC argues that consolidation will conserve "judicial and party resources and reduce the time for resolving Bollinger II." R. Doc. 39, p. 7-8. While Defendant does not

dispute that judicial and party resources may be conserved by consolidating the two matters for purposes of discovery, the EEOC has not shown that consolidation of the matters for the purposes of post-discovery motions and trial would conserve judicial or party resources. The EEOC attempts to argue that the "same key witnesses involved in Defendant's hiring process, enforcement of the Medication Disclosure Policy, and decision to terminate or rescind employment offers" would have to testify at both trials if the matters are not consolidated. However, Defendants in Bollinger II have not even filed responsive pleadings and the Parties have not undergone any discovery in that could either support or rebut this assumption. Defendant has shown that one trial concerning six charging parties that were all in different positions regarding their employment, had different disabilities, and allegedly disclosed different medications, would not actually be judicially efficient and instead would make trial and jury instructions extremely more complicated. *See Faurecia*, 2018 WL 3118705 at *3. Defendant therefore requests that the Court deny the EEOC's Motion to Consolidate for purposes of post-discovery motions and trial, or, alternatively, deny the EEOC's Motion without prejudice and allow the Parties to re-urge the consolidation of trial at a later date, in accordance with the Court's holding in *Wells*, 2013 WL 11836758.

It is clear that the *Faurecia* factors support a denial of the EEOC's Motion to Consolidate Bollinger I and Bollinger II for the purposes of post-discovery motions and trial. There are significant differences in the underlying facts of these two matters and in the legal claims that the EEOC asserts therein. The differences in these underlying facts and legal theories could cause prejudice to Defendant, and even the individual Charging Parties, if the matters are tried together. Moreover, the EEOC has not shown that consolidation for the purposes of post-discovery motions and trial would conserve judicial and party resources. Therefore, Defendant respectfully requests that the Court deny the EEOC's Motion to Consolidate in part and consolidate the two matters only for the purposes of discovery.

## IV. CONCLUSION

For the reasons stated herein, Defendant does not oppose Plaintiff's Motion to Consolidate to the extent that it seeks to consolidate this matter with Bollinger II for the purposes of discovery. However, Defendant could be prejudiced if the matters were consolidated for purposes of dispositive motions, expert motions, and trial. Therefore, Defendant respectfully requests that this Court deny the EEOC's Motion to Consolidate for the purposes of post-discovery motions and trial.

THIS the 3rd day of November, 2026.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: * /s/ David Korn*

Mark Fijman (MS Bar 99153)
David M. Korn (pro hac vice)
Caroline E. Perlis (pro hac vice)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504 566 1311
Facsimile: 504 568 9130
Email: fijmanm@phelps.com
Email: kornd@phelps.com
Email: caroline.perlis@phelps.com

Adam Harris (MS Bar 102955)
2602 13th Street, Suite 300
Gulfport, Mississippi 39501
Telephone: 228 679 1130
Facsimile: 228 679 1131
Email: adam.harris@phelps.com

**ATTORNEYS FOR DEFENDANT BOLLINGER SHIPYARDS, LLC**