IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>PLAINTIFF,<br><br>v.<br><br>BOLLINGER SHIPYARDS, LLC,<br><br>DEFENDANT. | ) | Civil Action No.<br>1:25-cv-00288-TBM-RPM |

**PLAINTIFF'S REBUTTAL IN SUPPORT OF ITS MOTION TO CONSOLIDATE CASES**

As set forth in Plaintiff's Motion to Consolidate (ECF No. 38), Plaintiff requests consolidation of two cases it filed against Bollinger Shipyards, LLC under the Americans with Disabilities Act (ADA) because they "involve common questions of law and fact" such that consolidation "would avoid unnecessary costs or delay." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983)[1]; *see also Eriakha v. Univ. of Miss.*, 190 F.4th 453, 469 (5th Cir. 2026) ("Our court urges district judges to make good use of Rule 42(a) in order to expedite trial and eliminate unnecessary repetition and confusion, even when a party opposes consolidation.") (internal quotation omitted). As explained more fully in Plaintiff's Motion to Consolidate Cases and accompanying memorandum, consolidating these parallel, related actions would "reduce[] duplication without changing the legal standards governing [the] claims." *See Eriakha*, 190 F.4th at 469. Accordingly, consolidation is warranted under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 42(a)(2) ("If actions before the court involve a

[1] Defendant's memorandum in opposition to Plaintiff's Motion to Consolidate Cases introduces this Fifth Circuit ruling and mistakenly presents it as a 2026 decision. (ECF No. 45, at 3). It was decided on August 22, 1983.

common question of law or fact, the court may . . . consolidate the actions."); *see also* Fed. R. Civ. P. 1 ("These rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Defendant concedes that the matters should be consolidated for purposes of discovery, (ECF No. 44; ECF No. 40, ¶ 6 ("Counsel have met and conferred and agree that consolidation of discovery between the two suits would be appropriate and efficient to conserve party and judicial resources.")). Defendant acknowledges that the actions share "common issues of law and fact." (ECF No. 45, at 3). Defendant objects only "to consolidating the matters for purposes of post-discovery motions and trial." (*Id.*)

Defendant's objection to full consolidation should not be sustained. Defendant has failed to explain why the Court and the Parties should incur the duplicative costs of briefing and deciding parallel post-discovery motions, much less why multiple juries should be empaneled for multiple trials of such fundamentally similar matters. For the reasons explained more fully in Plaintiff's Motion to Consolidate Cases and accompanying memorandum, consolidation will result in common answers to the common factual and legal questions at issue, avoid inconsistent outcomes, and promote judicial economy by avoiding duplicative discovery, motion practice, and trials.

The parties agree that the Court has articulated at least eight considerations relevant to whether to consolidate cases:

> (1) whether the actions are pending before the same court; (2) whether common parties are involved in the cases (3) whether there are common questions of law and/or fact, (4) whether there is a risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately.

(*See* ECF No. 39, at 4 (quoting *United States v. Mississippi*, No. 3:16-cv-622-CWR-FKB, 3:10-cv-153-HTW-LRA, 2017 WL 1086234, at *2 (S.D. Miss. Mar. 19, 2017)[2] (collecting cases)); ECF No. 45, at 3-4 (quoting *EEOC v. Faurecia Automotive Seating, LLC*, No. 3:17-cv-757-DPJ-FKB, 2018 WL 3118705, at *1-2 (S.D. Miss. Jan. 25, 2018)).) Each of the eight factors weighs in favor of consolidation, as explained in Plaintiff's Motion and accompanying memorandum. *See* ECF No. 39 at 4-9.

Defendant rightly acknowledges that these actions share sufficient "common issues of law and fact" to warrant consolidated discovery. (ECF No. 45, at 3.) Each case was filed by the same federal agency, each case is pending in this district, and each case alleges similar violations of the same federal statute. Each case names a common Defendant, Bollinger Shipyards, LLC, and each case alleges that Defendant followed its policy and practice of excluding individuals who disclosed prescriptions Defendant deemed "safety sensitive" from jobs Defendant deemed "safety sensitive" in violation of the ADA. All of these commonalities weigh in favor of consolidating discovery as well as consolidation of all other aspects of the proceedings, including trial.

---

[2] Defendant notes that *United States v. Mississippi* vacated an earlier decision in the case that Plaintiff also cited in its memorandum in support of the Motion. (*See* ECF No. 45 (quoting ECF No. 39, at 5 n.4 (quoting *Troupe v. Barbour*, No. 3:10-cv-153-HTW-MTP, 2016 WL 7650605 (S.D. Miss. Dec. 6, 2016))). In *United States v. Mississippi*, the District Judge noted that "the posture of the *Troupe* case [wa]s vastly different than when consolidation was granted by the Magistrate Judge" and therefore reconsidered consolidation "in light of those changed circumstances" and determined "that the majority of the factors no longer weigh[ed] in favor of consolidation." *Id.* at *3. However, as the District Judge emphasized, the "Magistrate Judge conducted a thorough analysis of the above factors and correctly concluded that most of the factors weighed in favor of consolidation at the time." *Mississippi*, 2017 WL 1086234, at *2. Accordingly, *United States v. Mississippi* did not undermine the *Troupe* decision's analysis of the facts as they existed at the time of the *Troupe* ruling. This court has continued to cite *Troupe*. *See Webb v. SE Grocers, LLC*, No. 3:21-CV-038-HTW-LGI, 2022 WL 610828, at *2 (S.D. Miss. Mar. 1, 2022); *see also Hawkins v. Cypress Point Apartments*, No. 3:19-CV-00939-KHJ-LGI, 2021 WL 6773591, at *2 (S.D. Miss. Feb. 10, 2021). The premise for which Plaintiff offered it—that "consolidation is not limited to actions involving identical parties"—reflects controlling Fifth Circuit authority. *Troupe,* 2016 WL 7650605, at *2 (quoting *Attala Hydratane Gas, Inc. v. Lowry Tims Co.*, 41 F.R.D. 164, 165 (N.D. Miss. 1966) (citing *Williams v. National Surety Corporation*, 257 F.2d 771, 773 (5th Cir. 1958)); *see also St. Bernard Gen. Hosp., Inc.*, 712 F.2d at 989 ("The fact that a defendant may be involved in one case and not the other is not sufficient to avoid consolidation.").

Defendant argues that consolidation is not proper because "it is inaccurate to say that the Parties in each of the matters are identical." (ECF No. 45, at 7.) However, consolidation does not require that each and every party be "identical." *See St. Bernard Gen. Hosp., Inc.*, 712 F.2d at 989 ("The fact that a defendant may be involved in one case and not the other is not sufficient to avoid consolidation."). Rather, the relevant consideration is "whether common parties are involved in the cases." *Mississippi*, 2017 WL 1086234, at *2; *Faurecia*, 2018 WL 3118705, at *2. Here, the single plaintiff in each case is the same government agency. And, in each case, the principal defendant is the same. The only difference between the parties is the addition of Defendant's subsidiary in Bollinger II, and Defendant has offered no reason to believe that its interests in this case and the interests of its subsidiary are not identical or at least substantially similar. Therefore, the commonality of the parties weighs in favor of consolidation.

Defendant next argues that the cases may involve different questions of law as to whether and how the ADA and Defendant's Medication Disclosure Policy apply to a current employee versus post-offer applicants. Defendant's purported distinction is specious, as the EEOC alleges in both actions that Defendant followed the same practice of excluding any person—applicant or employee—who discloses a prescription medication Defendant deems "safety sensitive" from working a job Defendant deems "safety sensitive." Defendant has offered no explanation or authority for its suggestion that different legal standards would apply to the ADA claims presented in each action.

Defendant also argues that the cases should not be consolidated because Bollinger II brings claims on behalf of persons "whose alleged disabilities and medications were not plead[ed] by the EEOC." (ECF No. 45, at 8.) However, Federal Rule of Civil Procedure 8 requires that plaintiffs plead their claims only as a "short and plain statement." Fed. R. Civ. P. 8(a). Defendant knows the

individuals' alleged disabilities and the medications at issue through its interactions with those persons and its participation in the EEOC's administrative investigation, yet Defendant chose not to include those facts in its argument opposing consolidation. Any differences between the individuals' specific disabilities and medications are immaterial in comparison to Defendant's alleged overarching practice of excluding any individual who discloses a prescription it deems "safety sensitive" from jobs it deems "safety sensitive." Indeed, even Defendant concedes that any differences in the cases' facts should not prevent consolidation of the cases during discovery.

Defendant next invokes potential prejudice, but it never explains how it would be prejudiced by full consolidation. It is hardly obvious how a consolidated trial would prejudice Defendant's opposition to the EEOC's claims that it violated the ADA by excluding five post-offer applicants and one employee from work after they disclosed prescriptions deemed "safety sensitive" under its Medication Disclosure Policy. As explained more fully below, the cases cited by Defendant regarding potential prejudice are readily distinguishable. Defendant must offer more than a conclusory claim of potential prejudice to sustain an objection to consolidation.

Finally, Defendant argues that it is premature to predict that the parties and the Court would conserve resources by consolidating these cases for trial. Defendant objects that "one trial concerning six charging parties . . . would not actually be judicially efficient. . . ." (ECF No. 45, at 10.) However, a single trial concerning six parties is plainly more efficient for the parties and the Court than the status quo alternative: one trial for a single claimant (Bollinger I) and a second trial for five more claimants (Bollinger II) on common issues of fact and law. Defendant makes no substantial argument to the contrary. Plaintiff maintains that it would be more efficient for the parties and the Court to prepare for and conduct a single trial and empanel a single jury to hear all

six individuals' claims, rather than seating a second jury and conducting a second trial that could result in inconsistent adjudication of disputed issues.

The cases cited by Defendant do not support its objection to consolidation. Defendant cites *St. Bernard General Hospital* for the premise that consolidation should be denied if it would prejudice a party. (ECF No. 45 at 9). In that case, the Fifth Circuit reversed and remanded for further consideration a district court ruling that had denied consolidation of a trial-ready case and "other cases [that] were still in the discovery stages." *St. Bernard Gen. Hosp.*, 712 F.2d at 990. Here, however, neither action is ready for trial, and even Defendant supports placing the actions on a shared pre-trial schedule through consolidated discovery. No party faces prejudicial delay under the proposed consolidation.

Nor is this case like *EEOC v. Faurecia Automotive Seating, LLC*, No. 3:17-cv-757-DPJ-FKB, 2018 WL 3118705 (S.D. Miss. June 25, 2018). There, the EEOC had filed against the Faurecia entities a "case on behalf of fifteen claimants ('EEOC claimants') who were former hourly employees of Johnson Controls, Inc. ('JCI') at its plant in Madison, Mississippi." *Id.* at 1. The EEOC alleged that "Faurecia failed to hire the EEOC claimants" in violation of the ADA after Faurecia acquired JCI's Madison facility. *Id.* Two private plaintiffs filed separate individual actions under the ADA against both Faurecia and JCI—the entity that had sold the relevant facility to Faurecia—and sought to consolidate their cases with the EEOC's action. *See id.* Both Faurecia and JCI opposed, and the court reasoned that adding two private plaintiffs and a second, unrelated defendant to the action "would cause another round of written discovery and necessitate many, if not all, of the 29 deponents being redeposed." *Id.* at 2. Here, in contrast, the parties have not completed written discovery, or taken any depositions in Bollinger I. Moreover, Defendant

acknowledges that the matters involve "common issues of law and fact" such that they should be consolidated for purposes of discovery. (ECF No. 45, at 3.)

Significantly, in *Faurecia*, the Faurecia defendants had acquired a plant from another corporate entity, JCI. The *Faurecia* court noted that "consolidation would introduce entirely new questions of law and fact" into that litigation, including the private plaintiffs' theory of agency liability against JCI. 2018 WL 3118705 at *2. Here, by contrast, Bollinger Shipyards, LLC has offered no reason to believe its interests will diverge from those of its subsidiary, Bollinger Mississippi Shipbuilding, LLC, over the course of the consolidated proceedings. Nor is there any reason to believe that either Bollinger entity will dispute that it excluded any of the claimants from work for the same fundamental reason—each disclosed a prescription for a medication Defendant deemed "safety sensitive."

The *Faurecia* court also reasoned that consolidation might prejudice the defendant in the second-filed case, JCI, because the individual plaintiffs proposed "drag[ging] JCI into a case with fifteen claimants whose claims are being prosecuted by a federal agency, the EEOC," such that "[c]onsolidation would cause a drastic increase in JCI's cost of defense." *Id.* at 2. No similar potential prejudice exists here. Both Bollinger defendants already face the EEOC's claims on behalf of five individuals in Bollinger II. Consolidating Bollinger II with this action that the EEOC brought on behalf of Ms. Senseney would not "drastically increase" any party's costs. *Cf. id.* at 3. Rather, empaneling a single jury for a trial that will resolve issues related to all six claimants will save time and resources for the parties and the Court compared to holding two separate trials (one for Ms. Senseney and another for the five Bollinger II claimants).

Defendant's reliance on *Gonzalez v. Lane*, No. 12–00532–BAJ–SCR, 2013 WL 4583547 (M.D. La. Aug. 28, 2013) is also misplaced. In *Gonzalez*, eleven separate private plaintiffs asserted

Title VII claims against the defendant on various bases, including "alleged discrimination on the basis of race, sex, and national origin, harassment on the basis of race, sex, and national origin, constructive discharge, and retaliation." *Id.* at *3. As the court noted, "there [was] not one type of claim under Title VII that *all* eleven Plaintiffs share[d]." *Id.* (emphasis in original). Here, by contrast, all of the EEOC's allegations involve the same federal statute (the ADA) and same protected characteristic (disability), all arise from the same facility in Pascagoula, Mississippi, and all result from Defendant's allegedly unlawful practice of categorically excluding individuals who disclose a prescription Defendant deems "safety sensitive" from holding jobs Defendant deems "safety sensitive." Indeed, Defendant concedes that the actions involve sufficient "common issues of law and fact" to warrant consolidated discovery. (ECF No. 45, at 3.) The *Gonzalez* court's decision to deny any consolidation of actions brought by eleven private plaintiffs who alleged different theories of discrimination (including harassment, constructive discharge, and retaliation) based on different protected characteristics that would require different evidentiary standards, *see id.* at *3-*4, has little application to this proceeding. Here, consolidation would simply join the EEOC's ADA claims on behalf of one claimant with the trial of similar ADA claims the EEOC has brought on behalf of five other individuals.

Defendant last relies on *Wells v. Robinson*, but that case involved suits against a helicopter manufacturer that arose from a fatal crash. No. 3:12-cv-564-CWR-FKB, 2013 WL 11836758, at *1 (S.D. Miss. March 15, 2013). There, the owner of the helicopter moved to consolidate his second-filed "action to recover economic damages under the Uniform Commercial Code for breach of warranty" with the first-filed action for wrongful death, personal injury, and loss of consortium that had been brought by the occupants of the helicopter and their spouses. *Id.* The helicopter manufacturer successfully argued that the cases should not be consolidated for trial,

because they appeared to involve causes of actions with different elements, different burdens of proof, and different jury instructions. *See id.* at *1-*2. Nonetheless, the court ordered the cases consolidated for purposes of discovery and left open the possibility of consolidation for trial. *Id.* at *2. The EEOC's ADA actions against Defendant present nothing like the obvious distinctions between a helicopter owner's UCC claims against a manufacturer and crash victims' personal injury and wrongful death claims.

For the foregoing reasons, and for the reasons stated in Plaintiff's Motion to Consolidate Cases and accompanying memorandum, Plaintiff respectfully submits that Bollinger I and Bollinger II should be fully consolidated.

Respectfully submitted, November 9, 2026,

*/s/ Benjamin G. Cain*
Benjamin G. Cain
DC Bar No. 1046636
Assistant Regional Attorney
Equal Employment Opportunity Commission
Jackson Area Office
100 West Capitol Street, Suite 338
Jackson, MS 39269
Telephone: (769) 487-6907
Fax: (601) 714-2202
Email: benjamin.g.cain@eeoc.gov

Wm. Trent Thompson
NY Bar No. 5232525
Trial Attorney
Equal Employment Opportunity Commission
Birmingham District Office
1130 22nd Street South, Suite 2000
Birmingham, Alabama 35205
Telephone: (205) 651-7065
Fax: (205) 212-2041
Email: william.thompson@eeoc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2026, I filed the foregoing Rebuttal in Support of Plaintiff's Motion to Consolidate Cases with the Clerk of Court using the CM/ECF system, which provides electronic notification to all counsel of record.

*/s/ Benjamin G. Cain*
Benjamin G. Cain