UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION — PLAINTIFF

VERSUS — CIVIL ACTION NO. 1:25-CV-288-TBM-RPM

BOLLINGER SHIPYARDS, LLC — DEFENDANT

**ORDER DENYING WITHOUT PREJUDICE**
**MOTION TO COMPEL RESPONSE TO INTERROGATORY**

Before the Court is Plaintiff Equal Employment Opportunity Commission's [30] Motion to Compel Response to Interrogatory. This is a discrimination action brought by Plaintiff on behalf of Keely Senseney, an employee of Defendant Bollinger Shipyards, LLC. Plaintiff alleges that Defendant discriminated against Senseney on the basis of her disability (opioid dependence) when Defendant placed her on medical leave after she disclosed that she was prescribed Adderall and Suboxone.

Plaintiff moves this Court for an order compelling Defendant to serve a complete response to Plaintiff's Interrogatory No. 3. In Interrogatory No. 3, Plaintiff seeks identification of employees who are similarly situated as comparator information. Interrogatory No. 3 provides as follows:

> Identify each employee whom Defendant has placed on leave because of the employee's use of a prescription medication as prescribed between May 1, 2021, and the present. For each such individual, state the individual's name and dates of employment. If any such individual is no longer employed by Defendant, further state the individual's last known phone number and last known mailing address.

[30-1] at 4–5. In response to Interrogatory No. 3, Defendant's objections include that the interrogatory is unduly burdensome, overbroad, and not narrowly tailored. *Id.* at 5. Defendant also objects because Interrogatory No. 3 seeks confidential medical information regarding

employees who are not parties and who have not consented to the disclosure of their private medical information. *Id.* As such, Defendant opposes the motion for these reasons. [35].

The Court "has a wide breadth of discretion in determining all discovery matters." *Pace v. Cirrus Design Corp.*, 636 F. Supp. 3d 714, 722 (S.D. Miss. 2022) (citing *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)). The Federal Rules of Civil Procedure define the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). A party may move for an order compelling disclosure or discovery pursuant to Federal Rule of Civil Procedure 37. "The party moving to compel bears the initial burden of showing that the information sought is relevant, and the burden then shifts to the party resisting discovery to specifically show how each discovery request is not relevant or how each question is overly broad, burdensome or oppressive." *Mills v. UPS Store, Inc.*, No. 3:19-CV-00364-CWR-BWR, 2025 WL 525117, at *2 (S.D. Miss. Feb. 18, 2025).

Relevant to this issue is Defendant's Medication Disclosure Policy, the purpose of which "is to provide a safe working environment for all employees working within safety sensitive positions by having them notify their facility's safety/medical representative when they are taking or prescribed medications (safety sensitive) that could impair their ability to safely perform their job duties and/or operate machinery." [30-2] at 2. The policy defines "Safety Sensitive Position" as a "[p]osition that has exposure to the production environment and/or a position where an employee operates equipment/machinery for greater than 50% of the time within their primary job duties,

and/or a position that requires an employee to drive company owned vehicles regardless of the frequency." *Id.* In addition, the policy defines "Safety Sensitive Medication" as "[a]ny medication that can have the effect of impairing one's ability to perform safety sensitive job duties" and explains that "[t]hese medications are most commonly identified by their side effects such as drowsiness, dizziness, slow reflexes, blurred vision, inability to operate vehicles/machinery, in addition to statements mentioning that individual should monitor how the medications effects [sic] them, etc." *Id.* Senseney, who worked for Defendant as a shipfitter, fell within the scope of this Medication Disclosure Policy and disclosed that she was prescribed Adderall and Suboxone.

After reviewing Interrogatory No. 3 and the parties' arguments, the Court finds that Interrogatory No. 3 seeks relevant and discoverable information. "At the discovery stage, 'relevance is broadly construed" as "encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *McCall v. Sw. Airlines Co.*, No. 3:08-CV-2000-M, 2010 WL 1848484, at *1 (N.D. Tex. May 7, 2010) (quoting *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991)). However, Interrogatory No. 3 is overbroad and not narrowly tailored as written. Interrogatory No. 3 is overbroad and not narrowly tailored to the extent it seeks the identification of <u>all</u> employees placed on leave for use of prescription medication instead of those just working within a "Safety Sensitive Position" as defined by Defendant's Medication Disclosure Policy. At a minimum, employees not working within a "Safety Sensitive Position" do no fall within the scope of Defendant's Medication Disclosure Policy and therefore are not similarly situated to Senseney.[1] Likewise, Interrogatory No. 3 is overbroad and not narrowly tailored to the extent it seeks identification of employees who

[1] The Court notes that Plaintiff offered to narrow the interrogatory to cover only employees who were working in Safety Sensitive Positions. [42] at 3.

were placed on leave for use of any prescription medication instead of those just prescribed "Safety Sensitive Medication" as defined by Defendant's Medication Disclosure Policy.

Moreover, Defendant represents that it currently operates 13 shipyards and that it may have over 1,500 employees at any given time. [35] at 11. In order to compile the requested information, Defendant says it would be forced to examine every employee's personnel file for a period of more than 5 years for all of its facilities. Considering Defendant's representations, the Court finds that Interrogatory No. 3, without being limited to a specific facility or facilities, is unduly burdensome, oppressive, and not proportional to the needs of the case. *See Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978); *Hook v. Sullins & Assocs., L.P.*, No. 3:08-CV-2036-N, 2010 WL 26465, at *1 (N.D. Tex. Jan. 4, 2010). Plaintiff must seek less extensive discovery by narrowing the request.

Along the same lines, the current temporal scope of Interrogatory No. 3 is the period of May 1, 2021, to the present. Thus, Plaintiff requests discovery covering a period of five-and-a-half years. Senseney began working for Defendant in February 2024 and was placed on leave in April 2024. Considering proportionality, the Court has concerns with respect to the temporal scope such as whether the burden or expense of the discovery outweighs its likely benefit.

Plaintiff has indicated it remains willing to negotiate and narrow the interrogatory. [42] at 3. In light of the above, the Court therefore denies the instant motion without prejudice to Plaintiff's ability to re-urge the motion after the parties meet and confer in a good faith effort to narrow the scope of Interrogatory No. 3.[2]

[2] At this time, the Court need not address the objection to Interrogatory No. 3 seeking confidential medical information, but the Court reserves the right to address the objection if the motion is re-urged.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff Equal Employment Opportunity Commission's [30] Motion to Compel Response to Interrogatory is DENIED without prejudice.

SO ORDERED AND ADJUDGED, this the 23rd day of November 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE